Gregory M. Nespole (GN-6820)
Thomas H. Burt (TB- 7601)
Laurence J. Hasson (LH-5834)
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
Attorneys for Plaintiffs
270 Madison Avenue
New York, New York 10016
(212) 545-4600

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LARRY FREUDENBERG, individually and on Behalf of All Others Similarly Situated, | ECF CASE |
| Plaintiff(s), | Civil Action No. 07-8538 (RWS) |
| -against- | CLASS ACTION |
| E*TRADE FINANCIAL CORPORATION, MITCHELL H. CAPLAN, and ROBERT J. SIMMONS, | |
| Defendant(s). | |

(Captions Continued...)

**DECLARATION OF GREGORY M. NESPOLE IN SUPPORT OF FIRST DERIVATIVE TRADERS LP AND ROBERT AND JESSICA GRANT'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFFS, AND APPROVAL OF LEAD PLAINTIFFS' SELECTION OF LEAD COUNSEL**

WILLIAM BOSTON, Individually and On Behalf of All Others Similarly Situated,

    Plaintiff(s),

-against-

E*TRADE FINANCIAL CORPORATION, MITCHELL H. CAPLAN, and ROBERT J. SIMMONS,

    Defendant(s).

ECF CASE

Civil Action No.  07-8808 (RWS)

CLASS ACTION

ROBERT D. THULMAN, Individually and On Behalf of All Others Similarly Situated,

    Plaintiff(s),

-  against –

E*TRADE FINANCIAL CORPORATION, MITCHELL H. CAPLAN, and ROBERT J. SIMMONS,

    Defendants.

ECF CASE

Civil Action No. 07-9651 (RWS)

CLASS ACTION

I, Gregory M. Nespole, hereby declare:

1.    I am a partner of the law firm of Wolf Haldenstein Adler Freeman & Herz LLP. I submit this Declaration in support of First Derivative Traders LP ("First Derivative") and Robert and Jessica Grant's (the "Grants") motion for consolidation, appointment as Lead Plaintiffs, and approval of their selection of Wolf Haldenstein Adler Freeman & Herz LLP as Lead Counsel.

2.    Attached hereto as Exhibit 1 is a true and correct copy of the notice of pendency published on Business Wire on October 2, 2007.

3.    Attached hereto as Exhibit 2 is a true and correct copy of declarations executed by both First Derivative and the Grants, which demonstrate their class standing and requisite financial interest in the outcome of the litigation.

4.    Attached hereto as Exhibit 3 is a true and correct copy of the firm resume of Wolf Haldenstein Adler Freeman & Herz LLP.

5.    Attached hereto as Exhibit 4 is a true and correct copy of the [Proposed] Order Consolidating the Actions, Appointing Lead Plaintiffs, and Approving Lead Plaintiffs' Selection of Lead Counsel.

Signed under penalty of perjury this 3rd day of December 2007.


_____/s/_____
Gregory M. Nespole, Esq.


495112

2

# EXHIBIT 1

Make Y! your home page          Search:                    **Web Search**

# YAHOO! FINANCE

Sign In          Finance Home - Help
New User? Sign Up

**Business Wire**

**Welcome** [Sign In]

**Financial News**

To track stocks & more, Register

Enter symbol(s) [          ]  [ Basic ▼ ]  [ Get ]  Symbol Lookup

**Press Release**                    Source: Coughlin Stoia Geller Rudman & Robbins LLP

## Coughlin Stoia Geller Rudman & Robbins LLP Files Class Action Suit against E*TRADE Financial Corporation

Tuesday October 2, 6:37 pm ET

NEW YORK--(BUSINESS WIRE)--Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") (http://www.csgrr.com/cases/etrade/) today announced that a class action has been commenced in the United States District Court for the Southern District of New York on behalf of purchasers of the common stock of E*TRADE Financial Corporation ("E*TRADE" or the "Company") (NASDAQ: ETFC - News) between December 14, 2006 and September 25, 2007, inclusive (the "Class Period"), seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").

If you wish to serve as lead plaintiff, you must move the Court no later than 60 days from today. If you wish to discuss this action or have any questions concerning this notice or your rights or interests, please contact plaintiff's counsel, Samuel H. Rudman or David A. Rosenfeld of Coughlin Stoia at 800/449-4900 or 619/231-1058, or via e-mail at djr@csgrr.com. If you are a member of this class, you can view a copy of the complaint as filed or join this class action online at http://www.csgrr.com/cases/etrade/. Any member of the purported class may move the Court to serve as lead plaintiff through counsel of their choice, or may choose to do nothing and remain an absent class member.

The complaint charges E*TRADE and certain of its officers and directors with violations of the Exchange Act. E*TRADE, through its subsidiaries, offers financial solutions to retail and institutional customers worldwide. In addition, the Company offers mortgage, home equity, and margin and credit card products; real estate loans; and various consumer loans, including recreational vehicle, marine, commercial, automobile, and credit card loans.

According to the complaint, during the Class Period, defendants issued materially false and misleading statements that misrepresented and failed to disclose: (a) that the Company was experiencing a rise in delinquency rates in its mortgage and home equity portfolios; (b) that the Company failed to timely record an impairment on its mortgage and home equity portfolios; (c) that the Company's securities portfolio, which includes assets backed by mortgages, was materially overvalued; and (d) that based on the foregoing, Defendants' positive statements about the Company's earnings and prospects were lacking in a reasonable basis at all times.

On September 17, 2007, the Company announced that it will exit the wholesale mortgage and it is revising its guidance for 2007, among other things. Upon this news, shares of the Company's stock fell $2.32 per share, or over 15%, over the next six trading days as the investing public digested the news.

Plaintiff seeks to recover damages on behalf of a Class consisting of all persons other than Defendants who purchased the common stock of E*TRADE between December 14, 2006 and September 25, 2007, inclusive, seeking to pursue remedies under the Exchange Act. The plaintiff is represented by Coughlin Stoia, which has expertise in prosecuting investor class actions and extensive experience in actions involving financial fraud.

Coughlin Stoia, a 180-lawyer firm with offices in San Diego, San Francisco, Los Angeles, New York, Boca Raton, Washington, D.C., Houston and Philadelphia, is active in major litigations pending in federal and state courts throughout the United States and has taken a leading role in many important actions on behalf of defrauded investors, consumers, and companies, as well as victims of human rights violations. Coughlin Stoia lawyers have been responsible for more than $45 billion in aggregate recoveries. The Coughlin Stoia Web site (http://www.csgrr.com) has more information about the firm.

*Contact:*

```
Coughlin Stoia Geller Rudman & Robbins LLP
Samuel H. Rudman, 800-449-4900
David A. Rosenfeld
djr@csgrr.com
```

Source. Coughlin Stoia Geller Rudman & Robbins LLP

---

Copyright © 2007 Yahoo! Inc. All rights reserved. Privacy Policy - Terms of Service - Copyright Policy - Ad Feedback
Copyright © 2007 Business Wire. All rights reserved. All the news releases provided by Business Wire are copyrighted. Any forms of copying other
than an individual user's personal reference without express written permission is prohibited. Further distribution of these materials by posting,
archiving in a public web site or database, or redistribution in a computer network is strictly forbidden

# EXHIBIT 2

Gregory M. Nespole (GN-6820)
Thomas H. Burt (TB-7601)
Laurence J. Hasson (LH-5834)
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
Attorneys for Plaintiffs
270 Madison Avenue
New York, New York 10016
(212) 545-4600

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LARRY FREUDENBERG, individually and on Behalf of All Others Similarly Situated, | ECF CASE |
| Plaintiff(s), | Civil Action No. 07-8538 (RWS) |
| -against- | CLASS ACTION |
| E*TRADE FINANCIAL CORPORATION, MITCHELL H. CAPLAN, and ROBERT J. SIMMONS, | |
| Defendant(s). | |

(Captions Continued. . .)

**DECLARATION OF ROBERT GRANT IN SUPPORT OF THE MOTION
TO APPOINT THE GRANTS AND FIRST DERIVATIVE TRADERS LP LEAD
PLAINTIFFS AND THE SELECTION OF LEAD COUNSEL**

WILLIAM BOSTON, Individually and On Behalf of All Others Similarly Situated,

Plaintiff(s),

-against-

E*TRADE FINANCIAL CORPORATION, MITCHELL H. CAPLAN, and ROBERT J. SIMMONS,

Defendant(s).

ECF CASE

Civil Action No.   07-8808 (RWS)

CLASS ACTION

---

ROBERT D. THULMAN, Individually and On Behalf of All Others Similarly Situated,

Plaintiff(s),

-    against –

E*TRADE FINANCIAL CORPORATION, MITCHELL H. CAPLAN, and ROBERT J. SIMMONS,

Defendants.

ECF CASE

Civil Action No. 07-9651 (RWS)

CLASS ACTION

2

I, **Robert Grant**, duly declare as follows:

1.      I am married to Mrs. Jessica Grant. We maintain accounts both separately and jointly through which we invest in securities. I am authorized to act on behalf of my wife in connection with this matter.

2.      I have personal knowledge of the facts set forth herein and, if called as a witness, would testify competently thereto. This declaration is made in support of our Motion for an Order Appointing the Grants and First Derivative Traders LP ("First Derivative"), Lead Plaintiffs (the "Motion"). We further seek an order appointing Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") Lead Counsel.

3.      My wife and I acquired E*Trade Financial Corporation ("E*Trade" or the "Company") securities during the Class Period and suffered substantial economic damages as a result. Specifically during the Class Period, we purchased 174,035 shares and sold 169,260 shares of E*Trade. The day after the Class Period, we sold our remaining 4,775 shares As a result, we incurred a loss of approximately $180,794.32

4.      I reviewed one of the pleadings alleging claims against E*Trade and discussed the case with Greg Nespole and Thomas Burt of Wolf Haldenstein. I have confidence in their abilities and consented to their pursuing this case on behalf of my family.

5.      I have discussed this case and my responsibilities as Lead Plaintiff extensively with Mr. Burt and was represented by Mr. Burt and his firm in a prior matter. I previously was appointed as Lead Plaintiff of a class of investors who acquired non-publicly traded Bisys securities in the matter of *In re Bisys Securities Litigation,* Case No. 04-CV-05668, filed in the Southern District of New York.

6.    Explicitly reserving my rights under the attorney client privilege to maintain my conversations with my counsel confidential, I am advised by counsel that I may state in this declaration that I understand that Lead Counsel owes a fiduciary duty to all members of the proposed Class to provide fair and adequate representation.

7.    I also understand and have knowledge of the requirements and responsibilities of a Lead Plaintiff in a securities class action governed by the applicable federal law. I understand that I have a fiduciary duty to the class and a responsibility to act in the Class' best interests. I understand that it is my responsibility to remain informed at all times concerning the status and progress of this action, the strengths and weaknesses of the case, and the prospects for any resolution of this matter.

8.    I also know that my wife and I are moving for Lead Plaintiff together with First Derivative, an institutional investor located in Wynnewood, PA that is operated by First Derivative Management LLC.

9.    I have conferred with Mr. Sherman Frager ("Frager") via conference call, along with our counsel, concerning the litigation and the benefits of a large individual investor joining forces with an institutional investor to prosecute the case.

10.    I will consult with Mr. Frager and with our chosen counsel in advance of each major litigation event, such as important motions, settlement discussions, trial preparation and trial, and shall have the authority and responsibility to direct counsel with respect to each of these events after receiving the benefits of Lead Counsel's advice. In addition, we will meet or otherwise communicate via telephone or via written correspondence at least quarterly amongst ourselves and Lead Counsel for status updates. We will communicate as often as is necessary to ensure the vigorous and efficient prosecution of this case.

4

11.    I understand that I have the right to select counsel as part of the lead plaintiff process.   In connection therewith, I have made a considered judgment in retaining Wolf Haldenstein as Lead Counsel.   I believe that the firm possesses extensive experience in prosecuting complex securities class actions and has the resources necessary to prosecute this action.   In particular, I believe that Mr. Nespole, Mr. Burt, and their colleagues possess a firm grasp of the issues surrounding sub-prime lending and the investments by financial institutions in securities backed by subprime mortgages.   Mr. Nespole and Mr. Burt also have substantial experience litigating cases in the Southern District of New York.

12.    Moreover, I contacted Wolf Haldenstein on my own initiative to initiate my role in the case, rather than having been directly contacted by the attorneys and asked to serve in a lead plaintiff capacity.

13.    I have discussed attorneys' fees with counsel and understand that they will be compensated on a contingency basis, and further understand that they will receive only what the Court awards them on successful result of the litigation, as Counsel's portion of the recovery.

