UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

LARRY FREUDENBERG, individually and )
On Behalf of All Others Similarly Situated, )
                                 )
                Plaintiff, )
                                 )
v.                                   )
                                  )
E*TRADE FINANCIAL CORPORATION, )
MITCHELL H. CAPLAN and ROBERT J. )
SIMMONS,                    )
                                  )
                Defendants. )
_____)

Case No. 07-8538

Caption Continued on Next Page

**MEMORANDUM OF LAW IN SUPPORT OF IRA NEWMAN'S MOTION FOR
CONSOLIDATION OF ALL RELATED ACTIONS, APPOINTMENT AS LEAD
PLAINTIFF AND APPROVAL OF HIS SELECTION OF LEAD COUNSEL**

Eduard Korsinsky
Joseph E. Levi
**LEVI & KORSINSKY, LLP**
39 Broadway, Suite 1601
New York, New York 10006
T. (212) 363-7500
F. (212) 363-7171

*Attorneys for Ira Newman*

WILLIAM BOSTON, individually and    )
On Behalf of All Others Similarly Situated,  )
                                             )
                        Plaintiff,           )        Case No. 07-8808
                                             )
v.                                           )
                                             )
E*TRADE FINANCIAL CORPORATION, )
MITCHELL H. CAPLAN and ROBERT J.  )
SIMMONS,                                     )
                                             )
                        Defendants.          )
_____)
ROBERT D. THULMAN, individually and )
On Behalf of All Others Similarly Situated,  )
                                             )
                        Plaintiff,           )        Case No. 07-9651
                                             )
v.                                           )
                                             )
E*TRADE FINANCIAL CORPORATION, )
MITCHELL H. CAPLAN and ROBERT J.  )
SIMMONS,                                     )
                                             )
                        Defendants.          )
_____)
                                             )
JOSHUA FERENEC, individually and    )
On Behalf of All Others Similarly Situated,  )
                                             )
                        Plaintiff,           )        Case No. 07-10540
                                             )
v.                                           )
                                             )
E*TRADE FINANCIAL CORPORATION, )
MITCHELL H. CAPLAN and ROBERT J.  )
SIMMONS,                                     )
                                             )
                        Defendants.          )
_____)

## TABLE OF CONTENTS

**PAGE**

I.   PRELIMINARY STATEMENT..................................................................1

II.  SUMMARY OF THE ALLEGATIONS……………………………………….2

III. PROCEDURAL HISTORY……………………………………………….... 5

IV.  ARGUMENT...................................................................................... 5

    A.   The Pending Actions Should Be Consolidated…………………..5

    B.   Mr. Newman's Motion Is Properly
        Made Pursuant To The PSLRA...................................................... 6

    C.   Mr. Newman Has Complied With The Requirements
        Of The PSLRA And Has The Largest Financial
        Interest In The Relief Sought By The Class……………………...6

    D.   Mr. Newman Satisfies the Requirements of Fed. R. Civ. P. 23....7

        1.   Mr. Newman's Claims Are Typical………………………8

        2.   Mr. Newman Will Fairly and Adequately
            Represent the Interests of the Class………………...…10

    E.   The Court Should Approve Mr. Newman's
        Selection of Lead Counsel…………………………………………11

V.   CONCLUSION...........................................................................................11

## I.    PRELIMINARY STATEMENT

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B), Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), Ira Newman, an investor with a loss of $487,838.81 from the purchase of E*Trade Financial Corporation ("E*Trade" or the "Company") securities, respectfully submits this memorandum of law in support of his motion to: (i) consolidate all related actions; (ii) be appointed Lead Plaintiff in the consolidated securities class action; and (iii) approve his selection and retention of Levi & Korsinsky, LLP as Lead Counsel.

