**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____
                                                  )
LARRY FREUDENBERG, Individually and   )
on Behalf of All Others Similarly Situated,   )
                                                  )   Civil Action No. 07-8538-RWS
                              Plaintiff,      )
                                                  )   <u>CLASS ACTION</u>
       -against-                              )
                                                  )   <u>ELECTRONICALLY FILED</u>
E*TRADE FINANCIAL CORPORATION,  )
MITCHELL H. CAPLAN and ROBERT J.   )
SIMMONS,                                     )
                                                  )
                              Defendants.  )
_____)
   (caption continued on next pages)

**MEMORANDUM OF LAW IN REPLY TO OPPOSITION OF
COMPETING MOTIONS AND IN FURTHER SUPPORT OF SKANDIA LIFE
INSURANCE COMPANY LTD.'S  MOTION FOR CONSOLIDATION, APPOINTMENT
<u>AS LEAD PLAINTIFF, AND APPROVAL OF ITS SELECTION OF COUNSEL</u>**

744041.1

|  |  |
|---|---|
| WILLIAM BOSTON, Individually and on Behalf of All Others Similarly Situated, </br></br>                    Plaintiff, </br></br>     -against- </br></br> E*TRADE FINANCIAL CORPORATION, MITCHELL H. CAPLAN and ROBERT J. SIMMONS, </br></br>                    Defendants. | Civil Action No. 07-8808-RWS |
| ROBERT D. THULMAN, Individually and on Behalf of All Others Similarly Situated, </br></br>                    Plaintiff, </br></br>     -against- </br></br> E*TRADE FINANCIAL CORPORATION, MITCHELL H. CAPLAN and ROBERT J. SIMMONS, </br></br>                    Defendants. | Civil Action No. 07-9651-RWS |
| WENDY M. DAVIDSON, Individually and on Behalf of All Others Similarly Situated, </br></br>                    Plaintiff, </br></br> -against- </br></br> E*TRADE FINANCIAL CORPORATION, MITCHELL H. CAPLAN and ROBERT J. SIMMONS, </br></br>                    Defendants. | Civil Action No. 07-10400-UA |

744041.1

|  |  |
|---|---|
| JOSHUA FERENC, Individually and on Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br><br>-against-<br><br>E*TRADE FINANCIAL CORPORATION, MITCHELL H. CAPLAN, AND ROBERT J. SIMMONS,<br><br>       Defendants. | Civil Action No. 07-10540-SHS |

744041.1

Skandia Life Insurance Company Ltd. ("Skandia") submits this memorandum of law in reply to the opposition of competing motions and in further support of its Motion for Consolidation, Appointment as Lead Plaintiff, and Approval of Its Selection of Counsel.

## ARGUMENT

Of the initial lead plaintiff movants, four remain: Skandia, State Teachers Retirement System of Ohio ("Ohio"), the Kristen-Straxton Group ("KSG"), and Ira Newman.[1]  Skandia agrees with Ohio that KSG should not be appointed lead plaintiff for the reasons presented in Skandia's and Ohio's memorandums in opposition:

- KSG members dealt in Contracts for Differences ("CfDs") and provided virtually no transparent information to the Court or the other movants about its offshore dealings in CfDs (Ohio Mem. Opp'n at 6 (Dkt. 31));

- CfDs are illegal in the United States, and whether CfDs can even be considered securities under United States securities laws is unclear and will thus subject KSG and the putative class to contracted, complicated collateral litigation (id. at 7-8; Skandia Mem. Opp'n at 6-7 (Dkt. 28));

- whatever losses KSG may have suffered in dealing with CfDs may have been caused by something other than information available to the other movants and class members, such as a bad investment strategy in dealing in CfDs; thus, KSG may not be able to prove loss causation (Ohio Mem. Opp'n at 8; Skandia Mem.Opp'n at 5-6);

- KSG may not be able to rely on the fraud-on-the-market theory because its members' dealings in CfDs occurred on a foreign over-the-counter market (Ohio Mem. Opp'n at 9; Skandia Mem. Opp'n at 6);

- KSG may not be able successfully to argue for any corporate governance changes because CfDs do not provide investors with any ownership or voting rights in the underlying instrument (Ohio Mem. Opp'n at 9; Skandia Mem. Opp'n at 4).[2]

---

[1] Newman, with a reported loss of $487,838.81, did not file a response memorandum.  The E*Trade Institutional Investor Group and a group comprised of First Derivative Traders LP and Robert and Jessica Grant filed motions to withdraw their motions on December 20, 2007.

[2] KSG's broker, in his Declaration, states that "CFDs may also possess other attributes of share ownership including voting rights with respect to the underlying shares purchased."  Decl. of Roger Hambury ¶ 5 (Dkt. 38-4) (emphasis added).  However, the United Kingdom's Financial Services Authority ("FSA") – the British equivalent of the SEC – states that a CfD "does not give the holder either ownership of the referenced shares or any ownership rights, such as voting rights."  FSA Consultation Paper 07/20, Disclosure of Contracts for Difference Nov. 2007 ¶ 2.2, p. 11

Therefore, Ohio, a single institutional investor with the largest reported loss of any movant who is typical, not subject to a unique defense, and able to employ the fraud-on-the-market theory, should be appointed lead plaintiff. Skandia respectfully submits that the Court should appoint Skandia as co-lead plaintiff with Ohio for the reasons stated in its Memorandum in Opposition at 7-8.

## CONCLUSION

For all of the above reasons and the reasons previously given in its Opening Memorandum and Memorandum in Opposition, Skandia respectfully requests that the Court: (1) consolidate the Related Actions; (2) appoint Skandia as co-lead plaintiff with Ohio in the proposed consolidated actions; and (3) approve Skandia's selection of co-lead counsel.

Respectfully submitted this 7th Day of January, 2008.

/s/ Daniel P. Chiplock
Daniel P. Chiplock (DC – 1137)

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Steven E. Fineman, Esq. (SF – 8481)
Daniel P. Chiplock, Esq. (DC – 1137)
780 Third Avenue, 48th Floor
New York, New York 10017-2024
Tel: 212-355-9500
Fax: 212-355-9592

[Proposed] Liaison Counsel

and

---

(available at http://www.fsa.gov.uk/pubs/cp/cp07_20.pdf). Mr. Hambury does not assert that the CfDs at issue here did, in fact, "possess other attributes of share ownership," thus implying that the members of KSG do not have any ownership or voting rights in E*Trade.

2

744041.1

MOTLEY RICE LLC
Ann K. Ritter, Esq.
James M. Hughes, Esq.
P.O. Box. 1792 (29465)
28 Bridgeside Boulevard
Mount Pleasant, South Carolina 29464
Tel: (843) 216-9000
Fax: (843) 216-9450

[Proposed] Lead Counsel

and

STURMAN LLC
Deborah Sturman, Esq.
112 Madison Avenue
New York, New York 10016-7416
Tel: 646-932-2040
Fax: 917-546-2544

Counsel for Skandia Life Insurance Company Ltd.