# EXHIBIT A

**ABBEY SPANIER RODD & ABRAMS, LLP**
ATTORNEYS AT LAW

212 EAST 39TH STREET
NEW YORK, NEW YORK 10016
PHONE 212 889 3700
FAX 212 684 5191
www.abbeyspanier.com

JUDITH L. SPANIER
jspanier@abbeyspanier.com

July 9, 2008

<u>*Via FAX*</u>

Honorable Robert W. Sweet
United States District Court
Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007

   **Re:** *Larry Freudenberg v. E*Trade Financial Corporation, et al.*
     No.: 1:07-cv-08538-RWS
     *William Boston v. E*Trade Financial Corporation, et al.*
     No.: 1:07-cv-08808-RWS
     *Robert D. Thurman v. E*Trade Financial Corporation, et al.*
     No.: 1:07-cv-09651-RWS
     *Wendy M. Davidson v. E*Trade Financial Corporation, et al.*
     No.: 1:07-cv-10400-RWS
     *Joshua Ferenc v. E*Trade Financial Corporation, et al.*
     No.: 1:07-cv-10540-RWS

Dear Judge Sweet:

  We represent proposed lead plaintiff State Teachers Retirement System of Ohio ("STRS"). We write in response to the Kristen-Straxton Group's ("KSG") July 7, 2008 letter to the Court (the "KSG Letter") and Notice of Supplemental Authority (the "Notice") filed on July 7, 2008.

  STRS respectfully submits that KSG's reliance on *CSX Corporation v. The Children's Investment Fund Management (UK) LLP*, No. 08-cv-2764 (LAK), 2008 U.S. Dist. LEXIS 46039 (S.D.N.Y. June 11, 2008), is misplaced and appears to be a pretext for yet another attempt by KSG to improperly reargue its lead plaintiff motion. Although KSG attempts to portray *CSX* as clearing the way for contracts for difference ("CFDs") to be recognized as equity securities under U.S. law, there is no support in the decision for that proposition.

  In *CSX*, plaintiff brought an individual action against defendant hedge funds for violation of Section 13(d) of the Securities Exchange Act of 1934, which requires the

ABBEY SPANIER RODD & ABRAMS, LLP

Honorable Robert W. Sweet
July 9, 2008
Pg. 2

beneficial owner of more than 5% of a company's securities to disclose its position.[1] Plaintiff CSX alleged that defendants attempted to avoid Section 13(d)'s disclosure requirements by acquiring long positions in Total Return Swap agreements ("TRSs") relating to CSX's common stock, as part of defendants' effort to launch a proxy fight for control of CSX's board. Following a bench trial, Judge Kaplan held that the defendants were required to disclose under SEC Rule 13d-3, which prohibits a party from "directly or indirectly" using a "contract, agreement or device" to evade the reporting requirements of Section 13(d). *CSX*, 2008 U.S. Dist. LEXIS 46039, at *62 (citing Rule 13d-3(a)(2)(b)).

Though KSG's letter is designed to lead the Court to believe otherwise, Judge Kaplan did not hold that the owner of a TRS is the beneficial owner of the underlying equity security. *See* KSG's Letter at 2 ("Judge Kaplan determined that ownership of a TRS, which functions the same as a CFD, see *CSX*, 2008 U.S. Dist. LEXIS 46039, at **9-19, constitutes 'beneficial ownership' of the underlying exchange traded security[.]"). Instead, the true import of Judge Kaplan's holding is that a party may not intentionally circumvent the securities laws, and then seek to free itself by making technical legal arguments which elevate form over substance.

KSG also attempts to paint the *CSX* decision as a full-scale attack on STRS's expert, Professor Frank Partnoy. Such is not the case. While rejecting Professor Partnoy's opinion regarding the definition of "beneficial owner," Judge Kaplan expressly declined to decide this legal issue because it was not relevant to the Court's ultimate determination that defendants had evaded the intent of Section 13(d). *Id.* at *86-87, n. 192.[2] Contrary to the KSG Letter, there is no indication that Judge Kaplan rejected any other portion of Professor Partnoy's extensive submissions, or that Professor Partnoy took a position in *CSX* that is adverse to the position he has taken in this litigation.

If the *CSX* case has any bearing on this action, it supports STRS's position that KSG would clearly be subject to unique defenses as a result of its trading exclusively in

---

[1] The plaintiff also brought claims under Section 14(a) of the Securities Exchange Act of 1934 and Virginia state law. *CSX*, 2008 U.S. Dist. LEXIS 46039, at *57-58.

[2] Judge Kaplan's disagreement with Professor Partnoy was based on policy only, and was not a rejection of any legal theory advocated by Professor Partnoy. In his submission to the court, Professor Partnoy opined that "beneficial owner" should be defined narrowly. Judge Kaplan disagreed with this assertion, stating that too narrow a definition would be open to "grave abuse."

In any event, KSG has made no showing that either Professor Partnoy's opinion on the definition of "beneficial owner," or Judge Kaplan's disagreement with Professor Partnoy's opinion, has any bearing on whether a CFD is a security.

ABBEY SPANIER RODD & ABRAMS, LLP

Honorable Robert W. Sweet
July 9, 2008
Pg. 3

CFDs. In declining to rule on the "beneficial owner" issue, Judge Kaplan stated that the issue of whether the holder of a cash-settled TRS (which KSG argues is the equivalent of a CFD) beneficially owns the referenced stock held by the counterparty "appears to be one of first impression." *CSX*, 2008 U.S. Dist. LEXIS 46039, at *3. Similarly here, KSG would necessarily be diverted from representing the class in this action in order to make the threshold showing that it actually purchased the securities that are the subject of this litigation to even have standing to assert any claims under the Securities Exchange Act. Even more fundamentally, KSG ignores that in a class action, KSG's trading in only CFDs subjects it to profound typicality and adequacy defenses under Fed. R. Civ. P. 23(a)(3) and (4). Indeed, KSG remains unable to cite any case appointing a CFD purchaser as a lead plaintiff.

Respectfully submitted,

Judith L. Spanier

cc:   All Counsel (by e-mail)