14.    In addition, I am aware that it may be necessary, and I am willing if the need arises, to travel in connection with this litigation.

15.    I believe that Mr. Frager and my family have implemented sufficient procedures to provide for efficient prosecution of the action, including a regular schedule to discuss and evaluate the action as it progresses.

16.    My wife and I further stand ready to serve as Lead Plaintiffs without any other person or institution should the Court decide that it is disinclined to appoint a group.

17.    I have enjoyed a prosperous professional career.   After an education at the Citadel, I built an insurance brokerage from the ground up, which I sold to a larger firm several

years ago.  Presently, I am retired but actively managing my investments.  I possess the energy,

willingness, and experience to assist the Class and my chosen counsel to seek redress for harm

done to E*trade shareholders

18.    I declare under penalty of perjury under the laws of the United States of America

that the foregoing is true and correct.

Executed on:

December 3, 2007

_____
Robert Grant

495268

Gregory M. Nespole (GN-6820)
Thomas H. Burt (TB-7601)
Laurence J. Hasson (LH-5834)
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
Attorneys for Plaintiffs
270 Madison Avenue
New York, New York 10016
(212) 545-4600

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LARRY FREUDENBERG, individually and on Behalf of All Others Similarly Situated, | ECF CASE |
| Plaintiff(s), | Civil Action No. 07-8538 (RWS) |
| -against- | CLASS ACTION |
| E*TRADE FINANCIAL CORPORATION, MITCHELL H. CAPLAN, and ROBERT J. SIMMONS, | |
| Defendant(s). | |

(Captions Continued. . .)

**DECLARATION OF SHERMAN FRAGER IN SUPPORT OF THE MOTION TO
APPOINT FIRST DERIVATIVE TRADERS LP AND ROBERT AND JESSICA GRANT
LEAD PLAINTIFFS AND THE SELECTION OF LEAD COUNSEL**

WILLIAM BOSTON, Individually and On Behalf of All Others Similarly Situated,

Plaintiff(s),

-against-

E*TRADE FINANCIAL CORPORATION, MITCHELL H. CAPLAN, and ROBERT J. SIMMONS,

Defendant(s).

ECF CASE

Civil Action No.   07-8808 (RWS)

CLASS ACTION

ROBERT D. THULMAN, Individually and On Behalf of All Others Similarly Situated,

Plaintiff(s),

-   against –

E*TRADE FINANCIAL CORPORATION, MITCHELL H. CAPLAN, and ROBERT J. SIMMONS,

Defendants.

ECF CASE

Civil Action No. 07-9651 (RWS)

CLASS ACTION

2

I, **Sherman Frager**, duly declare as follows:

1.     I am Managing Member of the First Derivative Management LLC which is the general partner of First Derivative Traders LP ("First Derivative"). First Derivative invests in securities accounts through proprietary trading accounts. I am authorized to act on behalf of First Derivative in connection with this matter.

2.     Either individually, or coupled with Robert and Jessica Grant (together, the "Grants"), I believe First Derivative possesses the largest financial interest in the outcome of this litigation of any relevant movant for lead plaintiff. I have personal knowledge of the facts set forth herein and, if called as a witness, would testify competently thereto.

3.     This declaration is made in support of First Derivative's Motion for an Order Appointing First Derivative and the Grants as Lead Plaintiffs (the "Motion"). First Derivative further seeks an order appointing Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") as Lead Counsel.

4.     First Derivative engaged in transactions of E*Trade Financial Corporation ("E*Trade" or the "Company") securities during the Class Period.

5.     During the Class Period, First Derivative purchased 206,304 shares of E*Trade; it sold 125,481 shares of E* Trade; and retained 80,823 shares of E* Trade subsequent to the Class Period. First Derivative also purchased 8,600 shares of E*Trade preferred stock during the Class Period and sold 5,644 of those shares. It retained 2,956 of those preferred shares. As a consequence of these transactions, First Derivative incurred a loss of $375,556.85.

6.     I have reviewed one of the complaints filed in this action and discussed the case with Greg Nespole, a Wolf Haldenstein partner. I have also discussed this litigation with Marc Henzel, an attorney in Bala Cynwyd, PA concerning this litigation. I am thus familiar with the

allegations therein, and authorized my counsel to take the necessary steps to prosecute this action.

7.    Explicitly reserving my rights under the attorney client privilege to maintain my conversations with my counsel confidential, I am advised by counsel that I may state in this declaration that I understand that Lead Counsel owes a fiduciary duty to all members of the proposed Class to provide fair and adequate representation.

8.    I also understand and have knowledge of the requirements and responsibilities of a Lead Plaintiff in a securities class action governed by the applicable federal law.  I understand that I have a fiduciary duty to the class and a responsibility to act in the Class's best interests.  I understand that it is my responsibility to remain informed at all times concerning the status and progress of this action, the strengths and weaknesses of the case, and the prospects for any resolution of this matter.  I am familiar with these duties because First Derivative was appointed lead plaintiff in *In Re Mutual Fund Investment Litigation*, Civil Action No. 04-MD-15863, pending in the United States District Court for the District of Maryland.

9.    I know that First Derivative is moving to be appointed lead plaintiff with the Grants, a large individual investor consisting of a husband and wife.

10.   I have conferred with Mr. Grant via conference call, along with our counsel, concerning the litigation and the benefits of a large individual investor joining forces with an institutional investor to prosecute the case.

11.   I will consult with Mr. Grant and with our chosen counsel in advance of each major litigation event, such as important motions, settlement discussions, trial preparation and trial, and shall have the authority and responsibility to direct counsel with respect to each of these events after receiving the benefits of Lead Counsel's advice.  In addition, we will meet or

otherwise communicate via telephone or via written correspondence at least quarterly amongst ourselves and Lead Counsel for status updates. We will communicate as often as is necessary to ensure the vigorous and efficient prosecution of this case.

12.    I understand that I have the right to select counsel as part of the lead plaintiff process.   In connection therewith, I have made a considered judgment in retaining Wolf Haldenstein as lead counsel.   I believe that the firm possesses extensive experience in prosecuting complex securities class actions and has the resources necessary to prosecute this action.  In particular, I believe that Mr. Nespole, and his colleagues possess a firm grasp of the issues surrounding subprime lending and the investments by financial institutions in securities backed by subprime mortgages.  Mr. Nespole also has substantial experience litigating cases in the Southern District of New York.

13.    Moreover, I contacted counsel on my own initiative to initiate my role in the case, rather than having been directly contacted by the attorneys and asked to serve in a lead plaintiff capacity.

14.    I have discussed attorneys' fees with counsel and understand that they will be compensated on a contingency basis, and further understand that they will receive only what the Court awards them on successful result of the litigation, as Counsel's portion of the recovery.

15.    In addition, I am aware that it may be necessary, and I am willing if the need arises, to travel in connection with this litigation.

16.    I believe that the Grants and First Derivative have implemented sufficient procedures to provide for efficient prosecution of the action, including a regular schedule to discuss and evaluate the action as it progresses.

17.     First Derivative further stands ready to serve as Lead Plaintiff without any other person or institution should the Court decide that it is disinclined to appoint a group.

18.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on:

December 3rd, 2007

**Sherman Frager**

495349

# EXHIBIT 3



FIRM
RESUME

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP

# WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP




Founded in 1888, Wolf Haldenstein Adler Freeman & Herz LLP is a full service law firm with practice groups in corporate/tax, pension/benefits, real estate, trusts and estates, healthcare, bankruptcy, limited partnerships, and civil and commercial litigation, with a particular specialty in complex class and shareholder litigation under both federal and state law.

Wolf Haldenstein's total practice approach, supported by the Firm's mid-range size, distinguishes the Firm from other firms. Our longstanding tradition of a close attorney/client relationship ensures that each one of our clients receives prompt, individual attention and does not become lost in an institutional bureaucracy. Our team approach is at the very heart of Wolf Haldenstein's practice. All of our lawyers are readily available to all of our clients and to each other. The result of this approach is that we provide our clients with an efficient legal team having the broad perspective, expertise and experience required for any matter at hand. We are thus able to provide our clients with cost effective and thorough counsel focused on our clients' overall goals.

The Firm has its principal office with lawyers in the various practice areas, at 270 Madison Avenue, New York, NY 10016. The Firm's general telephone number in New York is (212) 545-4600. The fax number in New York is (212) 545-4653. The Firm also has offices at Symphony Towers, 750 B Street, Suite 2770, San Diego, CA 92101, telephone: (619) 239-4599, fax: (619) 234-4599; 55 W. Monroe Street, Suite 1111, Chicago, IL 60603, telephone: (312) 984-0000, fax: (312) 984-0001; and 625 N. Flagler Drive, West Palm Beach, Florida 33401. The Firm's web site is accessible at http://www.whafh.com.





## THE FIRM

Wolf Haldenstein's Class Action Litigation Group has been recognized by courts throughout the country as being highly experienced in complex litigation, particularly with respect to securities, consumer, ERISA, and antitrust class actions and shareholder rights litigation. The Class Action Litigation Group consists of 30 attorneys and 10 paraprofessional assistants. Brief resumes of these attorneys begin on page 12.

Also included are the resumes of attorneys from other areas of the Firm's practice who routinely lend their expertise to the Firm's class action litigators in the areas of tax, bankruptcy, corporate, trusts, labor, and ERISA law. The ability to call upon the internal expertise of practitioners in such varied areas of the law greatly enhances the strength and efficiency of the Firm's representative litigation practice and, indeed, makes Wolf Haldenstein unique among national firms specializing in class action litigation.

The nature of the Firm's activities in representative litigation is extremely broad. In addition to a large case load of securities fraud and other investor class actions, Wolf Haldenstein has represented classes of corn farmers in connection with the devaluation of their crops; contact lens purchasers for contact lens manufacturers' violations of the antitrust laws; merchants compelled to accept certain types of debit cards; insurance policyholders for insurance companies' deceptive sales practices; victims of unlawful strip searches under the civil rights laws; and various cases involving violations of Internet users' on-line privacy rights.

The Firm's experience in class action securities litigation, in particular public shareholder rights under state law and securities fraud claims arising under the federal securities laws and regulations, including the Private Securities Litigation Reform Act of 1995 ("PSLRA"), is particularly extensive. The Firm was one of the lead or other primary counsel in securities class action cases that have recouped billions of dollars on behalf of investor classes, in stockholder rights class actions that have resulted in billions of dollars in increased merger consideration to shareholder classes, and in derivative litigation that has recovered billions of dollars for corporations.

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP



Among its colleagues in the plaintiffs' securities bar, as well as among its adversaries in the defense bar, Wolf Haldenstein is known for the high ability of its attorneys, the exceptionally high quality of its written and oral advocacy on behalf of class action clients, and its pioneering efforts in difficult or unusual areas of securities or investor protection laws, including: groundbreaking claims that have been successfully brought under the Investment Company Act of 1940 regarding fiduciary responsibilities of investment companies and their advisors toward their shareholders; claims under ERISA involving fiduciary duties of ERISA trustees who are also insiders in possession of adverse information regarding their fund's primary stockholdings; the fiduciary duties of the directors of Delaware corporations in connection with change of control transactions; the early application of the fraud-on-the-market theory to claims against public accounting firms in connection with their audits of publicly traded corporations; and the application of federal securities class certification standards to state law claims often thought to be beyond the reach of class action treatment.

Wolf Haldenstein's performance in representative litigation has repeatedly received favorable judicial recognition. The following representative judicial comments over two decades indicate the high regard in which the Firm is held:

- In *In re Comdisco Sec. Litig.*, No. 01 C 2110 (July 14, 2005), Judge Milton Shadur recently observed: "It has to be said . . . that the efforts that have been extended [by Wolf Haldenstein] on behalf of the plaintiff class in the face of these obstacles have been exemplary. And in my view [Wolf Haldenstein] reflected the kind of professionalism that the critics of class actions . . . are never willing to recognize. . . . I really cannot speak too highly of the services rendered by class counsel in an extraordinary difficult situation."

- In *In re MicroStrategy Securities Litigation*, 150 F. Supp. 2d 896, 903 (E.D. Va. 2001), where the Firm was a co-lead counsel, Judge Ellis commented: "Clearly, the conduct of all counsel in this case and the result they have achieved for all of the parties confirms that they deserve the national recognition they enjoy."

- In *In Re Toys R Us Antitrust Litigation*, 98 MDL 1211 (NG) 191 F.R.D. 347, 351, 356 (E.D.N.Y. 2000), where the Firm served as co-lead and liaison counsel, Judge Gershon wrote: "Class counsel are highly skilled and experienced and can fairly and adequately represent the interests of the class

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP

. . . . Counsel for both the class plaintiffs and the States have well-earned the compensation that they request."