Not only has Mr. Newman incurred the largest loss of any plaintiff that has filed a Complaint in this matter, Mr. Newman also appears to be the only plaintiff with standing to pursue claims on behalf of various subclasses in this action. During the Class Period (defined below), Mr. Newman incurred substantial losses trading the common stock of E*Trade. He also incurred losses trading the options of E*Trade. Mr. Newman also had an E*Trade brokerage account in which he incurred heavy losses trading E*Trade common stock during the Class Period, entitling him to assert unique claims on behalf of E*Trade's clients for fraud and breach of fiduciary duty against their brokerage firm. As Mr. Newman's broker, E*Trade owed him, and those similarly situated, legal duties beyond those dictated by the federal securities laws. Only those clients of E*Trade who traded E*Trade securities in their E*Trade brokerage account can assert such claims against E*Trade, and Mr. Newman is uniquely qualified to represent these investors.

This securities class action alleges violations of Sections 10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5 on behalf of all persons who purchased E*Trade securities during the period of April 20, 2006 through and including November 12, 2007

(the "Class Period").  The action charges E*Trade and certain of its top officers with disseminating false and misleading statements about the Company to the investing public.

The Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B)(iii), affords a presumption that the person or group of persons with the largest financial interest in the relief sought by the class (and any subclass), and who otherwise preliminarily satisfies the requirements of Fed. R. Civ. P. 23, is presumed to be the most adequate plaintiff and should therefore be appointed as lead plaintiff.  Here, Mr. Newman is believed to be the shareholder with the largest financial interest in the relief sought by the class (and any subclass) and satisfies the applicable requirements of Fed. R. Civ. P. 23.  For the reasons set forth below, Mr. Newman respectfully requests that this Court appoint him as Lead Plaintiff and approve his selection of Lead Counsel.

## II.    SUMMARY OF THE ALLEGATIONS

E*Trade, through its subsidiaries, offers financial solutions to retail and institutional customers worldwide. It provides retail investments and trading, which include automated order placement, and execution of market and limit equity, futures, options, exchange-traded funds, mutual funds, and bond orders, as well as offers quick transfer, wireless account access, extended hours trading, quotes, and research and advanced planning tools. The Company also offers interest-earning checking, money market, savings, sweep deposit, and certificates of deposit products, as well as provides access to deposit account balances and transactions.  In addition, it offers mortgage, home equity, and margin and credit card products; real estate loans; and various consumer loans, including recreational vehicle, marine, commercial, automobile, and credit card

loans. The Company also provides advisory and asset management services to retail clients.

Several class action complaints have been filed in this matter alleging wrongs committed by defendants during the Class Period. Specifically, the Complaints allege that the Company and its senior management failed to disclose or indicate that: (i) E*Trade was experiencing increased delinquencies in its mortgage and home equity portfolios (ii) E*Trade had failed to adequately reserve for loan losses; (iii) the Company would be forced to take $95 million in charge-offs and provision expenses of $245 million in the second half of 2007; (iv) the Company had failed to timely record impairments on certain securities, and (v) as a result, such portfolios were materially overvalued. Consequently, the Company's statements regarding its 2007 financial and operational results were lacking in any reasonable basis when made.[1]

On September 17, 2007, the Company announced that it was exiting the wholesale mortgage business, restructuring its institutional brokerage business, and revising its previously issued 2007 financial guidance. The Company disclosed that it expected charge-offs of $95 million dollars, provision expenses of $245 million in the second half of 2007 due to an increased allowance for loan losses, and that it expected "severance restructuring and other exit charges" of $32 million as a result of its decision to exit and restructure the businesses. Additionally the Company stated that it was revising its earnings guidance for 2007 to anticipated earnings per share ("EPS") ranging between $1.05 and $1.15 for the year which is significantly lower than the Company's previously issued guidance in the range of $1.53 to $1.67 EPS for the year.[2]

---

[1] *Robert Thulman v. E*Trade et al,* 07-cv-9651, Complaint at Para. 3.
[2] *Id* at Para. 4.