- In *Yud v. Saf T Lok*, No. 98-8507-Civ-Hurley (S.D. Fla. Dec. 15, 1999), where the Firm was sole lead counsel, the court stated: "The attorneys have done an outstanding amount of work and fine legal work in a short period of time to bring this class action to resolution in a successful fashion."



- In *Kurzweil v. Philip Morris Companies*, 94 Civ. 2373, 94 Civ. 2546 (MBM) (S.D.N.Y. Nov. 13, 1998), where the Firm was sole lead counsel, now Chief Judge Mukasey, in approving a $116.5 million settlement stated: "In this case, this represents a lot of good, hard, serious work by a lot of talented lawyers and I appreciate it on both sides."



- In *Paramount Communications v. QVC Network Inc.; In re Paramount Communications Inc. Shareholders' Litigation*, 637 A.2d 34, 37 n.2 (Sup. Ct. Del. 1994), where the Firm was co-lead counsel for the Paramount shareholders, the Supreme Court of Delaware noted "its appreciation of . . . the professionalism of counsel in this matter in handling this expedited litigation with the expertise and skill which characterize Delaware proceedings of this nature." The Court further "commended the parties for their professionalism in conducting expedited discovery, assembling and organizing the record, and preparing and presenting very helpful briefs, a joint appendix, and oral argument."

- In *In re Laser Arms Corp. Securities Litigation*, 794 F. Supp. 475, 496 (S.D.N.Y. 1989), where the Firm was lead counsel, the Court stated "plaintiffs' counsel have demonstrated their experience in securities litigation and the Court is confident that counsel will proceed vigorously on behalf of all class and subclass members."

- In *In re Public Service Co. of Indiana Derivative Litigation*, 125 F.R.D. 484, 486 (S.D. Ind. 1988), concerning the construction of the Marble Hill Nuclear Power Plant, where the Firm was lead counsel, the court said: "Throughout the life of this litigation, it has been both vigorously prosecuted and aggressively defended by thoroughly competent counsel on all sides."

- In *In re Public Service Co. of New Hampshire Derivative Litigation*, 84-220-D (D.N.H. 1986), involving the construction of the Seabrook Nuclear Power Plant, where the Firm was lead counsel, the court said of plaintiffs' counsel that "the skill required and employed was of the highest caliber."

- In *In re Warner Communications Securities Litigation*, 618 F. Supp. 735, 749 (S.D.N.Y. 1985), where the Firm served as co-lead counsel, the court noted the defendants' concession that "'plaintiffs' counsel constitute the

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP

cream of the plaintiffs' bar.' The Court cannot find fault with that characterization."

- In *Steiner v. Equimark Corp.*, No. 81-1988 (W.D. Pa. 1983), a case involving complex issues concerning banking practices in which the Firm was lead counsel, then District Judge Mannsman described, in part, the work the Firm performed:





> We look at the complexity of the issue, the novelty of it, the quality of work that, as the trial judge, I am able to perceive, and then, finally, the amount of recovery obtained: I think I have certainly said a lot in that regard. I think it's been an extraordinary case. I think it's an extraordinary settlement. Certainly defense counsel and plaintiffs' counsel as well are all experienced counsel with a tremendous amount of experience in these particular kinds of cases. And under those circumstances . . . I think it was, really, the strategy and ingenuity of counsel in dividing up the workload and strategizing the cases as to who was to do what and what ultimately should be done to bring about the settlement that was achieved.

## CURRENT CASES

Wolf Haldenstein is a leader in the class action litigation field and is currently the court-appointed lead counsel, co-lead counsel, or executive committee member in some of the largest and most significant class action lawsuits currently pending across the United States, including:

- *In re Initial Public Offering Securities Litigation*, 21 MC 92 (SAS) (S.D.N.Y.).

- *In re Initial Public Offering Antitrust Litigation*, 01 CV 2014 (WHP) (S.D.N.Y.); Dismissal reversed by *Billing, et al. v. Credit Suisse First Boston LTD.*, et al., Docket Nos. 03-9284L & 03-9288CON, 2005 U.S. App. LEXIS 21019 (2d Cir. Sept. 28, 2005).

- *J.P. Morgan Chase Securities Litigation, (Blau v. Harrison)*, Civ. No. 04 C 6592 (N.D. Ill.).

- *In Re Hansen Natural Corporation Securities Litigation*, Case No. CV 06-7599 JFW (PLAx) (M.D. Cal).

6







- *In re Collins & Aikman Corp. Sec. Litigation*, 06-cv-13555-AJT-VMM (E.D. Mich.).

- *Spagnola v. Kilrea, et al.*, (HA-LO, Inc.) 02 C 0270 (N.D. Ill.).

- *In re Globalstar Securities Litigation*, Case No. 01-CV-1748 (SHS) (S.D.N.Y.).

- *In re Acclaim Entertainment, Inc., Securities Litigation*, C.A. No. 03-CV-1270 (E.D.N.Y.).

- *Johnson v. Aegon USA, Inc.*, 1-02-CV-2617-CAP (N.D. Ga.).

- *In re Sepracor Inc. Securities Litigation*, Civ. No. 02-12338 (MEL) (D. Mass.).

- *In re CNL Hotels & Resorts, Inc. Securities Litigation*, No. 6:04-cv-1231 (Orl-31).

- *Bamboo Partners LLC v. Robert Mondavi Corp.*, No. 26-27170 (Cal. Sup. Ct.).

- *Lewis v. CNL Restaurant Properties*, No. 05-00083-F (Tex. Dist. Ct.).

- *In re Adelphia Communications Corp. Securities and Derivative Litigation* ("Adelphia Business Actions"), 03-ML 1529, 03 CV 5755 (LMM) (S.D.N.Y.).

- *In re Iridium Securities Litigation*, C.A. No. 99-1002 (D.D.C.).

- *Rosenbaum Capital LLC v. Boston Communications Group, Inc. et al.*, 1:05-cv-11165 (D. Mass).

- *In re Transkaryotic Therapies, Inc., Securities Litigation*, C.A. No. 03-10165-RWZ (D. Mass).

- *In re MCI Communications Corp. Securities Litig.*, 97-CV-1976 (RWR) (D.D.C.).

- *In re Ventro Corporation Securities Litigation*, Master File No. Civ. 01-1287 SBA (N.D. Cal.).

- *In re Loral Space & Communications Shareholders' Securities Litigation*, 03 Civ. 8262 (JES) (S.D.N.Y).

- *In re LNR Property Corp. Shareholder Litigation*, Consolidated C.A. No. 647-N (Del. Ch. Ct.).

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP

- *In re Triad Hospitals, Inc. Shareholder Litigation*, Case No. 296-00435-07 (Tex. 296th Dist. Ct.).

- *Station Casinos Shareholder Litigation*, Master Case No. A 532367.

- *Swift Transportation Company Shareholder Litigation*, Case No. A519396 (Nev.).

- *In re Harrah's Entertainment Inc. Shareholder Litigation*, Consolidated Class Action No. 2453-N (Del. Ch.).

- *In re TXU Shareholder Litigation*, Consolidated Case No. 07-01707 (Tex. 44th Dist. Ct.).

- *In re EGL, Inc. Shareholder Litigation*, Cause No. 2007-00139 (Tex. 125th Dist. Ct.).

- *Clear Channel Shareholder Litigation*, Cause No. 2006-CI-17492 (Tex. 408th Dist. Ct.)

- *In re Realogy Corp. Shareholder Litigation*, No. 2621-N (Del. Ch.)

- *Slater v. Central Parking Corp.*, Civ. No. 07-397-1 (Chan. Ct. Tenn. 20th Dist. Nashville).

- *In re Tyson Foods, Inc. Consolidated Shareholder Litigation*, Consolidated C.A. No. 1106-N (Del. Ch. Ct.).

- *In re American Pharmaceutical Partners, Inc. Shareholder Litigation*, Consolidated C.A. No. 1823-N (Del. Ch. Ct.).

- *In re Merrill Lynch & Co., Inc. Global Technology Fund Securities Litigation*, 02 CV 7854 (JFK) (SDNY).

- *In re Merrill Lynch & Co., Inc. Focus Twenty Fund Securities Litigation*, 02 CV 10221 (JFK) (SDNY).

- *In re Specialty Laboratories, Inc. Shareholder Litigation*, Case No. BC340798 (L.A. Superior Ct).

- *Sheldon Miller, P.C. Deferred Benefits Plan v. Siebel System, Inc., et al.*, Case No. CIV 449534 (San Mateo Sup. Ct).

- *In re Tower Automotive ERISA Litigation*, No. 05 CV 2184 (LLS) (S.D.N.Y.).

- *In re Coca-Cola ERISA Litigation*, 05 CV 1798 (N.D. Ga.).




8

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP





- *In re Aon ERISA Litigation*, No. 04 C 6875 (N.D. Ill.).

- *In re Aquila, Inc.*, (ERISA Litigation), 04-865 (W.D. Mo.).

- *Spiziri v. The St. Paul Travelers Companies, Inc.* (ERISA Litigation), Civ. No. 04-5096 JRT/FLN (D. Minn.).

- *In re Harley Davidson, Inc. ERISA Litigation*, Case No. 05-C-00547-CNC (E.D. Wisc).

- *In re Guidant Corp. ERISA Litigation*, 1:05-cv-1009-LJM-TAB (S.D. Ind.)

- *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, Master File No. M 02-1486 (N.D. Cal.).

- *In re Elevators and Escalators Antitrust Litigation*, 04-CV-1644 (S.D.N.Y.)

- *In re Sulfuric Acid Antitrust Litigation*, Master File No. 03 C 4576 (N.D. Ill.).

- *In re McDonough, et al. v. Toys "R" Us, Inc., et al.*, No 2:06 CV 00242-AB (E.D. Pa.).

- *In re Copper Tubing Antitrust Litigation*, No. 04-2771-DV.

- *Schoenbaum v. E.I. DuPont de Nemours and Company, et al.*, Case No. 4:05-cv-01108 ERW (E.D. Mo.) (consolidated antitrust cases concerning genetically modified corn and soybean seeds.

- *In re St. Paul Travelers Securities Litigation II*, Civ. No. 04-cv-4697 (JRT/FLN) (D. Minn.).

Beginning on page 25 is a representative listing of cases in which the Firm has been lead or one of the plaintiffs' primary counsel and the results achieved in those cases. In addition, a representative list of published decisions in cases in which Wolf Haldenstein has played a lead or other significant role begins on page 29.

Wolf Haldenstein is a leader in the derivative litigation field and is currently leading counsel in some of the most significant derivative actions pending in the United States, including:

- *In re Mutual Fund Investment Litigation*, MDL No. 1586 (D. Md.).

- *Levin v. Kozlowski, (Tyco Derivative Litigation)*, No. 602113/2002 (N.Y. Sup. Ct.).



- *AIG, Inc. Consolidated Derivative Litigation*, C.A. No. 769-N (Del. Chanc.).

- *In re R&G Financial Corp. Derivative Litigation,* 1:05-CV-5547 (S.D.N.Y.).

- *In re Cablevision Systems Corp. Shareholder Derivative Litigation*, Master File No. 06-CV-4130-DGT-AKT.

- *In re Mercury Interactive Corp. Derivative Litigation*, Case No. 5:05-cv-04642-JF (N.D. Cal.).

- *General Motors Derivative Litigation*, MDL Docket No. 1749 (E.D. Mich.).

- *In re Applied Micro Circuits Corp., Inc. Derivative Litigation*, Lead Case No. CV 06-04269 JW (N.D. Cal.).

- *In re Atmel Corp. Derivative Litigation*, Master File No. 06-4592 JF (HRL) (N.D. Cal.).

- *In re Monster Worldwide, Inc. Stock Option Derivative Litigation*, Master File No. 06cv4622 (S.D.N.Y.).

- *In re Novellus Systems, Inc. Derivative Litigation*, Master File No. C 06-03514 RMW (N.D. Cal.).

- *In re Verisign, Inc. Derivative Litigation*, Master File No. C-06-4165-PJH (N.D. Cal.).

- *In re Western Digital Corp. Derivative Litigation*, Master File No. SACV 06-729-AG (RNBx) (C.D. Cal.).

- *In re Novell, Inc. Derivative Litigation*, 06-CV-11625 (D. Mass.).