As a result of this news, over the next six trading days E*Trade shares fell $2.32 per share, or more then 16.3 percent, to close on September 25, 2007 at $11.89 per share on heavy trading volume.[3]  As more information about the severity of the Company's financial situation was disseminated to the public, the Company's stock price continued to decline.  Eventually, on November 12, 2007, E*Trade's common stock plummeted to $3.55 per share on news that the Company may be heading into bankruptcy.  E*Trade's financial situation became so dire that on November 29, 2007, it had to procure a $2.55 billion capital infusion from one of its largest shareholders, a hedge fund by the name of Citadel Investment Group.

As senior executive officers and/or directors and as controlling persons of a publicly traded company whose common stock is registered with the SEC pursuant to the Exchange Act, traded on The NASDAQ Stock Market ('NASDAQ") and governed by the federal securities laws, the Company's management had a duty to promptly disseminate accurate and truthful information with respect to E*Trade's financial condition and performance, growth, operations, financial statements, business, products, markets, management, earnings and present and future business prospects, and to correct any previously issued statements that had become materially misleading or untrue, so that the market price of E*Trade's common stock would be  based upon truthful and accurate information. Management's alleged misrepresentations and omissions during the Class Period violated these specific requirements and obligations.

Moreover, as Mr. Newman's broker, E*Trade had a direct legal duty to Mr. Newman and all other E*Trade clients, to act in good faith and provide full disclosure about all investments made by its clients, including investments in E*Trade securities.

---

[3] *Id*. at Para 5.

As a result of the wrongful acts and omissions described above, E*Trade's stock traded at an artificially inflated price during the Class Period and declined drastically upon disclosure of the above mentioned information, which directly caused Mr. Newman and others similarly situated to sustain damages.

## III.    PROCEDURAL HISTORY

On October 2, 2007, the first class action complaint was filed in the Southern District of New York relating to the factual allegations discussed above, *Larry Freudenberg v. E*Trade Financial Corporation, et al.*, 07-cv-8538. Thereafter, three additional class action complaints were filed alleging substantially similar facts and causes of action: On October 12, 2007, *William Boston v. E*Trade Financial Corporation, et al.,* 07-cv-08538; on October 30, 2007, *Robert D. Thulman v. E*Trade Financial Corporation, et al.,* 07-cv-9651; and on November 21, 2007, *Joshua Ferenc v. E*Trade Financial Corporation, et al.,* 07-9651.

## IV.    ARGUMENT

### A.    The Pending Actions Should Be Consolidated

The above-listed actions involve class action claims on behalf of purchasers of E*Trade common stock and assert essentially similar and overlapping class claims for relief. Consolidation is appropriate where, as here, there are actions involving common questions of law or fact. See Fed. R. Civ. P. 42(a); *see also Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).

**B.      Mr. Newman's Motion Is Properly
         Made Pursuant To The PSLRA**

Pursuant to Section 78u-4(a)(3)(A)(i) of the PSLRA, on October 2, 2007, the law

firm of Coughlin Stoia Geller Rudman & Robbins LLP caused to be published the first

known notice over a national business-oriented wire service, Business Wire, advising

members of the proposed class that a securities class action was filed and that investors

had 60 days (until December 3, 2007) in which to move for appointment as lead plaintiff.

*See* 15 U.S.C. § 78u-4(a)(3)(A)(i); Korsinsky Declaration ("Kors. Decl.") ¶ 2, Exhibit A.

In *Gesenhues v. Checchi,* 2006 WL 1169673, at *1 (S.D.N.Y. 2006), the Southern

District of New York found that the notice requirements of Section 78u-4(a)(3)(A)(i) of

the PSLRA are satisfied when the plaintiff publishes notice through Business Wire.  *See

also, Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 545-56 (N.D. Tex. 1997) (finding

publication of notice over Business Wire adequate).

Having timely filed the instant motion, Newman, satisfies the requirements set

forth in Section 78u-4(a)(3)(B)(iii)(I)(aa) of the PSLRA.   *See* 15 U.S.C. § 78u-

4(a)(3)(B)(iii)(I)(aa).