## OVERTIME AND COMPENSATION CLASS ACTIONS

Wolf Haldenstein is a leader in the field of class action litigation on behalf of employees who have not been paid overtime or other compensation they are entitled to receive, or have had improper deductions taken from their compensation. These claims for violations of the federal Fair Labor Standards Act and state labor laws, allege improper failure to pay overtime and other wages, and improper deductions from compensation for various company expenses. Wolf Haldenstein is currently lead or co-lead counsel,

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP

or other similar lead role, in some of the most significant overtime class actions pending in the United States, including those listed below:







- *Lavoice v. Citigroup Global Markets, Inc.*, 06-0756 (S.D.N.Y.)

- *Basile v. A.G. Edwards, Inc.*, 06-cv-0833 (N.D.N.Y)

- *Rosenthal v. A.G. Edwards & Sons, Inc.*, 06-3995 (D.N.J.)

- *Palumbo v. Merrill Lynch*, 06-2104 (E.D.N.Y.)

- *Garrison v. Merrill Lynch*, 06-3553 (D.N.J.)

- *Roles v. Morgan Stanley*, 05-7889 (E.D.N.Y.)

- *Lenihan v. Morgan Stanley*, 06-00794 (D. Conn.)

- *Klein v. Ryan Beck*, 06-03460 (S.D.N.Y.)

- *Badain v. Wachovia*, 06-06321 (W.D.N.Y.)

- *Garcia v. Lowe's Home Centers, Inc.*, Case No. GIC 841120 (S.D. Supr.)

- *Weinstein v. MetLife, Inc.*, 06-cv-04444-SI (N.D. Cal.)

## PRIVATE ACTIONS FOR INSTITUTIONAL INVESTORS

In addition to its vast class action practice, the Firm also regularly represents institutional clients such as public funds, investment funds, limited partnerships, and qualified institutional buyers. The Firm has represented institutional clients in non-class federal and state actions concerning a variety of matters, including private placements, disputes with investment advisors, and disputes with corporate management. Examples of such cases include:

- *Steed Finance LDC v. Laser Advisers, Inc.*, 99 Civ. 4222 (PKC)(S.D.N.Y.), a fraud, negligence, breach of contract and breach of fiduciary duty action brought by a hub fund, a related feeder fund and individual investors in the feeder fund against the funds' former investment advisors for mispricing certain securities and derivative instruments in the funds' fixed-income securities portfolio.

- *Diversified Asset Securitization Holdings I, L.P. v. Enterprise Mortgage Acceptance Co, LLC, et al.*, 02 Civ. 10228 (SWK) (S.D.N.Y.), a federal and

state securities fraud action brought by limited partnerships that pooled the investments of various insurance companies against the issuer and management and controlling shareholder of the issuer, concerning misrepresentations made in connection with a private placement of certificates representing interests in a securitized pool of loans made to franchise operations of car care businesses, gas stations, convenience stores and quick service restaurants.





- *Gramercy Park Investments v. Airfund International*, No. 97-22734B (Mass.Super. Ct.); *Gramercy Park Investments v. The Krupp Realty Fund*, No. 97-1612 (Mass.Super.Ct.); *Geodyne Resources v. Gramercy Park Investments*, No. CJ-96-05548 (Dist.Ct.Okla.); *Gramercy Park Investments v. Wells Real Estate Fund*, No. 97-A-0241-3 (Ga.Super.Ct.); *Gramercy Park Investments v. Swift Energy*, No. 96-61729 (Dist.Ct.Tex.); and *Lexington Family Investments v. Dean Witter*, No. 15217-96 (N.Y.Sup.Ct.); actions brought on behalf of institutional investors in state courts throughout the nation demanding inspection of investor lists and other corporate and partnership information.

- *Madison Partnership Liquidity Investors v. American Cable TV Investors*, 97 Civ. 4950 (JSM) (S.D.N.Y.); and *Madison Partnership Liquidity Investors v. PLM Equipment Growth Fund*, 98 Civ. 4057 (JSM)(S.D.N.Y.); actions brought on behalf of institutional investors against fund management for improper defensive actions taken in response to investors' acquisitions of large positions in funds.

The Firm has also acted as special counsel to investors' committees in efforts to assert the investors' interests without resort to litigation. For example, the Firm served as Counsel to the Courtyard by Marriott Limited Partners Committee for several years in its dealings with Host Marriott Corporation, and as Special Counsel to the Windsor Park Properties 7 and 8 limited partners to insure the fairness of their liquidation transactions.

## The Class Action Litigation Group

The qualifications of the attorneys in the Wolf Haldenstein Litigation Group are set forth below and are followed by descriptions of some of the Firm's attorneys who normally practice outside the Litigation Group who contribute significantly to the class action practice from time to time.

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP

PARTNERS





**DANIEL W. KRASNER**: *admitted*: New York; Supreme Court of the United States; U.S. Courts of Appeals for the Second, Third, Fourth, Sixth, Eighth, Ninth, Tenth and Eleventh Circuits; U.S. District Courts for the Southern and Eastern Districts of New York, Central District of Illinois, and Northern District of Michigan. *Education*: Yeshiva College (B.A. 1962); Yale Law School (LL.B., 1965). Lecturer: Practicing Law Institute; Rutgers Graduate School of Business. Member: the Association of the Bar of the City of New York; Rockland County, New York State and American Bar Associations; Federal Bar Council. Mr. Krasner has lectured frequently before bar groups and has educated groups on securities laws and investors rights. His qualifications have received favorable judicial recognition on many occasions. *See, e.g.*, *Shapiro v. Consolidated Edison Co.*, [1978 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶ 96,364 at 93,252 (S.D.N.Y. 1978) ("in the Court's opinion the reputation, skill and expertise of . . .   [Mr.] Krasner, considerably enhanced the probability of obtaining as large a cash settlement as was obtained"); *Steiner v. BOC Financial Corp.*, [1980 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶ 97,656, at 98,491.4, (S.D.N.Y. 1980) ("This Court has previously recognized the high quality of work of plaintiffs' lead counsel, Mr. Krasner"). *The New York Law Journal*, August 1, 1983, at p. 5 (referring to Mr. Krasner as one of the "top rank plaintiffs' counsel" in the securities and class action fields.).

**FRED TAYLOR ISQUITH**: *admitted*:  New York; District of Columbia; Supreme Court of the United States; U.S. Courts of Appeals for the First, Second, Third, Fourth and Eighth Circuits; U.S. District Courts for the Southern, Eastern and Northern Districts of New York, District of Arizona, District of Colorado, Central District of Illinois, Western District of Michigan and District of Nebraska. *Education*: Brooklyn College of the City University of New York (B.A., 1968); Columbia University (J.D., 1971). Author, "Post Arbitration Remedies," for an Introduction to Securities Arbitration (NYSBA, 1994); "A Plaintiff's Lawyer Examines Limited Partnership Roll-ups for Real Estate Exit Strategies" (American Conference Institute, 1994); Federal Civil Practice Supplement, "Representative Actions," (NYSBA, 2000). Columnist for weekly column "From the Courts," for *The Class Act*, National Association of Securities and Class Action Attorneys.  Lecturer, IPO Tie In/Claims Seminar, Professional Liability Underwriter Society; Securities Arbitration New York State Bar Association; Real Estate Exit Strategies, American Conference Institute; Fundamental Strategies in Securities Litigation (NYSBA, CLE Program).  He is an

arbitrator with the American Arbitration Association and with the Civil Court of the City of New York and a mediator for the ADR Program of the Supreme Court, County of New York, Complex Litigation Panel. Member: The Association of the Bar of the City of New York (Committee on Federal Courts); New York County Lawyers' Association (Former Chair: Business Tort/Consumer Fraud-Tort Law Section); Brooklyn (Member: Committee on Civil Practice Law and Rules, 1983-; Committees on Legislation and Federal Courts, 1984-), New York State (Member: Committee on Legislation, Trial Lawyers Section, 1981- ); Committee on Securities, Commercial and Federal Litigation Section, 1989- ), and American (Member: Sections on: Litigation; International Law; Individual Rights and Responsibilities) Bar Associations; the District of Columbia Bar; and Legislation and Civil Practice Law and Rules Committee of the Brooklyn Bar Association. Mr. Isquith has been Chairman of the Business Tort/Consumer Fraud Committee of the Tort Law Section of the New York State Bar Association and is a member of that association's Committees on Securities Law and Legislation. He has served as a judge for the Moot Court Competition of Columbia University Law School and Fordham University's National Competition. Mr. Isquith served as President of the National Association of Securities and Commercial Law Attorneys in 2003 and 2004. The April 1987 issue of *Venture* magazine listed Mr. Isquith as among the nation's top securities class action attorneys.



**JEFFREY G. SMITH**: *admitted:* New York; California; Supreme Court of the United States; U.S. Courts of Appeals for the Second, Third, Fourth, Fifth, Sixth, Eighth and Ninth Circuits; U.S. Tax Court; U.S. District Courts for the Southern and Eastern Districts of New York, Southern and Central Districts of California and the Districts of Colorado and Nebraska. *Education:* Vassar College (A.B., *cum laude generali*, 1974); Woodrow Wilson School of Public and International Affairs, Princeton University (M.P.A., 1977); Yale Law School (J.D., 1978). At Yale Law School, Mr. Smith was a teaching assistant for the Trial Practice course and a student supervisor in the Legal Services Organization, a clinical program. Member: The Association of the Bar of the City of New York; New York State and American (Section on Litigation) Bar Associations; State Bar of California (Member: Litigation Section). Mr. Smith has frequently lectured on corporate governance issues to professional groups of Fund trustees and investment advisors as well as to graduate and undergraduate business student groups, and regularly serves as a moot court judge for the A.B.A. and at New York University Law School. Mr. Smith has substantial experience in complex civil

14

litigation, including class and derivative actions, tender offer, merger, and takeover litigation.







**FRANCIS M. GREGOREK:** *admitted*: New York; California; U.S. Courts of Appeals for the District of Columbia and Ninth Circuit; U.S. District Courts for the Eastern and Southern Districts of New York, and Central, Southern and Northern Districts of California; *Education*: University of Virginia (B.A., with high distinction, 1975); New York University (J.D., 1978); Durham University, Durham, England. Phi Beta Kappa; Phi Alpha Theta. Member: State Bar of California; American Bar Association.

**MARY JANE FAIT:** *admitted*: New York; Illinois; U.S. District Courts for the Southern and Eastern Districts of New York, and Northern District of Illinois; U.S. Court of Appeals for the Seventh Circuit. *Education*: St. John's College and University of Illinois (B.A., Economics, 1976); Cornell Law School (J.D., 1979). Member: Chicago Bar Association; Illinois Bar Association; Antitrust Division of the American Bar Association.

**PETER C. HARRAR:** *admitted*: New York; U.S. District Courts for the Southern, Eastern and Northern Districts of New York. *Education*: Princeton University (A.B., with high honors, 1980); Columbia University (J.D., 1984). Phi Beta Kappa. Mr. Harrar has extensive experience in complex securities and commercial litigation on behalf of individual and institutional clients.

**LAWRENCE P. KOLKER:** admitted: New York; U.S. Courts of Appeals for the Second and Eleventh Circuits; U.S. District Courts for the Southern and Eastern Districts of New York, Western District of Michigan and the District of Colorado. *Education*: State University of New York at Binghamton (B.A., 1978); Brooklyn Law School (J.D., 1983). Editor, *Brooklyn Law Review*, 1982-1983. Panelist, Early Neutral Evaluator for the Eastern District of New York, 1992-1997. Lecturer, Brooklyn Law School, 1989. Assistant Corporation Counsel, City of New York, 1983-1987. Member: The Association of the Bar of the City of New York; New York State Bar Association. Mr. Kolker has spoken at numerous conferences of the Investment Program Association and the Strategic Research Institute concerning limited partnership tender offers and litigation strategies, and has published articles entitled "Litigation Strategies for Limited Partnership Tender Offers" (February 1996) and "Limited Partnership Five Percent Tender Offers" (October 1997) in Standard & Poor's *Review of Securities and*

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP

*Commodities Regulation*. Mr. Kolker has acted as lead counsel in numerous class and derivative actions asserting the rights of investors since joining Wolf Haldenstein in 1989. Mr. Kolker also counsels investment management firms in transactional and securities matters and represents them in corporate and business litigation.