**C.      Mr. Newman Has Complied With The Requirements
         Of The PSLRA And Has The Largest Financial
         Interest In The Relief Sought By The Class**

Mr. Newman has signed a certification attesting to his transactions in E*Trade

securities and authorizing this action to be maintained on his behalf and on behalf of a

class of similarly situated individuals.  This certification contains the requisite statements

and satisfies subsection (aa) of Section 78u-4(a)(3)(B)(iii)(I) of the PLSRA.  A copy of

the certification is attached as Exhibit B to the Kors. Decl. submitted herewith.

During the Class Period, Mr. Newman, suffered losses of $487,838.81 as a result of the purchase of E*Trade common stock and options.    This amount consists of $298,178.81 in losses pertaining to the purchases of E*Trade common stock, of which $74,205.01 was lost in Mr. Newman's E*Trade brokerage account, and $189,660.00 in losses stemming from option purchases and sales.    Thus, Mr. Newman is believed to possess the largest financial interest in the relief sought by the class in these actions.    Mr. Newman, satisfies Section 78u-4(a)(3)(B)(iii)(I)(bb) of the PSLRA and is presumptively the most adequate lead plaintiff to represent the class and any subclasses in this action. See 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

**D.      Mr. Newman Satisfies the Requirements of Fed. R. Civ. P. 23**

Section 78u-4(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two, typicality and adequacy, directly address the personal characteristics of the class representative.  *See In re Lernout & Hauspie Sec. Litig.,* 138 F. Supp. 2d 39, 46 (D. Mass. 2001)(recognizing that plaintiffs seeking appointment as lead plaintiff need only make preliminary showing that they

7

satisfy Rule 23 typicality and adequacy requirements).  Consequently, in deciding a lead plaintiff motion, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification.  *See Gluck*, 976 F. Supp. at 546.  A Court's determinations with respect to typicality and adequacy are without prejudice to defendants' right to contest these issues later in the action.  As set forth below, Mr. Newman, satisfies the typicality and adequacy requirements of Rule 23(a), thereby justifying his appointment as Lead Plaintiff.

### 1.    Mr. Newman's Claims Are Typical

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied when the prospective lead plaintiff's claims arise out of the same course of conduct and are based on the same legal theory of the other members of the class and/or subclass.  *See Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993); *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992); *In re NASDAQ Market-Makers Antitrust Litig.*, 172 F.R.D. 119, 126 (S.D.N.Y 1997); *see also Lernout & Hauspie*, 138 F. Supp. 2d at 46 (typicality satisfied when a "named plaintiffs' claims arise from the 'same events or course of conduct' and involve the same legal theory as do the claims of the rest of the class") (quoting *In re Bank of Boston Corp. Sec. Litig.,* 762 F. Supp. 1525, 1532 (D. Mass. 1991)).

Rule 23 does not require that the named plaintiffs be identically situated with all class members.  It is enough if their situations share a common issue of law or fact.  *See In re NASDAQ Market-Makers*, 172 F.R.D. at 126.  Here, Mr. Newman's claims are typical of, if not identical to, the claims of the other members of the class and/or subclass.

As detailed above, the complaints allege that the defendants violated Sections 10(b) and 20(a) of the Exchange Act and related SEC regulations, by publicly disseminating false and misleading statements during the Class Period.  In this action, the questions of law and fact common to the members of the class (and any subclass) and which affect individual class members include:

(a)    whether the federal securities laws were violated by defendants' acts as alleged herein;

(b)    whether the Company issued false and misleading statements during the Class Period;

(c)    whether the Company's management issued false and misleading statements during the Class Period;

(d)    whether defendants acted knowingly or recklessly in issuing false and misleading statements;

(e)    whether the market prices of E*Trade's common stock, options and other securities were artificially inflated during the Class Period because of defendants' conduct complained of herein;

(f)    Whether E*Trade breached its fiduciary duties and other obligations to its brokerage clients[4]; and

(f)    whether the members of the class have sustained damages and, if so, what is the proper measure of damages.