**MARK C. RIFKIN:** *admitted:* New York; Pennsylvania; New Jersey; U.S. Supreme Court; U.S. Courts of Appeals for the Second, Third, Fifth, and D.C. Circuits; U.S. District Courts for the Southern and Eastern Districts of New York, the Eastern and Western Districts of Pennsylvania, the District of New Jersey, the Eastern District of Wisconsin and the Western District of Michigan. *Education:* Princeton University (A.B., 1982); Villanova University School of Law (J.D. 1985). Contributor, PACKEL & POULIN, *Pennsylvania Evidence* (1987). Mr. Rifkin has extensive experience in complex class and derivative actions in securities, ERISA, antitrust, intellectual property, and consumer protection litigation. Mr. Rifkin has extensive trial experience in class and derivative actions, including *In re National Media Corp. Derivative Litig.*, C.A. 90-7574 (E.D.Pa.), *Upp v. Mellon Bank, N.A.*, C.A. No. 91-5229 (E.D.Pa.), where the verdict awarded more than $60 million in damages to the Class (later reversed on appeal, 997 F.2d 1039 (3d Cir. 1993)), and *In re AST Research Securities Litigation*, No. 94-1370 SVW (C.D. Cal.), as well as a number of commercial matters for individual clients. Mr. Rifkin has lectured before diverse business and professional organizations in the areas of securities and complex litigation and corporate governance, serves as a moot court judge for the A.B.A. and at New York University Law School, and is a frequent guest lecturer to graduate and undergraduate economics and finance students on corporate governance topics.

**MICHAEL JAFFE:** *admitted:* California; New York; U.S. District Courts for the Southern and Eastern Districts of New York. *Education:* University of California at Berkeley (B.S., with highest distinction, 1982); Hastings College of the Law, University of California (J.D., 1987). Judicial Extern to the Honorable Thelton E. Henderson, Northern District of California, 1986-1987. Member: The Association of the Bar of the City of New York. Languages: French.

**BETSY C. MANIFOLD:** *admitted:* Wisconsin; New York; California; U.S. District Courts for the Western District of Wisconsin, Eastern and Southern Districts of New York, and Northern, Central and Southern Districts of

California. *Education*: Elmira College; Middlebury College (B.A., *cum laude*, 1980); Marquette University (J.D., 1986); New York University. Thomas More Scholar. Recipient, American Jurisprudence Award in Agency. Member: The Association of the Bar of the City of New York. Languages: French.





GREGORY M. NESPOLE: *admitted*: New York; U.S. District Courts for the Southern and Eastern Districts of New York. *Education*: Bates College (B.A., 1989); Brooklyn Law School (J.D., 1993). Member: The Association of the Bar of the City of New York; New York State Bar Association. Mr. Nespole's experience includes complex civil and criminal litigation.

DAVID L. WALES: *admitted*: New York; District of Columbia; United States Court of Appeals for the Second and Fourth Circuits, the United States District Courts for the Southern, Eastern and Western Districts of New York, and the District of Columbia. *Education*: State University of New York, Albany (B.A., *magna cum laude*, 1984); Georgetown University Law Center, (J.D., *cum laude*, 1987); Notes and Comments Editor, *Georgetown Journal of Law and Technology*. Mr. Wales is a member of the Federal Bar Council and the Federal Courts Committee of the New York County Lawyers Association, and is AV rated by Martindale Hubbell. Mr. Wales is an experienced trial and appellate attorney who specializes in handling complex securities and class action litigation. Mr. Wales was an Assistant United States Attorney for the Southern District of New York (1992-1998), where he specialized in investigating and prosecuting fraud and white collar criminal cases. Mr. Wales has personally tried more than 15 federal jury trials, and his recent trials include: (i) a jury verdict in May 2005 for more than $11 million, including $1 million in punitive damages, in a derivative action against the general partner of a hedge fund; and (ii) a multi-million dollar settlement with an accounting firm reached during trial of a class action in April 2003. Mr. Wales has been lead or co-lead counsel in numerous securities class actions and derivative actions, including; *In re Sepracor Corp. Securities Litigation*, C.A. No. 02-12338 (D. Mass.) (pending securities fraud class action in which the motion to dismiss was denied and class has been certified); *In re Luxottica Group S.p.A. Securities Litigation*, CV-01-3285 (E.D.N.Y.) ($18,250,000 recovery in a Williams Act case); *In re Marque Partners L.P. Derivative Action*, No. 01-604724 (Sup. Ct., N.Y. Co.) ($11,000,000 jury verdict in a derivative action); *In re Jennifer Convertibles Securities Litigation*, CV-94-5570 (E.D.N.Y.) ($9,550,000 recovery, part of the recovery obtained in the middle of trial); and *In re Curative Health Services*

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP

*Securities Litigation*, CV-99-2074 (E.D.N.Y.) ($10,500,000 recovery in a securities fraud action).

**DEMET BASAR:** *admitted:* New York; New Jersey; U.S. District Court for the District of New Jersey, Southern District of New York, and Eastern District of Wisconsin. *Education:* Fairleigh Dickinson University (B.A., *summa cum laude*, 1984), Phi Omega Epsilon; Rutgers University School of Law (J.D., 1990). Recipient, West's Scholarship Award, Senior Notes and Comments Editor, *Rutgers Law Review.* Member: The Association of the Bar of the City of New York. Languages: Turkish.

**ADAM J. LEVITT:** *admitted:* Illinois; Supreme Court of the United States; U.S. Courts of Appeals for the First and Seventh Circuits; U.S. District Courts for the Northern and Southern Districts of Illinois, Northern District of Indiana, District of Nebraska, and the Northern and Eastern Districts of Texas. *Education:* Columbia College, Columbia University (A.B., *magna cum laude*, 1990); Northwestern University School of Law (J.D., 1993). Member: American Law Institute; Chicago, Federal and American Bar Associations; Lawyers for the Creative Arts. Seventh Circuit Contributing Editor, *Class Actions & Derivative Suits* (ABA). Author, "An Illinois Lawyer's Guide to Service of Process in Mexico," 82 *Illinois Bar Journal* 434 (1994). Mr. Levitt also regularly serves as a moot court judge in the Julius H. Miner Moot Court Competition, Northwestern University School of Law. In recognition of his achievements to date, Mr. Levitt was named one of the "40 Illinois Attorneys Under 40 Years Old to Watch" by the *Chicago Daily Law Bulletin* and the *Chicago Lawyer.* He is rated "AV" by Martindale-Hubbell. Substantially all of Mr. Levitt's practice is focused on complex commercial litigation and class action practice on both the trial and appellate court levels, in federal and state courts nationwide, in the areas of securities, consumer protection, technology, and agricultural law. Since 1993, Mr. Levitt has served as lead counsel, co-lead counsel, or in other leadership positions in numerous class and other complex litigations throughout the United States, including *In re StarLink Corn Products Liability Litigation*, MDL No.1403 (N.D. Illinois) (recovered $110 million for U.S. corn farmers who sustained market losses arising from defendants' contamination of the U.S. food corn supply with an improperly bioengineered corn seed product); *Court Reporting Services, et al. v. Compaq Computer Corporation*, C.A. No. 02 CV 044 (E.D. Texas) (obtained full recovery, valued at not less than $35 million, on behalf of Compaq Presario purchasers with improperly partitioned hard disk drives); and various





WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP



Internet privacy cases, including *Supnick v. Amazon.com*, Inc. (W.D. Wash.) and *In re DoubleClick, Inc. Privacy Litigation* (S.D.N.Y.). Mr. Levitt is currently co-lead counsel in thirteen class action lawsuits against the Monsanto Company, Pioneer Hi-Bred International, and E.I. DuPont de Nemours and Company, predicated upon those companies' alleged improper conduct arising from their sale of genetically-engineered soybean and corn seeds; is lead counsel in *In re Comdisco Securities Litigation* (securities class action lawsuit against former Comdisco executives relating to Comdisco's misrepresentations and omissions with respect to its Prism division) and in *In re Aon ERISA Litigation* (ERISA class action lawsuit on behalf of all participants and beneficiaries of Aon's 401(k) savings plan against Aon and certain of its officers and directors, alleging that during the class period, defendants, as fiduciaries of the Plan, each violated ERISA by breaching their duties owed to plaintiffs and the other participants and beneficiaries of the Plan in connection with the Plan's holding of Aon stock); and is actively involved in the *In re Initial Public Offering Sec. Litig.*, Master File No. 21 MC 92 (SAS) (S.D.N.Y.) (consolidated action against 309 issuers and 55 underwriters alleging manipulation, misrepresentations, and omissions relating to the market for various high-tech initial public offerings). Mr. Levitt also provides, or has provided legal services to various private companies involving complex litigation and general corporate matters.



**THOMAS H. BURT:** *admitted:* New York; U.S. District Courts for the Southern and Eastern Districts of New York. *Education:* American University (B.A., 1993); New York University (J.D., 1997). Articles Editor with New York University Review of Law and Social Change.

## OF COUNSEL

**ROBERT ABRAMS:** *admitted:* New York; U.S. Court of Appeals for the Third Circuit; U.S. District Courts for the Southern and Eastern Districts of New York, Eastern District of Missouri, District of Maryland, and District of Delaware. *Education:* Haverford College (B.A., 1961); Columbia University (Ph.D., 1966), Brooklyn Law School (J.D., 1992). Woodrow Wilson Fellow; International Business Law Fellow. Adjunct Professor, Mediation Clinic, Brooklyn Law School, 1983-1984. Mr. Abrams was formerly a Professor of Political Science at Brooklyn College and the Graduate Center of the City University of New York. Member: New York State Bar Association. Mr. Abrams is the author of books on the theory of collective choice (Columbia

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP

University Press) and voting theory (Sage), as well as articles on Soviet politics, game theory and bargaining and negotiations. He has focused his practice on complex securities, ERISA, and consumer actions.



**ROBERT B. WEINTRAUB**: *admitted*: New York; Supreme Court of the United States; U.S. Court of Appeals for the Federal and Second Circuits; District of Columbia; U.S. District Courts for the Southern and Eastern Districts of New York. *Education*: Syracuse University (B.A., *cum laude*, 1972); Georgetown University Law Center (J.D., 1977). Member: 1975-1977, Articles Editor and Member: Executive Board, 1976-1977, Law and Policy in International Business, *Georgetown International Law Journal*. Assistant Editor, Competition Working Group, "The OECD Guidelines for Multinational Enterprises: A Business Appraisal," 1977. Author, "Law Backs Women Warriors," *National Law Journal*, June 7, 1993. Co-contributor: Chapter 7, "The Celler-Kefauver Act of 1950," 4 *Legislative History of the Federal Antitrust Laws and Related Statutes*, edited by E. Kintner, Chelsea House Publishers, 1980. Mediator, U.S. District Court, Southern District of New York. Member: The Association of the Bar of the City of New York (Member: Committee on Securities Regulation; Council on International Affairs; Chair, 1991-1994 and Member: 1987-1990, Committee on Military Affairs and Justice; International Arms Control and Security Affairs, 1990-1991); and American Bar Association. He has counseled corporations on contract negotiation and antitrust matters, and provided antitrust advice on mergers to the arbitrage department of a major brokerage house. He has served as an arbitrator for the NYSE, the NASD and the Municipal Securities Rulemaking Board and as a mediator for the federal District Court in New York. Mr. Weintraub also previously served as Senior Vice President and General Counsel of a broker-dealer investment bank which is a member of the NYSE, the NASD and other principal exchanges. Mr. Weintraub has particular experience in litigation involving investment firms and broker-dealers.

### ASSOCIATES

**RACHELE R. RICKERT**: *admitted*: California; U.S. District Court for the Southern District of California. *Education*: Point Loma Nazarene College (B.A., 1994); University of California, Hastings College of the Law (J.D.,

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP

1997). Member: State Bar of California. Former Deputy Alternate Public Defender for the County of San Diego.

**SCOTT J. FARRELL:** *admitted:* New York; New Jersey; U.S. District Courts for the Southern and Eastern Districts of New York, the District of New Jersey, and the District of Colorado. *Education:* Yeshiva University (B.A., *magna cum laude,* 1996), where he was a Max Stern Scholar and Gruss Scholar; New York University School of Law (J.D., 1999), where he was an Article and Note Editor of the *Journal of Legislation and Public Policy.* He is the co-author of "In re Gary Glass and Zoltan Guttman," CFTC Docket No. 93-4, *Futures & Derivatives Law Report,* July/August, 1998.

**KATE MCGUIRE:** *admitted:* New York; U.S. District Courts for the Southern and Eastern Districts of New York. *Education:* University of California at Santa Cruz (B.A. 1995), Georgetown University Law Center (J.D., 1998); Member: *Georgetown Immigration Law Journal.*

**GUSTAVO BRUCKNER:** *admitted:* New York; New Jersey; United States District Courts for the Districts of New Jersey, Eastern District of New York, and the Southern District of New York; the United States Court of Appeals for Second Circuit and the Supreme Court of the United States. *Education:* New York University (B.S., 1988); New York University (M.B.A. 1989); Benjamin N. Cardozo School of Law, Yeshiva University (J.D., 1992).