These questions apply equally to Mr. Newman, as well as to all members of the purported class (and any subclass).  Similar to all of the other members of the class (and

---

[4] No complaints have yet been filed alleging claims exclusively available to E*Trade brokerage clients. Mr. Newman intends to include such claims in the consolidated amended complaint should he be appointed Lead Plaintiff.

9

any subclass), Mr. Newman, relied upon the integrity of the market and the Company in purchasing E*Trade securities during the Class Period.   As a result, Mr. Newman suffered damages in the amount of $487,838.81.   Mr. Newman's claims are based on the same course of conduct and legal theories of the other members of the class.   Thus, the typicality requirement is satisfied in this case.   *See In re NASDAQ Market-Makers*, 172 F.R.D. at 126; *In re Drexel Burnham Lambert Group, Inc*., 960 F.2d at 291.

### 2.      Mr. Newman Will Fairly and Adequately Represent the Interests of the Class

The adequacy requirements of Rule 23(a)(4) depends both on an "absence of conflict and antagonistic interests between the proposed representatives and the class members, and [ ] that Plaintiffs' counsel is 'qualified, experienced and capable.'" *In re NASDAQ Market-Makers*, 169 F.R.D. 493, 512 (S.D.N.Y. 1996)(citations omitted); *see also In re Oxford Health Plans, Inc. Sec. Litig*., 182 F.R.D. 42, 50 (S.D.N.Y. 1998).

Mr. Newman satisfies this test.   First, there is no conflict between Mr. Newman and other class members – all investors are aligned in the common interest of recovering the maximum possible damages from the defendants.   Indeed, the substantial loss suffered by Mr. Newman creates an incentive to maximize the recovery in this case. Second, Mr. Newman has selected Levi & Korsinsky, LLP as Lead Counsel.   Levi & Korsinsky, LLP has extensive experience in the area of securities litigation and has prosecuted many securities fraud class actions.   A copy of the firm resume for Levi & Korsinsky, LLP is annexed to the Kors. Decl. as Exhibit C.

Accordingly, there can be no doubt that Mr. Newman has amply demonstrated his ability to oversee this action and to act in the best interest of the class (and any subclass) to obtain the maximum recovery.   Based on these facts, Mr. Newman satisfies the

requirements of Section 78u-4(a)(3)(B)(iii)(I) of the PSLRA and should be appointed Lead Plaintiff.

>       **E.      The Court Should Approve Mr. Newman's
>               Selection of Lead Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to approval by the Court. See 15 U.S.C. § 78u-4(a)(3)(B)(v). Mr. Newman, has selected and retained the law firm of Levi & Korsinsky, LLP as Lead Counsel in this action. The attorneys at Levi & Korsinsky, LLP are highly skilled and experienced practitioners who specialize in federal securities class action and derivative litigation and are thoroughly committed to the vigorous prosecution of this action. See Korsinsky Decl, Ex. C.

## V.      CONCLUSION

For all of the foregoing reasons, Mr. Newman respectfully requests that this Court: (i) consolidate all related actions; (ii) appoint him as Lead Plaintiff in the consolidated securities class action; and (iii) approve his selection and retention of Levi & Korsinsky, LLP as Lead Counsel.

Dated:  December 3, 2007                     Respectfully submitted,

                                            **LEVI & KORSINSKY, LLP**

                                            /s/Eduard Korsinsky
                                            Eduard Korsinsky
                                            Joseph E. Levi
                                            39 Broadway, Suite 1601
                                            New York, NY  10006
                                            (212) 363-7500 (tel)
                                            (212) 363-7171 (fax)

                                            **Attorneys For Ira Newman**

                                            **Proposed Lead Counsel**