**STACEY T. KELLY:** *admitted:* New York; New Jersey; U.S. District Courts for the Southern and Eastern Districts of New York. *Education:* New York University (B.A., 1997); Rutgers School of Law - Newark (J.D., 2000). Member: New York State Bar Association; New York County Lawyers Association

**PAULETTE S. FOX:** *admitted:* New York; New Jersey U.S. District Courts for the Southern and Eastern Districts of New York. *Education:* Benjamin N. Cardozo School of Law (J.D. 2001); Syracuse University (B.A. in Public Policy, *summa cum laude,* Phi Beta Kappa, 1998).

**MICHAEL J. MISKE:** *admitted:* New York. *Education:* St. John's University (B.A., *cum laude* (1994), New York Law School (J.D., 2000).





WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP

**MATTHEW GUINEY:** *admitted:* New York. *Education:* The College of William & Mary (B.A. in Government and Economics 1998); Georgetown University Law Center (J.D. 2002).

**MARTIN RESTITUYO:** *admitted:* New York. *Education:* Queens College (B.A., 1998); Hofstra University School of Law (J.D. 2002); Hofstra University, Frank G. Zarb School of Business (M.B.A., Finance, 2005). Mr. Restituyo did postgraduate work at the Universidad Autonoma de Santo Domingo, Santo Domingo, in the Dominican Republic, and studied at Faculte de Droit de l'Universite de Nice, in Nice, France. Mr. Restituyo was the Assistant Town Attorney for North Hempstead, New York (2004-2006), an Adjunct Professor at John Jay College of Criminal Justice (2005), and was in the Nassau County Department of Economic Development (2002-2004). In 2003, he was awarded the "Distinguished Alumni Award" from Hofstra University's Clinical Program. He is a member of the Nassau County Bar Association, the Women's Bar Association, the Hispanic Bar Association, the Dominican Bar Association and Hofstra University School of Law, Alumni Board.

**MARISA C. LIVESAY:** *admitted:* California; U.S. Court of Appeals for the Ninth Circuit; U.S. District Courts for the Central, Southern and Northern Districts of California. *Education:* University of Arizona (B.A. 1999, Dean's List with Distinction), where she served on the Associated Student Senate; University of California, Los Angeles (J.D. 2002, Corporate Specialization), where she was a member of the Moot Court Executive Board and staff member of the Journal of International Law and Foreign Affairs. Member: State Bar of California.

**IONA M. EVANS:** *admitted:* New York. *Education:* University of New Hampshire (B.A., 1999); Boston University School of Law (J.D., 2004), where she served as Staff Writer and Business Editor on the *International Law Journal.*

**GEORGE T. PETERS:** *admitted:* New York, U. S. District Courts for the Southern & Eastern Districts of New York. *Education:* Eastern Illinois University, B.A. 1991; attended Howard University School of Law and fulfilled remaining law studies at Wolf Haldenstein Adler Freeman and Herz LLP. Member of the New York State Bar Association.



WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP

ALEXANDRA SILVERBERG: *admitted*: New York. *Education*: Brandeis University (B.A. in Politics and concentration in Film Studies); Brooklyn Law School, (J.D. 2004). Member: New York County Lawyer's Association.



RACHEL S. POPLOCK: *admitted:* New York, U.S. District Courts for the Southern & Eastern Districts of New York. *Education:* Cornell University (B.S. Human Development, 2002), Fordham Law School (J.D. 2005) where she was a member of the Fordham Urban Law Journal and received the Archibald R. Murray Public Service Award for her participation in the Family Advocacy Clinic.



LAURENCE J. HASSON: *admitted*: New York, U.S. District Courts for the Southern & Eastern Districts of New York. *Education*: Brandeis University (B.A. History and American Studies, *magna cum laude*, Phi Beta Kappa and Phi Alpha Theta honors, 2003); Benjamin N. Cardozo School of Law (J.D. 2006) where Mr. Hasson was an Heyman Scholar at the Samuel and Ronnie Heyman Center on Corporate Governance, a Memorandum of Law Editor, and an executive board member of the Moot Court Honor Society; Oxford University (Seminar on comparative corporate governance, Summer 2005). Prior to joining the firm, Mr. Hasson interned at Cardozo's Bet Tzedek Legal Services Clinic, representing elderly and disabled people seeking health, disability, and housing benefits that they could not receive without clinical assistance.

## WOLF HALDENSTEIN PARTNERS WHO REGULARLY PROVIDE THEIR NON-LITIGATION EXPERTISE TO CLASS ACTION LITIGATION MATTERS

CHARLES H. BALLER: *admitted*: New York. *Education*: New York University (B.S., *magna cum laude*, 1954); Columbia University (LL.B., 1957); New York University (L.L.M., Taxation, 1962). Beta Gamma Sigma; Beta Alpha Psi. Harlan Fiske Stone Scholar. Co-Editor and Contributing Author, April, 1981, with 1986 Supplement, *Business Acquisitions*, Practicing Law Institute. Member: The Association of the Bar of the City of New York; New York State and American Bar Associations. Mr. Baller has worked in the office of Chief Counsel, Internal Revenue Service (Interpretative Division). A lecturer and author for the Practicing Law Institute (co-editor of the reference work *Business Acquisitions: Planning and Practice*), Mr. Baller is a corporate and tax attorney with extensive expertise in mergers and

acquisitions, complex estate planning (particularly relating to corporate and business holdings), and employee benefits and compensation, including ERISA.

ERIC B. LEVINE: *admitted*: New York; U.S. Courts of Appeals for the Second and Eleventh Circuits; U.S. District Courts for the Southern and Eastern Districts of New York, and Eastern District of Michigan; U.S. Tax Court. *Education*: State University of New York at Buffalo (B.A., *summa cum laude*, 1974); University of Pennsylvania (J.D., *cum laude*, 1977). Order of the Coif, Phi Beta Kappa. Associate Editor, *University of Pennsylvania Law Review*, 1976-1977. Member: The Association of the Bar of the City of New York; New York State Bar Association. Mr. Levine's practice focuses on complex commercial and civil litigation, including in the area of bankruptcy and receivership litigation, creditors' rights, and lender liability.




MARK C. SILVERSTEIN: *admitted*: New York. *Education*: State University of New York at Binghamton (B.S., *summa cum laude*, 1980); New York University (J.D., *cum laude*, 1983). Order of the Coif. Editor, Journal of International Law and Politics, 1982-1983. Member: the Association of the Bar of the City of New York; New York State; American Bar Associations. Mr. Silverstein serves as general counsel to corporations and handles matters involving tax planning and mergers and acquisitions. He also provides counseling in the structure of complex settlements and the administration of complex claims administrations.

ELI D. GREENBERG: *admitted*: New York. *Education*: New York University (B.S., *magna cum laude*, 1981. New York University (J.D., 1984). Beta Gamma Sigma. Lecturer, New York University. Member: American Health Lawyers Association. Mr. Greenberg has extensive experience in pension, tax, benefits, and ERISA.

SUBSTANTIAL RECOVERIES OBTAINED IN REPRESENTATIVE PAST CLASS ACTION CASES IN WHICH WOLF HALDENSTEIN WAS LEAD COUNSEL OR HAD ANOTHER SIGNIFICANT ROLE

- *In re BankAmerica Corp. Securities Litigation*, MDL Docket No. 1264 (JFN) (E.D. Mo.) (class recovered $490 million).

- *In re MicroStrategy, Inc. Securities Litigation*, Civ. No. 00-473-A (E.D. Va.) (class recovered $160 million in cash and securities).

- *Kurzweil v. Philip Morris Cos.*, 94 Civ. 2373, 94 Civ. 2546 (S.D.N.Y.) (securities fraud) (class recovered $116.5 million in cash).

- *In re Starlink Corn Products Liability Litigation*, (N.D. Ill.) (class recovered $110 million).

- *In Computer Associates 2002 Class Action Sec. Litigation*, 2:02-CV-1226 (E.D.N.Y.) ($130 million settlement in this and two related actions).

- *In re CNL Hotels & Resorts, Inc. Securities Litigation*, No. 6:04-cv-1231 (Orl-31) (class recovered $35 million, and lawsuit also instrumental in $225 million benefit to corporation).

- *Berger v. Compaq Computer Corp.*, Docket No. 98-1148 (S.D. Tex.) (class recovered $29 million).

- *In re Arakis Energy Corporation Securities Litigation*, 95 CV 3431 (E.D.N.Y.) (class recovered $24 million in cash).

- *In re E.W. Blanche Holdings, Inc. Securities Litigation*, Civ. No. 01-258 (D. Minn.) (class recovered $20 million).

- *In re Luxottica Group S.p.A. Securities Litigation*, No. CV 01-3285 (E.D.N.Y) (class recovered $18.25 million).

- *In re Musicmaker.com Securities Litigation*, CV-00-2018 (C.D. Cal.) (class recovered $13.75 million).

- *In re Comdisco Securities Litigation*, No. 01 C 2110 (MIS) (N.D. Ill.) (class recovered $13.75 million).

- *In re Concord EFS, Inc. Securities Litigation*, No. 02-2097 (MA) (W.D. Tenn) (class recovered $13.25 million).

- *In re Bausch & Lomb, Inc. Securities Litigation*, 01 Civ. 6190 (CJS) (W.D.N.Y.) (class recovered $12.5 million).

- *In re Allaire Corp. Securities Litigation*, 00-11972 (D. Mass.) (class recovered $12 million).





WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP

- *Curative Health Services Securities Litigation*, 99-2074 (E.D.N.Y.) (class recovered $10.5 million).

- *City Partnership Co. v. Jones Intercable*, 99 WM-1051 (D. Colo.) (class recovered $10.5 million).

- *In re Tenfold Corporation Securities Litigation*, 2:00-CV-652 (D. Utah) (class recovered $5.9 million).

- *In re Industrial Gas Antitrust Litigation*, 80 C 3479 and related cases (N.D. Ill.) (class recovered $50 million in cash and coupons).

- *In re Chor-Alkalai and Caustic Soda Antitrust Litigation*, 86-5428 and related cases (E.D. Pa.) (class recovered $55 million).

- *In re Infant Formula Antitrust Litigation*, MDL No. 878 (N.D. Fla.) (class recovered $126 million).

- *In re Brand Name Prescription Drug Antitrust Litigation*, M.D.L. 940 (N.D. Ill.) (class recovered $715 million).

- *Landon v. Freel*, M.D.L. No. 592 (S.D. Tex.) (class recovered $12 million).

- *Holloway v. Peat, Marwick, Mitchell & Co.*, No. 84 C 814 EU (N.D. Okla.) (class recovered $38 million).

- *In re The Chubb Corp. Drought Insurance Litigation*, C-1-88-644 (S.D. Ohio) (class recovered $100 million.).

- *Wong v. Megafoods*, Civ-94-1702 (D. Ariz.) (securities fraud) (class recovered $12.25 million).

- *In re Del Val Financial Corp. Securities Litigation*, 92 Civ 4854 (S.D.N.Y.) (class recovered $11.5 million).

- *In re Home Shopping Network Shareholders Litigation*, Consolidated Civil Action No. 12868, (Del. Ch. 1995) (class recovered $13 million).

- *In re Paine Webber Limited Partnerships Litigation*, 94 Civ 8547 (S.D.N.Y.) (class recovered $200 million).

- *In re Bristol-Meyers Squibb Co. Securities Litigation*, 92 Civ 4007 (S.D.N.Y.) (class recovered $19 million).

- *In re Spectrum Information Technologies Securities Litigation*, CV 93-2245 (E.D.N.Y.) (class recovered $13 million).





WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP

- *In re Chase Manhattan Securities Litigation*, 90 Civ. 6092 (LJF) (S.D.N.Y.) (class recovered $17.5 million).

- *Prostic v. Xerox Corp.*, No. B-90-113 (EBB) (D. Conn.) (class recovered $9 million).

- *Steiner v. Hercules*, Civil Action No. 90-442-RRM (D. Del.) (class recovered $18 million).

- *In re Ambase Securities Litigation*, 90 Civ 2011 (S.D.N.Y.) (class recovered $14.6 million).

- *Steiner v. Phillips (In re Southmark Securities Litigation)*, CA No. 3-89-1402-D (N.D. Tex.) (class recovered $70 million).

- *Steiner v. Ideal Basic Industries, Inc.*, No. 86-M 456 (D. Colo. 1989) (securities fraud) (class recovered $18 million).

- *Tucson Electric Power Derivative Litigation*, 2:89 Civ. 01274 TUC. ACM (corporation recovered $30 million).

- *Alleco Stockholders Litigation*, (Md.Cir.Ct. Pr. Georges County) (class recovered $16 million).

- *In re Revlon Group, Inc. Shareholders Litigation*, No. 8362 (Del. Ch.) (class recovered $30 million).

- *In re Taft Broadcasting Company Shareholders Litigation*, No. 8897 (Del. Ch.) (class recovered $20 million).

- *In re Southland Corp. Securities Litigation*, No. 87-8834-K (N.D.Tex.) (class recovered $20 million).

- *In re Crocker Bank Securities Litigation*, CA No. 7405 (Del. Ch.) (class recovered $30 million).

- *In re Warner Communications Securities Litigation*, No. 82 Civ. 8288 (JFK) (S.D.N.Y.) (class recovered $17.5 million).

- *Joseph v. Shell Oil*, CA No. 7450 (Del. Ch.) (securities fraud) (class recovered $200 million).

- *In re Flight Transportation Corp. Securities Litigation*, Master Docket No. 4-82-874, MDL No. 517 (D. Minn.) (class recovered $50 million.).

- *In re Whittaker Corporation Securities Litigation*, CA000817 (Cal. Super. Ct., Los Angeles County) (class recovered $18 million).





WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP

- *Naevus International, Inc. v. AT&T Corp.*, C.A. No. 602191/99 (N.Y. Sup. Ct.) (consumer fraud) (class recovered $40 million).

- *Sewell v. Sprint PCS Limited Partnership*, C.A. No. 97-188027/CC 3879 (Cir. Ct. for Baltimore City) (consumer fraud) (class recovered $45.2 million).





## REPRESENTATIVE REPORTED OPINIONS SINCE 1990 IN WHICH WOLF HALDENSTEIN WAS LEAD COUNSEL OR HAD ANOTHER SIGNIFICANT ROLE

### FEDERAL APPEALS COURT OPINIONS

- *In re Pharmatrak, Inc. Privacy Litig.*, 2003 U.S. App. LEXIS 8758 (1st Cir. May 9, 2003).

- *Berger v. Compaq Computer Corp.*, 257 F.3d 475 (2001), clarified, 279 F.3d 313 (5th Cir. 2002).

- *In re Bankamerica Corp. Securities Litigation*, 263 F.3d 795 (8th Cir. 2001).

- *Wright v. Ernst & Young LLP*, 152 F.3d 169 (2d Cir. 1998).

- *Romine v. Compuserve Corp.*, 160 F.3d 337 (6th Cir. 1998).

- *Felzen v. Andreas*, 134 F.3d 873 (7th Cir. 1998).

- *Brown v. Radica Games (In re Radica Games Securities Litigation)*, No. 96-17274, 1997 U.S. App. LEXIS 32775 (9th Cir. Nov. 14, 1997).

- *Robbins v. Koger Properties*, 116 F.3d 1441 (11th Cir. 1997).

- *In re Painewebber Inc. Limited Partnerships Litigation*, 94 F.3d 49 (2d Cir. 1996).

- *Glassman v. Computervision Corp.*, 90 F.3d 617 (1st Cir. 1996).

- *Alpern v. Utilicorp United, Inc.*, 84 F.3d 1525 (8th Cir. 1996).

- *Shaw v. Digital Equipment Corp.*, 82 F.3d 1194 (1st Cir. 1996).

- *Riley v. Simmons*, 45 F.3d 764 (3d Cir. 1995).

- *Stepak v. Addison*, 20 F.3d 398 (11th Cir. 1994).

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP



- *County of Suffolk v. Long Island Lighting Co.*, 907 F.2d 1295 (2d Cir. 1990).

## FEDERAL DISTRICT COURT OPINIONS

- *Johnson v. Aegon USA, Inc.*, 1:01-CV-2617 (N.D. Ga. Sept. 20, 2004).

- *Freeland v. Iridium World Communications, Ltd.*, 99-1002 (D.D.C. Aug. 31, 2004).

- *In re Acclaim Entertainment, Inc. Securities Litigation*, 03-CV-1270 (E.D.N.Y. June 22, 2004).

- *In re Sepracor, Inc. Securities Litigation*, 308 F. Supp. 2d 20 (D. Mass. 2004).

- *In re Concord EFS, Inc. Securities Litigation*, No. 02-2697 (W.D. Tenn. Jan. 7, 2004).

- *In re Enterprise Mortgage Acceptance Co., LLC, Sec. Litig.*, 02-Civ. 10288 (SWK) (S.D.N.Y. Nov. 5, 2003).

- *In re PerkinElmer, Inc. Securities Litigation*, 286 F. Supp. 2d 46 (D. Mass. 2003).

- *In re Initial Public Offering Securities Litigation*, 241 F. Supp. 2d 281 (S.D.N.Y. 2003).

- *In re Comdisco Securities Litigation*, No. 01 C 2110, 2003 U.S. Dist. LEXIS 5047 (N.D. Ill. Mar. 31, 2003).

- *City Partnership Co. v. Cable TV Fund* 14-B, 213 F.R.D. 576 (D. Colo. 2002).

- *In re Allaire Corporation Securities Litigation*, Docket No. 00-11972 - WGY, 2002 U.S. Dist. LEXIS 18143 (D. Mass., Sept. 27, 2002).

- *In re StarLink Corn Products Liability Litigation*, 212 F.Supp.2d 828 (N.D. Ill. 2002)

- *In re Comdisco Securities Litigation*, 166 F.Supp.2d 1260 (N.D. Ill. 2001).

- *In re Crossroads Systems, Inc. Securities Litigation*, Master File No. A-00-CA-457 JN, 2001 U.S. Dist. LEXIS 14780 (W.D. Tx. Aug. 15, 2001).

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP





- *In re MicroStrategy, Inc. Securities Litigation*, 150 F. Supp. 2d 896 (E.D. Va. 2001).

- *Lindelow v. Hill*, No. 00 C 3727, 2001 U.S. Dist. LEXIS 10301 (N.D. Ill. July 19, 2001).

- *In re MicroStrategy, Inc. Securities Litigation*, 148 F. Supp. 2d 654 (E.D. Va. 2001).

- *Jeffries v. Pension Trust Fund of the Pension, Hospitalization & Benefit Plan of the Electrical Industry*, 172 F. Supp. 2d 389 (S.D.N.Y. 2001).

- *Carney v. Cambridge Technology Partners, Inc.*, 135 F. Supp. 2d 235 (D. Mass. 2001).

- *Weltz v. Lee*, 199 F.R.D. 129 (S.D.N.Y. 2001).

- *Schoers v. Pfizer, Inc.*, 00 Civ. 6121, 2001 U.S. Dist. LEXIS 511 (S.D.N.Y. Jan. 23, 2001).

- *Kurzweil v. Philip Morris Cos.*, 94 Civ. 2373 (MBM), 2001 U.S. Dist. LEXIS 83 (S.D.N.Y. Jan. 9, 2001).

- *Goldberger v. Bear, Stearns & Co.*, 98 Civ. 8677 (JSM), 2000 U.S. Dist. LEXIS 18714 (S.D.N.Y. Dec. 28, 2000).

- *In re Newell Rubbermaid, Inc., Securities Litigation*, Case No. 99 C 6853, 2000 U.S. Dist. LEXIS 15190 (N.D. Ill. Oct. 2, 2000).

- *Stanley v. Safeskin Corp.*, Case No. 99 CV 454 BTM (LSP), 2000 U.S. Dist. LEXIS 14100, Fed. Sec. L. Rep. (CCH) P91, 221 (S.D. Cal. Sept. 18, 2000).

- *In re MicroStrategy, Inc. Securities Litigation*, 115 F. Supp. 2d 620 (E.D. Va. 2000).

- *In re USA Talks.com, Inc. Securities Litigation*, 2000 U.S. Dist. LEXIS 14823, Fed. Sec. L. Rep. (CCH) P91, 231 (S.D. Cal. Sept. 14, 2000).

- *In re Sotheby's Holdings, Inc. Securities Litigation*, 00 CIV. 1041 (DLC), 2000 U.S. Dist. LEXIS 12504, Fed. Sec. L. Rep. (CCH) P91, 059 (S.D.N.Y. Aug. 31, 2000).

- *Dumont v. Charles Schwab & Co., Inc.*, Civil Action No. 99-2840 2000 U.S. Dist. LEXIS 10906 (E.D. La. July 21, 2000).

- *Berger v. Compaq Computer Corp.*, Civil Action No. H-98-1148, 2000 U.S. Dist. LEXIS 21424 (S.D. Tex. July 17, 2000).

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP





- *In re BankAmerica Corp. Securities Litigation*, 95 F. Supp. 2d 1044 (E.D. Mo. 2000).

- *In re Carnegie International Corp. Securities Litigation*, 107 F. Supp. 2d 676 (D. Md. 2000).

- *Berger v. Compaq Computer Corp.*, Civil Action No. H-98-1148, 2000 U.S. Dist. LEXIS 21423 (S.D. Tex. Mar. 13, 2000).

- *In re Imperial Credit Industries Securities Litigation*, CV 98-8842 SVW, 2000 U.S. Dist. LEXIS 2340 (C.D.Cal. Feb. 23, 2000).

- *Sturm v. Marriott Marquis Corp.*, 85 F. Supp. 2d 1356 (N.D. Ga. 2000).

- *In re Health Management Systems Securities Litigation*, 82 F. Supp. 2d 227 (S.D.N.Y. 2000).

- *Dumont v. Charles Schwab & Co., Inc.*, Civil Action No. 99-2840, 2000 U.S. Dist. LEXIS 619 (E.D. La. Jan. 19, 2000).

- *In re MicroStrategy, Inc. Securities Litigation*, 110 F. Supp. 2d 427 (E.D. Va. 2000).

- *In re BankAmerica Corp. Securities Litigation*, 78 F. Supp. 2d 976 (E.D. Mo. 1999).

- *Kurzweil v. Philip Morris Cos.*, 94 Civ. 2373 (MBM), 1999 U.S. Dist. LEXIS 18378 (S.D.N.Y. Nov. 24, 1999).

- *In re Nanophase Technologies Corp. Litigation*, 98 C 3450, 1999 U.S. Dist. LEXIS 16171 (N.D. Ill. Sept. 27, 1999).

- *In re Clearly Canadian Securities Litigation*, File No. C-93-1037-VRW, 1999 U.S. Dist. LEXIS 14273 Cal. Sept. 7, 1999).

- *Yuan v. Bayard Drilling Technologies, Inc.*, 96 F. Supp. 2d 1259 (W.D. Okla. 1999).

- *In re Spyglass, Inc. Securities Litigation*, No. 99 C 512, 1999 U.S. Dist. LEXIS 11382 (N.D.Ill. July 20, 1999).

- *Carley Capital Group v. Deloitte & Touche, L.L.P.*, 1:97-CV-3183-TWT, 1999 U.S. Dist. LEXIS 11595 (N.D.Ga. June 30, 1999).

- *Carley Capital Group v. Deloitte & Touche, L.L.P.*, 1:97-CV-3183-TWT, 1999 U.S. Dist. LEXIS 11596 (N.D. Ga. June 30, 1999).

- *Blue Cross & Blue Shield of N.J., Inc. v. Philip Morris, Inc.*, 98 CV 3287, 1999 U.S. Dist. LEXIS 11363 (E.D.N.Y. June 1, 1999).

- *Carley Capital Group v. Deloitte & Touche, L.L.P.*, 1:97-CV-3183-TWT, 1999 U.S. Dist. LEXIS 1368, Fed. Sec. L. Rep. (CCH) P90, 429 (N.D. Ga. Jan. 19, 1999).

- *Longman v. Food Lion, Inc.*, 186 F.R.D. 331 (M.D.N.C. 1999).

- *Walsingham v. Biocontrol Technology, Inc.*, 66 F. Supp. 2d 669 (W.D. Pa. 1998).

- *Sturm v. Marriott Marquis Corp.*, 26 F. Supp. 2d 1358 (N.D. Ga. 1998).

- *Carley Capital Group v. Deloitte & Touche, L.L.P.*, 27 F. Supp. 2d 1324 (N.D. Ga. 1998).

- *In re MobileMedia Securities Litigation*, 28 F.Supp.2d 901 (D.N.J. 1998).

- *Weikel v. Tower Semiconductor, Ltd.*, 183 F.R.D. 377 (D.N.J. 1998).

- *In re Health Management Systems Securities Litigation*, 97 Civ. 1865 (HB), 1998 U.S. Dist. LEXIS 8061 (S.D.N.Y. May 27, 1998).

- *In re Painewebber Ltd. Partnership Litigation*, 999 F.Supp. 719 (S.D.N.Y. 1998).

- *Carley Capital Group v. Deloitte & Touche, L.L.P.*, 1:97-cv-3183-TWT, 1998 U.S. Dist. LEXIS 23222 (N.D. Ga. Feb. 10, 1998).

- *In re TCW/DW North American Government Income Trust Securities Litigation*, 95 Civ. 0167 (PKL), 1997 U.S. Dist. LEXIS 18485 (S.D.N.Y. Nov. 20, 1997).

- *Wright v. Ernst & Young, LLP*, 97 Civ. 2189 (SAS), 1997 U.S. Dist. LEXIS 13630 (S.D.N.Y. Sept. 9, 1997).

- *Felzen v. Andreas*, No. 95-2279, 1997 U.S. Dist. LEXIS 23646 (C.D. Ill. July 7, 1997).

- *Felzen v. Andreas*, No. 95-2279, 1997 U.S. Dist. LEXIS 23647 (C.D. Ill. July 7, 1997).

- *A. Ronald Sirna, Jr., P.C. Profit Sharing Plan v. Prudential Securities, Inc.*, 964 F. Supp. 147 (S.D.N.Y. 1997).





WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP





- *Kurzweil v. Philip Morris Companies*, 94 Civ. 2373 (MBM), 1997 U.S. Dist. LEXIS 4451 (S.D.N.Y. April 8, 1997).

- *Bobrow v. Mobilmedia, Inc.*, Civil Action No. 96-4715, 1997 U.S. Dist. LEXIS 23806 (D.N.J. March 31, 1997).

- *Kalodner v. Michaels Stores, Inc.*, 172 F.R.D. 200 (N.D.Tex. 1997).

- *In re Painewebber Ltd. Partnerships Litigation*, 171 F.R.D. 104 (S.D.N.Y. 1997).

- *A. Ronald Sirna, Jr., P.C. Profit Sharing Plan v. Prudential Securities, Inc.*, 95 Civ. 8422 (LAK), 1997 U.S. Dist. LEXIS 1226 (S.D.N.Y. Feb. 7, 1997).

- *Dresner Co. Profit Sharing Plan v. First Fidelity Bank, N.A.*, 95 Civ. 1924 (MBM), 1996 U.S. Dist. LEXIS 17913 (S.D.N.Y. Dec. 3, 1996).

- *Simon v. American Power Conversion Corp.*, 945 F. Supp. 416 (D.R.I. 1996).

- *TII Industries, Inc.*, 96 Civ. 4412 (SAS), 1996 U.S.Dist. LEXIS 14466 (S.D.N.Y. Oct. 1, 1996).

- *In re TCW/DW North American Government Income Trust Securities Litigation*, 941 F.Supp. 326 (S.D.N.Y. Oct. 1, 1996).

- *In re Painewebber Ltd. Partnership Litigation*, 94 Civ. 8547 (SHS), 1996 U.S. Dist. LEXIS 9195 (S.D.N.Y. June 28, 1996).

- *In re Tricord Systems, Inc.. Securities Litigation*, Civil No. 3-94-746, 1996 U.S. Dist. LEXIS 20943 (D. Minn. April 5, 1996).

- *In re Painewebber Limited Partnership Litigation*, 94 Civ. 8547 (SHS), 1996 U.S. Dist. LEXIS 1265 (S.D.N.Y. Feb. 6, 1996).

- *Zitin v. Turley*, [1991 Transfer Binder] Fed.Sec.L.Rep. (CCH) ¶ 96,123 (D. Ariz. June 20, 1994).

- *In re Southeast Hotel Properties Limited Partnership Investor Litigation*, 151 F.R.D. 597 (W.D.N.C. 1993).

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP

## STATE COURT OPINIONS





- *Naevus Int'l v. AT&T Corp.*, 283 A.D.2d 171, 724 N.Y.S.2d 721 (2001).

- *Paramount Communications, Inc. v. QVC Network, Inc.*, 637 A.2d 34 (Del. Super. Ct. 1994).

- *In re Western National Corp. Shareholders Litigation*, Consolidated C.A. No. 15927, 2000 Del. Ch. LEXIS 82 (May 22, 2000).

- *In re Cencom Cable Income Partners, L.P. Litigation*, C.A. No. 14634, 2000 Del. Ch. LEXIS 90 (May 5, 2000).

- *In re Cencom Cable Income Partners, L.P. Litigation*, Consolidated C.A. No. 14634, 2000 Del. Ch. LEXIS 10 (Jan. 27, 2000).

- *In re Marriott Hotels Properties II Limited Partnership Unitholders Litigation*, Consolidated C.A. No. 14961, 2000 Del. Ch. LEXIS 17 (Jan. 24, 2000).

- *Romig v. Jefferson-Pilot Life Insurance Company*, 132 N.C. App. 682, 513 S.E.2d 598 (Ct. App. 1999), *aff'd*, 351 N.C. 349, 524 S.E.2d 804 (N.C.S.Ct. 2000).

- *Wallace v. Wood*, 752 A.2d 1175 (Del. Ch. 1999).

- *Greenwald v. Batterson*, C.A. No. 16475, 1999 Del. Ch. LEXIS 158 (July 26, 1999).

- *Brown v. Perrette*, Civil Action No. 13531, 1999 Del. Ch. LEXIS 92 (May 18, 1999).

- *In re Cencom Cable Income Partners, L.P. Litigation*, C.A. No. 14634, 1997 Del. Ch. LEXIS 146 (Oct. 15, 1997).

- *In re Marriott Hotel Properties II Limited Partnership Unitholders Litigation*, Consolidated C.A. No. 14961, 1997 Del. Ch. LEXIS 128 (Sept. 17, 1997).

- *In re Cheyenne Software Shareholders Litigation*, Consolidated C.A. No. 14941, 1996 Del. Ch. LEXIS 142 (Nov. 7, 1996).

- *Seinfeld v. Robinson*, 246 A.D.2d 291, 676 N.Y.S.2d 579 (N.Y. 1998).

- *Werner v. Alexander*, 130 N.C. App. 435, 502 S.E.2d 897 (N.C. Ct. App. 1998).

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP

## NON-DISCRIMINATION POLICIES







Wolf Haldenstein does not discriminate or tolerate harassment against any employee or applicant because of race, creed, color, national origin, sex, age, disability, marital status, sexual orientation, or alienage or citizenship status and designs its hiring practices to ensure that minority group members and women are afforded equal employment opportunities without discrimination. The Firm is in compliance with all applicable Federal, State, County, and City equal employment opportunity laws.

Wolf Haldenstein is proud of its long history of support for the rights of, and employment opportunities for, women, the disadvantaged, and minority group persons, including the participation in civil rights and voter registration activities in the South in the early 1960's by partners of the Firm; the part-time employment of disadvantaged youth through various public school programs; the varied *pro bono* activities performed by many of the Firm's lawyers; the employment of many women and minority group persons in various capacities at the Firm, including at the partner level; the hiring of ex-offenders in supported job training programs; and the use of minority and women-owned businesses to provide services and supplies to the Firm.

WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
270 MADISON AVENUE
NEW YORK, NY 10016
TELEPHONE: 212-545-4600
TELECOPIER: 212-545-4653

WWW.WHAFH.COM

SYMPHONY TOWERS
750 B STREET, SUITE 2770
SAN DIEGO, CA 92101
TELEPHONE: 619-239-4599
TELECOPIER: 619-234-4599

55 WEST MONROE STREET
SUITE 1111
CHICAGO, IL 60603
TELEPHONE: 312-984-0000
TELECOPIER: 312-984-0001

625 NORTH FLAGLER DRIVE
WEST PALM BEACH, FL 33401
TELEPHONE: 561-833-1776

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP

# EXHIBIT 4

Gregory M. Nespole (GN-6820)
Thomas H. Burt (TB-7601)
Laurence J. Hasson (LH-5834)
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
Attorneys for Plaintiffs
270 Madison Avenue
New York, New York 10016
(212) 545-4600

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LARRY FREUDENBERG, individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff(s),<br><br>-against-<br><br>E*TRADE FINANCIAL CORPORATION, MITCHELL H. CAPLAN, and ROBERT J. SIMMONS,<br><br>                Defendant(s). | ECF CASE<br><br>Civil Action No. 07-8538 (RWS)<br><br>CLASS ACTION |

(Captions Continued...)

**[PROPOSED] ORDER CONSOLIDATING THE ACTIONS, APPOINTING LEAD PLAINTIFFS, AND APPROVING LEAD PLAINTIFFS' SELECTION OF LEAD COUNSEL**

WILLIAM BOSTON, Individually and On Behalf of All Others Similarly Situated,

Plaintiff(s),

-against-

E*TRADE FINANCIAL CORPORATION, MITCHELL H. CAPLAN, and ROBERT J. SIMMONS,

Defendant(s).

ECF CASE

Civil Action No.   07-8808 (RWS)

CLASS ACTION

ROBERT D. THULMAN, Individually and On Behalf of All Others Similarly Situated,

Plaintiff(s),

-   against --

E*TRADE FINANCIAL CORPORATION, MITCHELL H. CAPLAN, and ROBERT J. SIMMONS,

Defendants.

ECF CASE

Civil Action No. 07-9651 (RWS)

CLASS ACTION

2

Upon consideration and review of all the Lead Plaintiff motions filed herein, the Court hereby appoints First Derivative Traders LP ("First Derivative") and Robert and Jessica Grant (the "Grants") as Lead Plaintiffs for the Class of purchasers of E*TRADE Financial Corporation ("E*TRADE" or the "Company") common stock between December 14, 2006, through September 15, 2007, inclusive (the "Class Period"). First Derivative and the Grants satisfy the requirements for Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), §21D(a)(3)(B)(iii).

1.    Pursuant to §21D(a)(3)(B)(v) of the PLSRA, First Derivative and the Grants have selected and retained the law firm of Wolf Haldenstein Adler Freeman & Herz LLP, as Lead Counsel in this action. The Court approves the selection of Wolf Haldenstein Adler Freeman & Herz LLP to serve as Lead Counsel for the Class.

2.    Lead Counsel for the Class shall have the following responsibilities and duties, to be carried out either personally or through counsel whom Lead Counsel shall designate:

(a)    the briefing and argument of motions;

(b)    the conduct of discovery proceedings;

(c)    the examination of witnesses in depositions;

(d)    the selection of counsel to act as spokesperson at pretrial conferences;

(e)    to call meetings of the plaintiffs' counsel as they deem necessary and appropriate from time to time;

(f)    to conduct all settlement negotiations with counsel for defendants;

3

(g)    to conduct and/or direct the pretrial discovery proceedings and the preparation for trial of this matter and to delegate work responsibilities to selected counsel as may be required; and,

(h)    to supervise any other matters concerning the prosecution, resolution or settlement of this action.

3.    No motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any plaintiff in the Class without the approval of Lead Counsel, so as to prevent the duplicative pleadings or discovery by plaintiffs.  No settlement negotiations shall be conducted without the approval of Lead Counsel.

4.    Lead Counsel shall have the responsibility of receiving and disseminating Court orders and notices, other than as may be served through this Court's ECF System.

5.    Lead Counsel shall be the contact between plaintiffs' counsel and defendants' counsel, as well as the spokesperson for plaintiffs' counsel, and shall direct and coordinate the activities of plaintiffs' counsel.

6.    Other than as served through the Court's ECF System: Defendants shall effect service of papers on plaintiffs by serving a copy of same on Lead Counsel by overnight mail service, telecopy or hand delivery.  Lead Counsel shall serve copies of such papers on the other plaintiffs' counsel by first-class mail.  Plaintiffs shall affect service of papers on defendants by serving a copy on defendants' counsel by overnight mail service, telecopy, or hand delivery.

7.    During the pendency of this litigation, or until further order of this Court, the parties shall take reasonable steps to preserve all documents within their possession, custody, or control, including computer-generated and stored information, and materials such as

4

computerized data and electronic mail, containing information which is relevant to the subject matter of the pending litigation.

       8.    The Court hereby orders that Lead Plaintiffs for the Class are permitted to file an amended class action complaint within 45 days of this Order.

SO ORDERED, this ___ day of December, 2007.


_____
                           U.S.D.J.

495110