# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LARRY FREUDENBERG, Individually and On Behalf of All Others Similarly Situated,<br><br>                           Plaintiff,<br><br>   -against-<br><br>E*TRADE FINANCIAL CORPORATION, MITCHELL H. CAPLAN, ROBERT J. SIMMONS and DENNIS E. WEBB<br><br>                           Defendants. | Civil Action No.<br><br>07 Civ. 8538 (JPO) (MHD) |

## DECLARATION OF JOSE C. FRAGA
## REGARDING THE MAILINGS OF THE NOTICE AND PROOF OF CLAIM

Jose C. Fraga, hereby declares and states as follows:

1.     I am a Senior Director for GCG, Inc. ("GCG"), the Claims Administrator retained by Court-appointed Lead Counsel, Brower Piven, A Professional Corporation, pursuant to the Order Granting Preliminary Approval of Settlement, Granting Conditional Class Certification, and Providing for Notice (the "Preliminary Order"), dated June 12, 2012, in connection with the settlement of the above-captioned action (the "Settlement").

### CLASS MAILING

2.     Pursuant to the Preliminary Order, GCG was tasked with disseminating the Notice of Proposed Settlement of Class Action (the "Notice") and Proof of Claim and Release (the "Proof of Claim") of this Settlement to potential Settlement Class Members. The Notice and the Proof of Claim are collectively referred to as the "Claim Packet." A copy of the Claim Packet is attached hereto as Exhibit A.

3.      On or about June 28, 2012, GCG received files from American Stock Transfer and Trust Company, LLC, E*TRADE's stock transfer agent. These files contained the names and addresses of 2,146 unique persons or entities who may have purchased or otherwise acquired the securities of E*TRADE Financial Corporation between April 19, 2006 and November 9, 2007. GCG entered these 2,146 names and addresses into the GCG database created for this Settlement.

4.      GCG caused the names and addresses of the 2,146 record transferees identified in paragraph three to be preprinted on the Proof of Claim and inserted into envelopes containing the Notice. These Claim Packets were disseminated to these potential Class Members by first-class mail on July 3, 2012 (the "Class Mailing").

### BROKER MAILING

5.      As in most securities class actions, the majority of Class Members purchased their shares through brokerage firms, banks, institutions and other third-party nominees in the name of a nominee owner ("Nominees"). The parties to the litigation do not know the identity of such beneficial owners of stock. During GCG's more than 25-year history of administering class action settlements, GCG has created a proprietary database of banks, retail brokers, clearing agents, and other known nominee purchasers (the "Nominee Database"). GCG continually monitors and updates the Nominee Database as brokerage firms change addresses, go out of business, and come into existence. On July 3, 2012, in accordance with its normal practice of providing notice to beneficial owners, GCG mailed the Claim Packet to the 2,109 nominee names and addresses in the Nominee Database as of that date (the "Broker Mailing", and together with the Class Mailing, the "Initial Mailing").

## TOLL FREE NUMBER

6.      GCG established a toll-free Interactive Voice Response ("IVR") system to accommodate potential Class Members. This system became operational on or about July 3, 2012 and included a message option for callers to ask questions or request a notice packet be mailed to them. As of August 8, 2012, GCG has received a total of 639 calls, out of which 313 potential claimants left messages or requests to speak with GCG administrators for assistance, all of which have been responded to in a timely manner. Additionally, 25 potential Class Members requested Claim Packets through the IVR system. All such requests were handled in a timely manner.

## PRESS RELEASES AND WEBSITE

7.      Also pursuant to the Preliminary Order, GCG Communications, the media division of GCG, circulated the Publication Notice in the form of a press release through *PR Newswire* one time on each of July 9, 2012, July 16, 2012, and July 23, 2012, respectively. Attached hereto as Exhibit B is a Confirmation Report for the *PR Newswire*, attesting to those issuances. In addition, a copy of the Notice, Proof of Claim, and Stipulation of Settlement were posted on GCG's website (www.gcginc.com), which can be downloaded by potential Class Members.

## BROKER REQUESTS AND SUBSEQUENT MAILING

8.      From July 4, 2012 to August 9, 2012, GCG received 223,548 names and addresses of potential Class Members from individuals or from brokerage firms, banks, institutions and other nominees, in the form of emails, labels, lists, etc., requesting that Claim Packets be mailed to these individuals. Also, GCG received requests from brokers and other

nominee holders for 3,976 Claim Packets for forwarding to their customers. All such requests were handled in a timely manner.

9.     In the aggregate, from July 3, 2012 to August 9, 2012, 232,313 Claim Packets (including 509 Claim Packets that were re-mailed to updated addresses provided to GCG by the US Postal Service) were promptly disseminated to potential Class Members by first-class mail.

I declare under penalty of perjury that the foregoing is true and correct. Executed in Lake Success, New York on August 9, 2012.

Jose C. Fraga

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

|  |  |
|---|---|
| LARRY FREUDENBERG, Individually and On Behalf of All Others Similarly Situated, | : |
| Plaintiff, | : Civil Action No. |
| - against – | : 07 Civ. 8538 (JPO) (MHD) |
| E*TRADE FINANCIAL CORPORATION, MITCHELL H. CAPLAN, ROBERT J. SIMMONS and DENNIS E. WEBB, | : |
| Defendants. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

### NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION

**To:**  **All persons and entities who purchased or otherwise acquired the securities of E*TRADE Financial Corporation between April 19, 2006 and November 9, 2007, both dates inclusive.**

#### PLEASE READ THIS NOTICE CAREFULLY.

#### YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.

PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE. TO CLAIM YOUR SHARE, YOU MUST **SUBMIT A VALID PROOF OF CLAIM POSTMARKED NO LATER THAN OCTOBER 31, 2012,** IN CONNECTION WITH THIS SETTLEMENT. A PROOF OF CLAIM ACCOMPANIES THIS NOTICE. IF YOU NEED AN ADDITIONAL PROOF OF CLAIM YOU MAY REQUEST ONE FROM THE CLAIMS ADMINISTRATOR, AS EXPLAINED BELOW.

### I. SUMMARY OF THIS NOTICE

This Notice has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York ("Court"). The purpose of this Notice is to inform you of the proposed settlement of a class action lawsuit ("Action"), as set forth in the Stipulation of Settlement ("Stipulation" or "Settlement"), and of the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement. This Notice is not intended to be, and should not be understood as, an expression of any opinion by the Court concerning the merits of the Action. This Notice describes the rights you may have in connection with the Settlement and what steps you may take in relation to the Settlement.

The proposed Settlement creates a fund in the amount of $79,000,000 in cash before deductions of attorneys' fees, costs, and expenses. Plaintiffs Kristen Management Limited, Straxton Properties, Inc., Javed Fiyaz, Ira Newman, Peter Farah, and Andrea Frascaroli ("Plaintiffs") and defendants E*TRADE Financial Corporation ("E*TRADE"), Mitchell H. Caplan, Robert J. Simmons, and Dennis E. Webb ("Individual Defendants" and together with E*TRADE, "Defendants") disagree on the potential liability of Defendants and they do not agree on the average amount of damages per share, if any, that would be recoverable if Plaintiffs were to have prevailed at trial on each claim alleged. Plaintiffs and Plaintiffs' Counsel (as defined below) believe that the proposed Settlement is an excellent recovery and is in the best interests of the Settlement Class (as defined below) in light of the risks associated with continuing to litigate and proceeding to trial. The Settlement Class, as certified by the Court for the purposes of settlement on June 12, 2012 consists of all Persons (as defined on page 2) (other than those Persons who timely and validly request exclusion from the Settlement Class) who purchased or otherwise acquired the securities of E*TRADE between April 19, 2006 and November 9, 2007 ("Settlement Class Period"), both dates inclusive, excluding Defendants, members of the immediate families of any of the Individual Defendants, the directors, officers, subsidiaries, and affiliates of E*TRADE, any firm, trust, corporation, or other entity in which any Defendant has a controlling interest, and the legal representatives, affiliates, heirs, successors-in-interest or assigns of any such excluded person ("Settlement Class").

If the Settlement is approved by the Court, Court-appointed Lead Counsel for Plaintiffs, Brower Piven, A Professional Corporation, 488 Madison Avenue, 8th Floor, New York, NY 10022 and Court-appointed Co-Lead Counsel for Plaintiffs, Levi & Korsinsky, LLP, 30 Broad Street, 24th Floor, New York, NY 10004 ("Plaintiffs' Counsel") will apply to the Court for an award of attorneys' fees not to exceed 33.33% of the Settlement Fund (as defined below), and reimbursement of out-of-pocket expenses, as compensation for successfully prosecuting the Action. You may contact the claims administrator, the firm The Garden City Group, Inc. ("Claims Administrator"), or a representative of Plaintiffs' Counsel for further information about the Settlement; see below under "Further Information" for the contact information.

**Statement of Plaintiffs' Recovery** – The proposed Settlement with Defendants creates a fund in the amount of $79,000,000 in cash, which will include interest that accrues prior to distribution ("Settlement Fund"). Based on Plaintiffs' Counsel's estimate of the number of shares of stock that may have been damaged by the alleged fraud, and assuming that all those shares participate in the Settlement, Plaintiffs estimate that the average recovery would be approximately $0.145 per share. Your recovery from this fund, however, will depend on a number of variables, including the number of shares of E*TRADE securities you purchased during the Settlement Class Period, the timing of your purchases and any sales, the number and amount of claims actually filed, and the estimate of recoverable losses based on the analysis of Plaintiffs' damages consultant. You are advised to review the Plan of Allocation set forth on pages 6 to 9 below in the Notice, which provides the actual formulas that will be applied to claims submitted by each eligible individual, corporation, partnership, limited partnership, association, joint stock company, joint venture, limited liability company, professional corporation, estate, legal representative, heir, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and their predecessors, successors, representatives, or assignees ("Person") who falls within the definition of the Settlement Class ("Settlement Class Member"). This estimate above is also before deduction of any Court-awarded expenses, such as attorneys' fees and out-of-pocket expenses, and the cost of sending this Notice and administering the distribution of the Settlement proceeds.

**Statement of Potential Outcome of Case** – Plaintiffs and Defendants disagree on the potential liability of Defendants and they do not agree on the average amount of damages per share, if any, that would be recoverable if Plaintiffs were to have prevailed at trial on each claim alleged. Defendants deny that they are liable in any respect or that Plaintiffs suffered any injury. The issues on which the parties disagree include: (1) whether any Defendant engaged in any conduct subject to challenge under the federal securities laws; (2) the amounts by which E*TRADE securities were allegedly artificially inflated (if at all) during the Settlement Class Period (as defined above); (3) the effect of various market forces influencing the trading price of E*TRADE securities at various times during the Settlement Class Period; (4) the extent to which the various matters that Plaintiffs alleged were materially false or misleading influenced (if at all) the trading price of E*TRADE securities during the Settlement Class Period; (5) the extent to which the various allegedly adverse material facts that Plaintiffs alleged were omitted influenced (if at all) the trading price of E*TRADE securities during the Settlement Class Period; (6) whether the statements made or facts allegedly omitted were material, false, misleading, or otherwise actionable under the securities laws; and (7) whether, even if liability could be proven, total damages would be greater than $0.

**Statement of Attorneys' Fees and Costs Sought** – Plaintiffs' Counsel have committed a substantial amount of time prosecuting claims against Defendants on behalf of Plaintiffs and the Settlement Class. In addition, they have not been reimbursed for out-of-pocket expenses. If the Settlement is approved by the Court, Plaintiffs' Counsel will apply to the Court for an award of attorneys' fees not to exceed 33.33% of the Settlement Fund and reimbursement of out-of-pocket expenses not to exceed $750,000, to be paid from the Settlement Fund. If the amounts described above are requested and approved by the Court, the average cost will be approximately $0.049 per share. In addition, Plaintiffs' Counsel may apply to the Court, from time to time, for their fees and expenses, including hourly time billing incurred solely for administration of the Settlement.

**Reasons for Settlement** – Plaintiffs believe that the proposed Settlement with Defendants is an excellent recovery and is in the best interests of the Settlement Class. Because of the risks associated with continuing to litigate and proceeding to trial, there was a danger that the Settlement Class would not have prevailed on their claims against Defendants, in which case the Settlement Class would receive nothing from Defendants. The amount of damages recoverable by Settlement Class Members was and is challenged by Defendants. Recoverable damages in this case are limited to losses caused by conduct actionable under applicable law and, had the Action gone to trial, Defendants would have asserted that all or most of the losses of Settlement Class Members were caused by non-actionable conduct or market, industry, or general economic factors. Defendants would also assert, among other things, that their conduct complied with all applicable legal standards and that they did not act with the required state of mind to be liable for any violations of the federal securities laws.

**Further Information** – You may contact a representative of Plaintiffs' Counsel for further information about the Settlement by calling the following toll-free number: 1-800-903-8296. You also may email Plaintiffs' Counsel at the following email address: etradesecuritiesclassaction@gcginc.com. Any written inquiries about the Action should be addressed to Plaintiffs' Counsel at:

E*TRADE Securities Class Action<br>
Claims Administrator<br>
c/o The Garden City Group, Inc.<br>
PO Box 9888<br>
Dublin, OH 43017-5788

## II. NOTICE OF HEARING ON PROPOSED SETTLEMENT

A settlement hearing will be held on October 11, 2012, at 3:00 p.m., before the Honorable J. Paul Oetken, United States District Judge, at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007 ("Settlement Hearing"). The purpose of the Settlement Hearing will be: (1) to determine whether the Court should grant final certification to the Settlement Class pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure; (2) to determine whether the Settlement consisting of $79,000,000 in cash should be approved as fair, reasonable, and adequate to the Settlement Class and the proposed Judgment (as defined on page 10) entered; (3) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable, and should be approved by the Court; (4) to determine whether any applications for attorneys' fees or expenses to Plaintiffs' Counsel should be approved; and (5) to rule upon such other matters as the Court may deem appropriate. The Court may adjourn or continue the Settlement Hearing without further notice to the Settlement Class.

## III. THE LITIGATION

Currently pending before the United States District Court for the Southern District of New York is a consolidated action purportedly on behalf of all persons who purchased the securities of E*TRADE during the Settlement Class Period and who were damaged thereby. The defendants named in the Action are E*TRADE and the Individual Defendants: Mitchell H. Caplan (former CEO), Robert J. Simmons (former CFO), and Dennis E. Webb (head of capital markets division).

On October 2, 2007, plaintiff Larry Freudenberg filed a complaint in the United States District Court for the Southern District of New York captioned *Freudenberg v. E*TRADE Financial Corp.*, et al., Civil Action No. 07 Civ. 8538 ("Freudenberg Action"). By Court Order dated July 16, 2008, the Freudenberg Action was consolidated with four other actions: *Boston v. E*TRADE Financial Corp.*, et al., Civil Action No. 07 Civ. 8808; *Thulman v. E*TRADE Financial Corp.*, et al., Civil Action No. 07 Civ. 9651; *Davidson v. E*TRADE Financial Corp.*, et al., Civil Action No. 07 Civ. 10400; and *Ferenc v. E*TRADE Financial Corp.*, et al., Civil Action No. 07 Civ. 10540. By the same Order, Kristen Management Limited, Straxton Properties, Inc., and Javed Fiyaz were appointed as lead plaintiffs and Ira Newman was appointed as co-lead plaintiff. The Order also provided that Brower Piven, A Professional Corporation was appointed lead counsel ("Lead Counsel"), and Levi & Korsinsky LLP was appointed co-lead counsel ("Co-Lead Counsel").

On January 16, 2009, Plaintiffs filed their Consolidated Amended Class Action Complaint for Violations of the Federal Securities Laws ("Complaint") asserting violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and SEC Rule 10b-5 arising out of Defendants' alleged false and misleading statements concerning, among other things, the Company's mortgage business. Defendants filed their motion to dismiss the Complaint on April 2, 2009; the Court denied Defendants' motion on May 11, 2010.

During the course of litigation, Plaintiffs conducted extensive discovery. Defendants produced to Plaintiffs for their review more than 12 million pages of documents. In addition, Plaintiffs issued subpoenas to over 27 third-parties, and received and reviewed more than 4 million pages of documents in response to these subpoenas. Plaintiffs also conducted depositions of defendants Caplan and Webb.

On September 26, 2011, the parties participated in a mediation session with the Honorable Layn R. Phillips (Ret.), but did not reach a resolution. The parties met without Judge Phillips on November 7, 2011 and had a number of telephone calls over the course of several months concerning possible settlement. On December 17, 2011, the parties again participated in a mediation session with Judge Phillips. During the course of this mediation, the parties reached an agreement-in-principle to settle the Action. Subsequently, the counsel for Plaintiffs and Defendants continued negotiations, resulting in the terms and conditions set forth in the Stipulation.

### IV. CLAIMS OF THE SETTLEMENT CLASS AND BENEFITS OF SETTLEMENT

Plaintiffs believe that the claims asserted in the Action against Defendants have merit and that the evidence developed to date supports those claims. However, Plaintiffs and their counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against Defendants through trial and through appeals. Plaintiffs and their counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Action, as well as the difficulties and delays inherent in such litigation. Plaintiffs and their counsel also are mindful of the inherent problems of proof under and possible defenses to the securities law violations asserted in the Action. Plaintiffs and their counsel believe that the settlement set forth in the Stipulation confers substantial benefits upon the Settlement Class. Based on their evaluation, Plaintiffs and their counsel have determined that the Settlement set forth in the Stipulation is in the best interests of Plaintiffs and the Settlement Class.

### V. DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied and continue to deny each and all of the claims alleged in the Action. Defendants deny that they have committed or intended to commit any wrongdoing or violations of law arising out of any of the conduct, statements, acts, or omissions alleged in the Action, and maintain that their conduct was at all times proper and in compliance with applicable provisions of law. Defendants further deny that they made any material misstatements or omissions in E*TRADE's public filings, press releases, or other public statements, that Plaintiffs or the Settlement Class have suffered any damages, that the prices of E*TRADE securities were artificially inflated by reasons of alleged misrepresentations, non-disclosures or otherwise, and that Plaintiffs or the Settlement Class were harmed by any conduct alleged in the Action or that could have been alleged therein. Each of the Individual Defendants further asserts that, at all relevant times, they acted in good faith and in a manner they reasonably believed to be in the best interests of E*TRADE and its shareholders. Defendants, however, recognize the uncertainty and the risk inherent in any litigation, especially complex securities litigation, and the difficulties and substantial burdens, expense, and length of time that may be necessary to defend the Action through the conclusion of discovery, summary judgment motions, trial, post-trial motions, and appeals. Defendants have therefore determined to settle the Action on the terms and conditions set forth in the Stipulation and to put the Released Claims (as defined on page 10) to rest finally and forever, without in any way acknowledging any wrongdoing, fault, liability, or damages to Plaintiffs and the Settlement Class.

### VI. TERMS OF THE PROPOSED SETTLEMENT

E*TRADE has paid, or caused to be paid, cash in the amount of $79,000,000 into an escrow account, which will earn interest for the benefit of the Settlement Class, pursuant to the terms of the Stipulation, until distributed to eligible claiming Settlement Class Members. In exchange for such payment, the Released Claims (as defined on page 10) will be released, discharged, and dismissed with prejudice as against each of the Released Persons (as defined on page 10). A portion of the Settlement Fund will be used for certain administrative expenses, including the costs of printing and mailing this Notice, the cost of publishing newspaper notices, payment of any taxes assessed against the Settlement Fund and costs associated with the processing of claims submitted. In addition, as explained herein, a portion of the Settlement Fund may be awarded by the Court to award Plaintiffs' Counsel attorneys' fees and expenses. The Settlement Fund less (i) any Court-awarded attorneys' fees, costs, and expenses; (ii) notice and administration costs; (iii) taxes and tax expenses; and (iv) other Court-approved deductions that occur before distribution of the proceeds of the Settlement to the Settlement Class ("Net Settlement Fund"), will be distributed to any Settlement Class Member whose claim for recovery has been allowed pursuant to the terms of the Stipulation ("Authorized Claimant") according to the Plan of Allocation described below.

### VII. REQUESTING EXCLUSION FROM THE SETTLEMENT CLASS

If you do not wish to be included in the Settlement Class and you do not wish to participate in the proposed settlement described in this Notice you may request to be excluded. To do so, you must send a letter, **postmarked no later than September 10, 2012**. In this letter, you must set forth: (a) your name, current address, and day-time and evening telephone numbers; (b) the dates of all your purchases and/or sales of E*TRADE securities during the Settlement Class Period; (c) the number of shares purchased and/or sold on each such date; (d) the prices paid and/or received for all such shares on each such date excluding all purchases and/or sales taxes, commissions and other transaction expenses; and (e) a clear and unambiguous statement that you wish to be excluded from the Settlement Class. The request for exclusion should be addressed as follows:

4

E*TRADE Securities Class Action
Claims Administrator
c/o The Garden City Group, Inc.
Attn: Exclusions Department
PO Box 9888
Dublin, OH 43017-5788

NO REQUEST FOR EXCLUSION WILL BE CONSIDERED VALID UNLESS ALL OF THE INFORMATION DESCRIBED ABOVE IS INCLUDED IN ANY SUCH REQUEST. NO FURTHER OPPORTUNITY TO REQUEST EXCLUSION WILL BE GIVEN IN THIS ACTION.

If you validly request exclusion from the Settlement Class: (a) you will be excluded from the Settlement Class; (b) you shall have no rights under the Stipulation; (c) you shall not be entitled to submit any Proof of Claim forms; (d) you will not share in the proceeds of the Settlement described herein; (e) you will not be bound by any judgment entered in the Action; and (f) you will not be precluded, by reason of your decision to request exclusion from the Settlement Class, from otherwise prosecuting an individual claim, if timely, against the Defendants based on the matters complained of in the Action.

## VIII. THE RIGHTS OF SETTLEMENT CLASS MEMBERS

If you are a Settlement Class Member, you have the following options:

1.  You may file a Proof of Claim. If you submit a Proof of Claim, you will share in the proceeds of the proposed Settlement if your claim is valid and if the proposed Settlement is finally approved by the Court. In addition, you will be bound by the Judgment and release described below.

2.  If you have not timely and validly requested exclusion from the Settlement Class (see Section XIV below), you may object to the Settlement. However, if your objection is rejected, you will be bound by the Settlement and the Judgment just as if you had not objected.

3.  You may do nothing at all. If you choose this option, you will not share in the proceeds of the Settlement, but you will be bound by any judgment entered by the Court in connection with the Settlement, and you shall be deemed to have, and by operation of the Judgment shall have, fully released all of the Released Claims against the Released Persons.

4.  If you are a Settlement Class Member, you may, but are not required to, enter an appearance through counsel of your own choosing at your own expense. If you do not do so, you will be represented by Plaintiffs' Counsel, who are:

David A.P. Brower
Brian C. Kerr
**BROWER PIVEN**
**A PROFESSIONAL CORPORATION**
488 Madison Avenue, 8th Floor
New York, NY 10022

*Plaintiffs' Lead Counsel*

Eduard Korsinsky
Shannon L. Hopkins
**LEVI & KORSINSKY, LLP**
30 Broad Street, 24th Floor
New York, NY 10004

*Plaintiffs' Co-Lead Counsel*

You will not be charged personally for the services of Plaintiffs' Counsel.

5

## IX. PLAN OF ALLOCATION

The Net Settlement Fund will be distributed to Settlement Class Members who submit valid and timely Proofs of Claim in connection with this Settlement, and have an allowable loss under the Plan of Allocation described below. You will be eligible to participate in the distribution only to the extent you had a net loss on your overall transactions in E*TRADE securities during the Settlement Class Period. If you had a net gain from your overall transactions in E*TRADE securities during the Settlement Class Period, the value of the Recognized Claim will be zero. If you suffered a net loss on your overall transactions in E*TRADE securities during the Settlement Class Period, but that loss was less than the Recognized Claim calculated below, then the Recognized Claim shall be limited to the amount of the actual loss. For purposes of determining whether you had a net gain or suffered a net loss from your overall transactions in E*TRADE securities that will receive payment under this Plan of Allocation during the Settlement Class Period, the Claims Administrator shall: (i) for each E*TRADE security, total the amount paid for those securities purchased during the Settlement Class Period by the claimant excluding all taxes, commissions, and other purchase fees ("Total Purchase Amount"); (ii) for each E*TRADE security, match any sales of those securities purchased during the Settlement Class Period first against the Settlement Class Member's opening position in such security (the proceeds of those sales will not be considered for purposes of calculating gains or losses); (iii) for each E*TRADE security, total the amount received for sales of the remaining E*TRADE securities sold during the Settlement Class Period excluding all taxes, commissions, and other sales fees ("Sales Proceeds"); and (iv) ascribe a $3.55 per common share holding value for the number of shares of E*TRADE securities purchased during the Settlement Class Period and still held at the end of the Settlement Class Period ("Holding Value"). The Holding Value is based upon the closing price of E*TRADE securities on November 12, 2007 – the first full trading day after the end of the Settlement Class Period. The difference between (i) the Total Purchase Amount and the (ii) sum of the Sales Proceeds and Holding Value, will be deemed your net gain or net loss on your overall transactions in E*TRADE securities during the Settlement Class Period.

In the event that a Settlement Class Member made more than one purchase or sale of a particular E*TRADE security, all purchases and sales shall be matched on a First-In-First-Out ("FIFO") basis. Settlement Class Member sales will be matched first against any particular E*TRADE security held at the beginning of the Class Period and then against purchases during the Settlement Class Period in chronological order. For all purposes, the transaction date and not the settlement date shall be used as the date for determining eligibility to file a claim. Gifts and transfers of securities are not eligible purchases. The covering purchase of a "short" sale is not an eligible purchase. No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

For purposes of determining the amount an Authorized Claimant may recover under the Plan of Allocation, Plaintiffs' Counsel have consulted with their damages expert. The Court may modify the Plan of Allocation without further notice to the Settlement Class. The Court has also reserved jurisdiction to allow, disallow, or adjust the claim of any Settlement Class Member on equitable grounds.

Payment pursuant to the Plan of Allocation set forth below shall be conclusive against all Authorized Claimants. No Person shall have any claim against the Defendants or the Plaintiffs on behalf of themselves and the Settlement Class (collectively the "Settling Parties"), Plaintiffs' Counsel, or the Claims Administrator or other Person designated by Plaintiffs' Lead Counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. All Settlement Class Members who have failed to complete and file a valid and timely Proof of Claim in this Settlement shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of the Judgment entered and the releases given.

Subject to the foregoing, under the Plan of Allocation, each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Loss bears to the total of the Recognized Loss of all Authorized Claimants ("pro rata share").

### Calculation of Recognized Loss for E*TRADE Common Stock Purchases:

Please note all calculations of purchase prices and sale prices under this Plan of Allocation are exclusive of all purchase or sales taxes, commissions and other transaction expenses.

      (i)      For each share of E*TRADE common stock purchased or otherwise acquired between April 19, 2006 and July 25, 2007, inclusive, and held at the close of business on February 7, 2008, the recognized loss per share is $3.42.

6

(ii)    For each share of E*TRADE common stock purchased or otherwise acquired between April 19, 2006 and July 25, 2007, inclusive, and sold between November 12, 2007 and February 7, 2008, inclusive, the recognized loss per share is $3.42.

(iii)    For each share of E*TRADE common stock purchased or otherwise acquired between April 19, 2006 and July 25, 2007, inclusive, and sold between July 26, 2007 and August 10, 2007, inclusive, the recognized loss per share is the *lesser* of:

        (a)    $0.17; *or*
        (b)    the price paid less the price received.

(iv)    For each share of E*TRADE common stock purchased or otherwise acquired between April 19, 2006 and July 25, 2007, inclusive, and sold between August 13, 2007 and October 17, 2007, the recognized loss per share is $0.52.

(v)    For each share of E*TRADE common stock purchased or otherwise acquired between April 19, 2006 and July 25, 2007, inclusive, and sold between October 18, 2007 and November 9, 2007, inclusive, the recognized loss per share is $0.97.

(vi)    For each share of E*TRADE common stock purchased or otherwise acquired between April 19, 2006 and July 25, 2007, inclusive, and sold on or before July 25, 2007, the recognized loss is $0.

(vii)    For each share of E*TRADE common stock purchased or otherwise acquired between July 26, 2007 and August 10, 2007, and held at the close of business on February 7, 2008, the recognized loss per share is $3.25.

(viii)    For each share of E*TRADE common stock purchased or otherwise acquired between July 26, 2007 and August 10, 2007, inclusive, and sold between November 12, 2007 and February 7, 2008, inclusive, the recognized loss per share is $3.25.

(ix)    For each share of E*TRADE common stock purchased or otherwise acquired between July 26, 2007 and August 10, 2007, inclusive, and sold between August 13, 2007 and October 17, 2007, inclusive, the recognized loss per share is the *lesser* of:

        (a)    $0.35; *or*
        (b)    the price paid less the price received.

(x)    For each share of E*TRADE common stock purchased or otherwise acquired between July 26, 2007 and August 10, 2007, inclusive, and sold between October 18, 2007 and November 9, 2007, inclusive, the recognized loss per share is $0.80.

(xi)    For each share of E*TRADE common stock purchased or otherwise acquired between July 26, 2007 and August 10, 2007, inclusive, and sold on or before August 10, 2007, the recognized loss is $0.

(xii)    For each share of E*TRADE common stock purchased or otherwise acquired between August 13, 2007 and October 17, 2007, inclusive, and held at the close of business on February 7, 2008, the recognized loss per share is $2.90.

(xiii)    For each share of E*TRADE common stock purchased or otherwise acquired between August 13, 2007 and October 17, 2007, inclusive, and sold between November 12, 2007 and February 7, 2008, inclusive, the recognized loss per share is $2.90.

(xiv)    For each share of E*TRADE common stock purchased or otherwise acquired between August 13, 2007 and October 17, 2007, inclusive, and sold between October 18, 2007 and November 9, 2007, inclusive, the recognized loss per share is the *lesser* of:

        (a)    $0.45; *or*
        (b)    the price paid less the price received.

(xv)    For each share of E*TRADE common stock purchased or otherwise acquired between August 13, 2007 and October 17, 2007, inclusive, and sold on or before October 17, 2007, the recognized loss is $0.

(xvi)    For each share of E*TRADE common stock purchased or otherwise acquired between October 18, 2007 and November 9, 2007, inclusive, and held at the close of business on February 7, 2008, the recognized loss per share is $2.45.

(xvii)    For each share of E*TRADE common stock purchased or otherwise acquired between October 18, 2007 and November 9, 2007, inclusive, and sold between November 12, 2007 and February 7, 2008, inclusive, the recognized loss per share is the *lesser* of:

        (a)    $2.45;
        (b)    the price paid less $3.55;
        (c)    the price paid less the price received; *or*
        (d)    the price paid less the price in Table A on the date of sale.

(xviii)    For each share of E*TRADE common stock purchased or otherwise acquired between October 18, 2007 and November 9, 2007, inclusive, and sold on or before November 9, 2007, the recognized loss is $0.

## TABLE A

| DATE | PRICE | DATE | PRICE | DATE | PRICE | DATE | PRICE |
|---|---|---|---|---|---|---|---|
| 11/12/07 | 3.55 | 12/04/07 | 4.71 | 12/26/07 | 4.29 | 01/17/08 | 3.90 |
| 11/13/07 | 4.28 | 12/05/07 | 4.66 | 12/27/07 | 4.27 | 01/18/08 | 3.88 |
| 11/14/07 | 4.70 | 12/06/07 | 4.63 | 12/28/07 | 4.25 | 01/22/08 | 3.86 |
| 11/15/07 | 4.89 | 12/07/07 | 4.60 | 12/31/07 | 4.23 | 01/23/08 | 3.85 |
| 11/16/07 | 5.00 | 12/10/07 | 4.59 | 01/02/08 | 4.21 | 01/24/08 | 3.85 |
| 11/19/07 | 4.95 | 12/11/07 | 4.56 | 01/03/08 | 4.18 | 01/25/08 | 3.84 |
| 11/20/07 | 4.79 | 12/12/07 | 4.54 | 01/04/08 | 4.16 | 01/28/08 | 3.85 |
| 11/21/07 | 4.72 | 12/13/07 | 4.51 | 01/07/08 | 4.12 | 01/29/08 | 3.85 |
| 11/23/07 | 4.79 | 12/14/07 | 4.49 | 01/08/08 | 4.07 | 01/30/08 | 3.86 |
| 11/26/07 | 4.77 | 12/17/07 | 4.46 | 01/09/08 | 4.03 | 01/31/08 | 3.88 |
| 11/27/07 | 4.78 | 12/18/07 | 4.43 | 01/10/08 | 4.01 | 02/01/08 | 3.90 |
| 11/28/07 | 4.82 | 12/19/07 | 4.40 | 01/11/08 | 3.98 | 02/04/08 | 3.92 |
| 11/29/07 | 4.82 | 12/20/07 | 4.36 | 01/14/08 | 3.97 | 02/05/08 | 3.93 |
| 11/30/07 | 4.81 | 12/21/07 | 4.33 | 01/15/08 | 3.94 | 02/06/08 | 3.94 |
| 12/03/07 | 4.76 | 12/24/07 | 4.31 | 01/16/08 | 3.92 | 02/07/08 | 3.95 |

**Calculation of Recognized Loss for E*TRADE Call Option Purchases:**

(i)    The Recognized Claim for each call option contract on E*TRADE common stock purchased or otherwise acquired during the Settlement Class Period and sold during the Settlement Class Period shall be twenty-five percent (25%) of the lesser of (1) the per share recognized loss as referenced above for all shares covered by the call option contract on the date the call option was purchased, less the per share recognized loss for all shares covered by the call option contract on the date the call option was sold, or (2) the difference between: (a) the amount paid per call option contract and (b) the sale price received per option contract received when said call options were sold (if the option expired worthless while still owned by the Authorized Claimant, the sales price shall be deemed to be Zero ($0.00)).

(ii)    The Recognized Claim for each call option contract on E*TRADE common stock purchased or otherwise acquired during the Settlement Class Period and held on November 12, 2007 be twenty-five percent (25%) of the lesser of (1) the per share recognized loss for all shares covered by the call option contract on the date the call option was purchased, or (2) the difference between: (a) the amount paid per call option contract and (b) the sale price received per option contract received when said call options were sold (if the option expired worthless while still owned by the Authorized Claimant, the sales price shall be deemed to be Zero ($0.00)).

(iii)     Shares of E*TRADE common stock acquired during the Settlement Class Period through the exercise of a call option shall be treated as a purchase on the date of exercise for the exercise price plus the cost of the call option, and any Recognized Claim arising from such transaction shall be computed as provided for other purchases of E*TRADE common stock as set forth herein.

(iv)     No Recognized Claim shall be calculated based upon the sale or writing of any call option that was subsequently repurchased.

**Calculation of Recognized Loss for E*TRADE Put Option Sales:**

(i)     The Recognized Claim for each put option contract on E*TRADE common stock sold or written during the Settlement Class Period and repurchased during the Settlement Class Period shall be fifty percent (50%) of the lesser of (1) the per share recognized loss for all shares covered by the put option contract on the date the put option was sold, less the per share recognized loss for all shares covered by the put option contract on the date the put option was repurchased, or (2) the difference between: (a) the amount received per put option contract and (b) the repurchase price paid per contract when said put options were repurchased (if the option expired worthless, the repurchase price shall be deemed to be Zero ($0.00)).

(ii)     The Recognized Claim for each put option contract on E*TRADE common stock sold during the Settlement Class Period and extant on November 12, 2007 will be fifty percent (50%) of the lesser of (1) the per share recognized loss for all shares covered by the put option contract on the date the put option was sold, (2) the difference between: (a) the amount received per put option contract and (b) the repurchase price paid per contract when said put options were repurchased (if the option expired worthless, the repurchase price shall be deemed to be Zero ($0.00)).

(iii)     For E*TRADE put options that were sold or written during the Settlement Class Period, that were "put" to the Authorized Claimant (i.e., exercised) at any time, the Authorized Claimant's Recognized Claim shall be calculated as a purchase of E*TRADE common stock as if the sale of the put option were instead a purchase of E*TRADE common stock on the date of the sale or writing of the put option, and the "purchase price paid" shall be the strike price of the put option less the proceeds received from the sale of the put option.

(iv)     No Recognized Claim shall be calculated based upon the sale of any put option that was previously purchased.

The total recovery payable to Authorized Claimants from transactions in call or put options shall not exceed five percent (5%) of the amount to be distributed to all Authorized Claimants.

\* \* \*

For all purposes, transaction prices shall exclude all taxes, commissions and other transaction expenses. In addition, the transaction date, and not the settlement date, shall be used as the date for determining inflation per share, eligibility to file a claim, and the calculation of Recognized Losses. All purchases and sales of E*TRADE securities shall be accounted for and matched using the FIFO method of accounting.

## X. PARTICIPATION IN THE SETTLEMENT

TO PARTICIPATE IN THE DISTRIBUTION OF THE NET SETTLEMENT FUND, YOU MUST TIMELY COMPLETE AND RETURN A VALID PROOF OF CLAIM IN CONNECTION WITH THIS SETTLEMENT.

**A Proof of Claim is being sent with this Notice. If you are a Settlement Class Member and need an additional Proof of Claim, copies may be obtained by telephoning the Claims Administrator at 1-800-903-8296 or by downloading the form on the internet at www.gcginc.com.**

The Proof of Claim, with all supporting documents (DO NOT SEND ORIGINALS), must be **postmarked no later than OCTOBER 31, 2012**, and delivered to the Claims Administrator at the address below. DO NOT SEND a Proof of Claim to counsel for the Settling Parties or the Court.

E*TRADE Securities Class Action
Claims Administrator
c/o The Garden City Group, Inc.
PO Box 9888
Dublin, OH 43017-5788

Unless the Court orders otherwise, if you do not timely submit a valid Proof of Claim, you will be barred from receiving any payment from the Net Settlement Fund, but will in all other respects be bound by the provisions of the Stipulation and the Judgment. The Court may disallow or adjust the claim of any Settlement Class Member. Each claimant will be deemed to have submitted to the jurisdiction of the United States District Court for the Southern District of New York with respect to his, her, or its Proof of Claim.

## XI. DISMISSAL AND RELEASES

If the proposed Settlement is approved, the Court will enter a Final Judgment and Order of Dismissal ("Judgment"). The Judgment will dismiss the Released Claims with prejudice as to the Released Persons, as such terms are defined below. The Judgment will provide that all Settlement Class Members shall be deemed to have released and forever discharged all Released Claims against all Released Persons and that the Released Persons shall be deemed to have released and discharged Plaintiffs, Plaintiffs' Counsel, and Settlement Class Members from all claims (including Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims.

"Released Claims" means any and all claims, debts, demands, rights, liabilities, and causes of action of every nature and description whatsoever (including, but not limited to, any claims for damages, restitution, rescission, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or unliquidated, at law or in equity, matured or unmatured, including, without limitation, claims arising under Sections 10(b) or 20(a) of the Securities Exchange Act of 1934 and claims for control person liability, whether class or individual in nature, including both known claims and Unknown Claims (as defined below), whether or not concealed or hidden that (i) have been asserted in this Action or in the Complaint by the Plaintiffs against any of the Released Persons (as defined below), or (ii) could have been asserted in the Action or any other forum by the Plaintiffs or any Settlement Class Member (or any person who inherited or otherwise acquired E*TRADE securities from a Settlement Class Member) against any of the Released Persons that arise out of, or are based upon or related in any way to: (a) such Settlement Class Member's purchase, acquisition, disposition, sale or retention of, or other transaction in, E*TRADE securities during the Settlement Class Period, or (b) the allegations, transactions, facts, matters or occurrences, representations or omissions involved in the Action, or set forth or referred to in the Complaint, including without limitation, claims that arise out of or relate to any disclosures, Securities and Exchange Commission filings, press releases, registration statements, offering memoranda, or other public statements by or on behalf of E*TRADE during the Settlement Class Period. "Released Claims" do not include the claims being prosecuted in a derivative capacity on behalf of E*TRADE in *Rubery, et al. v. Caplan, et al.*, Civil Action No. 07 Civ 8612, or any claims to enforce the terms of the Settlement or the Stipulation.

"Released Persons" means each Defendant's past or present directors, officers, employees, partners, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, accountants or auditors, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, agents, assigns, spouses, heirs, executors, estates, administrators, related or affiliated entities, any entity in which a Defendant has a controlling interest, any members of any Individual Defendant's immediate family, or any trust of which any Individual Defendant is the settlor or which is for the benefit of any Individual Defendant's family.

"Unknown Claims" means any claims that Plaintiffs or any Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons that, if known by him, her, or it, would or might have affected his, her, or its settlement with and release of the Released Persons, or would or might have affected his, her, or its decisions with respect to this settlement. Plaintiffs and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs upon the Effective Date shall expressly, fully, finally, and forever settle and release and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs acknowledge, and the

Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the inclusion of Unknown Claims in the definition of Released Claims was separately bargained for and a key element of the settlement of which this release is a material and essential part. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiffs shall expressly waive and relinquish, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived and relinquished, the provisions, rights, and benefits of California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Plaintiffs shall expressly waive and relinquish, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived and relinquished, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542.

## XII. APPLICATION FOR ATTORNEYS' FEES AND EXPENSES

At the Settlement Hearing, Plaintiffs' Counsel will request that the Court award attorneys' fees in an amount not to exceed 33.33% of the Settlement Fund, plus their costs and expenses in an amount not to exceed $750,000, which were incurred and not previously reimbursed in connection with prosecuting the claims in the Action, plus interest. Plaintiffs' Counsel's fee application will be filed with the Court on August 10, 2012. All such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees, costs, or expenses.

Plaintiffs' Counsel have committed a substantial amount of time prosecuting claims on behalf of Plaintiffs and the Settlement Class. In addition, they have not been reimbursed for any of their costs and expenses. The amounts requested by Plaintiffs' Counsel will compensate counsel for their efforts in achieving the Settlement for the benefit of the Settlement Class, and for their risk in undertaking this representation on a wholly contingent basis. The amount to be requested is within the range of fees awarded to plaintiffs' counsel under similar circumstances in other litigations of this type. Plaintiffs' Counsel may thereafter from time to time apply to the Court, without further notice to the Settlement Class, for an additional award of attorneys' fees and costs incurred in connection with administering the Settlement. All such awards shall be subject to the approval of the Court.

## XIII. CONDITIONS FOR SETTLEMENT

The Settlement is conditioned upon the occurrence of certain events described in the Stipulation. Those events include, among other things: (1) entry of the Judgment by the Court, as provided for in the Stipulation and (2) expiration of the time to appeal from or alter or amend the Judgment. If, for any reason, any one of the conditions described in the Stipulation is not met or the Stipulation otherwise does not become effective or, under certain specified conditions, the Stipulation is terminated and, thereby, becomes null and void, the parties to the Stipulation will be restored to their respective positions as of the date the Stipulation was executed.

## XIV. THE RIGHT TO OBJECT AND BE HEARD AT THE HEARING

Any Settlement Class Member who has not excluded himself, herself, or itself from the Settlement Class can object to the Settlement, or any part of it, the Plan of Allocation, and/or the application by Plaintiffs' Counsel for attorneys' fees and/or expenses. To object, any such Person must submit a written objection and copies of any papers and briefs so they are **received on or before September 10, 2012**, by each of the following:

| | | |
|---|---|---|
| Clerk of the Court<br>Southern District of New York<br>Daniel Patrick Moynihan U.S.<br>Courthouse<br>500 Pearl Street<br>New York, NY 10007 | Brower Piven<br>A Professional Corporation<br>David A.P. Brower<br>488 Madison Avenue<br>Eighth Floor<br>New York, NY 10022<br><br>*Plaintiffs' Lead Counsel* | Davis Polk & Wardwell LLP<br>Amelia T.R. Starr<br>450 Lexington Avenue<br>New York, NY 10017<br><br>*Attorneys for Defendant E\*TRADE<br>Financial Corporation and the<br>Individual Defendants* |

Any written objection must demonstrate the objecting Person's membership in the Settlement Class, including the dates of all such Settlement Class Member's purchases and/or sales of E*TRADE securities during the Settlement Class Period, the number of shares purchased and/or sold on each such date, and the prices paid and/or received for all such shares on each such date (excluding all purchase and/or sale taxes, commissions and other transaction expenses). Only Settlement Class Members who have submitted written objections in this manner will be entitled to be heard at the Settlement Hearing, unless the Court orders otherwise. Persons who intend to object to the Settlement, the Plan of Allocation and/or Plaintiffs' Counsel's application for an award of Attorneys' fees or reimbursement of expenses, and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the Settlement Hearing.

If you wish to attend the Settlement Hearing in person and speak to the Court, you must ask the Court for permission. To do so, you must submit a written statement noting your intention to appear at the Settlement Hearing to the persons noted above so that it is **received on or before September 10, 2012**.

## XV. SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased E*TRADE securities between April 19, 2006 and November 9, 2007, both dates inclusive, for the beneficial interest of a person or entity other than yourself, THE COURT HAS DIRECTED THAT WITHIN SEVEN (7) DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator identified below the name and last known address of each person or entity for whom or which you purchased E*TRADE securities during such time period or (b) request additional copies of this Notice, which will be provided to you free of charge, and within seven days mail the Notice directly to the beneficial owners of that E*TRADE securities. If you select option (a) above, the Claims Administrator will cause copies of this Notice to be forwarded to the beneficial owners of securities referred to herein. If you choose to follow alternative procedure (b), the Court has directed that, upon such mailing, you send a statement to the Claims Administrator confirming that the mailing was made as directed. All communications concerning the foregoing should be addressed to the Claims Administrator:

E*TRADE Securities Class Action
Claims Administrator
c/o The Garden City Group, Inc.
PO Box 9888
Dublin, OH 43017-5788
1-800-903-8296

You are entitled to reimbursement for your reasonable and necessary expenses actually incurred in complying with the foregoing, including reimbursement of reasonable postage expenses and the reasonable costs of obtaining the names and addresses of beneficial owners. Those reasonable expenses and costs will be paid upon request and submission of appropriate supporting documentation. All requests for reimbursement should be sent to the Claims Administrator.

## XVI. EXAMINATION OF PAPERS

This Notice is a summary and does not describe all of the details of the Stipulation. For full details of the matters discussed in this Notice, you may review the Stipulation filed with the Court, which may be inspected during business hours, at the office of the Clerk of the Court, Southern District of New York, Daniel Patrick Moynihan U.S. Courthouse, 500 Pearl Street, New York, NY 10007 or at www.gcginc.com.

If you have any questions about the Settlement, you may contact a representative of Plaintiffs' Counsel by calling the following toll-free number: 1-800-903-8296. You also may email Plaintiffs' Counsel at the following email address: etradesecuritiesclassaction@gcginc.com. Any written inquiries about the Action should be addressed to Plaintiffs' Counsel at:

E*TRADE Securities Class Action
Claims Administrator
c/o The Garden City Group, Inc.
PO Box 9888
Dublin, OH 43017-5788

***PLEASE DO NOT CONTACT THE COURT OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.***

Dated: July 3, 2012                               BY THE ORDER OF THE UNITED STATES DISTRICT COURT
                                                  FOR THE SOUTHERN DISTRICT OF NEW YORK

| Must be<br>Postmarked<br>No Later Than<br>October 31, 2012 | E*TRADE Securities Class Action<br>Claims Administrator<br>c/o The Garden City Group, Inc.<br>P.O. Box 9888<br>Dublin, OH 43017-5788<br>1-800-903-8296 | ETE  |
| --- | --- | --- |

Claim Number:

Control Number:

## PROOF OF CLAIM AND RELEASE

*All persons and entities who purchased or otherwise acquired the securities of E\*TRADE Financial Corporation between April 19, 2006 and November 9, 2007, both dates inclusive.*

TABLE OF CONTENTS                                                                PAGE #

PART I - CLAIMANT IDENTIFICATION ...................................................................................... 2

PART II - GENERAL INSTRUCTIONS ...................................................................................... 3

PART III - SCHEDULE OF TRANSACTIONS IN E\*TRADE COMMON STOCK ...................... 4

PART IV - SCHEDULE OF TRANSACTIONS IN E\*TRADE CALL OPTIONS ......................... 5

PART V - SCHEDULE OF TRANSACTIONS IN E\*TRADE PUT OPTIONS............................. 6

PART VI - SCHEDULE OF TRANSACTIONS IN OTHER E\*TRADE SECURITIES ................. 7

PART VII - SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS ...................... 8

PART VIII - RELEASE ............................................................................................................ 8

PART IX - CERTIFICATION ................................................................................................... 9

**Important** - *This form should be completed IN CAPITAL LETTERS using BLACK or DARK BLUE ballpoint/fountain pen. Characters and marks used should be similar in the style to the following:*

A B C D E F G H I J K L M N O P Q R S T U V W X Y Z 1 2 3 4 5 6 7 0

2



## PART I - CLAIMANT IDENTIFICATION

**LAST NAME (CLAIMANT)**                                           **FIRST NAME (CLAIMANT)**

**Last Name (Beneficial Owner if Different From Claimant)**       **First Name (Beneficial Owner)**

**Last Four Digits of the Beneficial Owner's Employer Identification Number or Social Security Number[1]**

**Last Name (Co-Beneficial Owner)**                               **First Name (Co-Beneficial Owner)**

**Company/Other Entity (If Claimant Is Not an Individual)**       **Contact Person (If Claimant is Not an Individual)**

**Trustee/Nominee/Other**

**Account Number (If Claimant Is Not an Individual)**             **Trust/Other Date (If Applicable)**

**Address Line 1**

**Address Line 2 (If Applicable)**

**City**                                      **State**        **Zip Code**

**Foreign Province**                          **Foreign Country**      **Foreign Zip Code**

**Telephone Number (Day)**                    **Telephone Number (Night)**

**Email Address**   (Email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.)

---

**IDENTITY OF CLAIMANT (check only one box):**

☐ **Individual**   ☐ **Joint Owners**   ☐ **Estate**   ☐ **Corporation**   ☐ **Trust**   ☐ **Partnership**

☐ **Private Pension Fund**   ☐ **Legal Representative**

☐ **IRA, Keogh, or other type of individual retirement plan** (indicate type of plan, mailing address, and name of current custodian)

☐ **Other** (specify, describe on separate sheet)

---

NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request to, or may be requested to, submit information regarding their transactions in electronic files. To obtain the mandatory electronic filing requirements and file layout, you may visit the website at www.gcginc.com or you may e-mail the Claims Administrator at eClaim@gcginc.com. Any file not in accordance with the required electronic filing format will be subject to rejection.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email after processing your file with your claim numbers and respective account information.  Do not assume that your file has been received or processed until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at eClaim@gcginc.com to inquire about your file and confirm it was received and acceptable.



[1]The last four digits of the taxpayer identification number (TIN), consisting of a valid Social Security Number (SSN) for individuals or Employer Identification Number (EIN) for business entities, trusts, estates, etc., and telephone number of the beneficial owner(s) may be used in verifying this claim.





3

## PART II - GENERAL INSTRUCTIONS

### QUESTIONS? CALL 1-800-903-8296

1. In order to receive any payments to which you may be entitled as a member of the Settlement Class in the consolidated action entitled, E*TRADE Securities Class Action (the "Litigation"), you must complete and, on page 9 hereof, sign this Proof of Claim and Release (the "Proof of Claim and Release"). If you fail to submit a properly addressed Proof of Claim and Release (as set forth in Paragraph 3 below), your claim may be rejected, and you may be precluded from any recovery from the Settlement Fund created in connection with the proposed settlement of the Litigation.

2. Submission of this Proof of Claim and Release, however, does not assure that you will share in the proceeds of the Settlement in the Litigation.

3. YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE TO THE CLAIMS ADMINISTRATOR, AND BE **POSTMARKED ON OR BEFORE OCTOBER 31, 2012**, ADDRESSED AS FOLLOWS:

**E*TRADE Securities Class Action**
**Claims Administrator**
**c/o The Garden City Group, Inc.**
**P.O. Box 9888**
**Dublin, Ohio 43017-5788**

4. If you are a member of the Settlement Class and you do not timely request exclusion in connection with the proposed settlement, you will be bound by the terms of any judgment entered in the Litigation, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE.

5. If you are NOT a member of the Settlement Class (as defined in the enclosed Notice), DO NOT submit a Proof of Claim and Release.

### CLAIM FORM

1. If you purchased or otherwise acquired E*TRADE Securities and held them in your name, you are the beneficial purchaser as well as the purchaser of record. If, however, you purchased or otherwise acquired these securities and the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

2. Use Part I of this form entitled "Claimant Identification" to identify each beneficial purchaser of the Securities which forms the basis of this claim. THIS CLAIM MUST BE SUBMITTED BY THE ACTUAL BENEFICIAL PURCHASER OR PURCHASERS OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER OR PURCHASERS, OF THE SHARES UPON WHICH THIS CLAIM IS BASED.

3. All joint purchasers must sign this claim form. Executors, administrators, guardians, conservators, and trustees must complete and sign this form on behalf of Persons represented by them and documentation establishing their authority must accompany this claim and their titles and capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of your claim.

4. A claimant whose Shares were held in a custodian account under a Uniform Gift to Minors Act ("UGMA"), may file in his or her own name if he or she is now of age. In this event, the former custodian does not have to sign the Proof of Claim. Custodians under the UGMA should identify themselves as beneficial purchasers, not nominees (e.g., John Smith, Custodian for Jack Smith UGMA). In this instance, use the minor's Social Security Number.

5. Corporate officers or partners filing for a claimant corporation or partnership should fill in the name of the entity as the beneficial purchasers, and sign their names and titles where indicated on the signature page.

6. Use Part III, Sections A, B, C, D and E of this form entitled "Schedule of Transactions in E*TRADE Common Stock" to supply all required details of your transaction(s) in the Common Stock shares. On the schedules, provide all of the requested information with respect to (i) the number of Common Stock Shares you held at the close of trading on April 18, 2006; (ii) all of your purchases and all of your sales of the Common Stock Shares which took place during the Settlement Class Period, regardless of whether such transactions resulted in a profit or loss; (iii) the number of shares of Common Stock shares purchased or otherwise acquired between November 10, 2007 and February 7, 2008; and (iv) the number of shares you owned at the close of trading on February 7, 2008. Failure to report all such transactions may result in the rejection of your claim.

7. Use Part IV, Sections A, B and C of this form entitled "Schedule of Transactions in E*TRADE Call Options" to supply all required details of your transaction(s) in the Call Options contracts. On the schedules, provide all of the requested information with respect to (i) the number of Call Option contracts you held at the close of trading on April 18, 2006; and (ii) all of your purchases and all of your sales of the Call Option contracts which took place during the Settlement Class Period, regardless of whether such transactions resulted in a profit or loss.

8. Use Part V, Sections A, B and C of this form entitled "Schedule of Transactions in E*TRADE Put Options" to supply all required details of your transaction(s) in the Put Options contracts. On the schedules, provide all of the requested information with respect to (i) the number of Put Option contracts you held at the close of trading on April 18, 2006; and (ii) all of your purchases and all of your sales of the Put Option contracts which took place during the Settlement Class Period, regardless of whether such transactions resulted in a profit or loss.

9. Use Part VI, Sections A, B, C, D, and E of this form entitled "Schedule of Transactions in other E*TRADE Securities" to supply all required details of your transaction(s) in securities **other than** common stock and call or put options. If you purchased or otherwise acquired more than one type of security other than common stock, call options, or put options, photocopy Part VI for each additional type of other security you claim. To complete Part VI, you must provide all of the requested information with respect to (i) the type of security for which you are claiming; (ii) the number of other securities you held at the close of trading on April 18, 2006; (iii) all of your purchases and all of your sales of the other securities which took place during the Settlement Class Period, regardless of whether such transactions resulted in a profit or loss; and (iv) the number of other securities owned at the close of trading on November 9, 2007. Failure to report all such transactions may result in the rejection of your claim. You may be required to provide substantive additional documentation to validate your claim. You will be contacted if such information is required.

10. List each transaction in the Settlement Class Period separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

11. Brokerage commissions and transfer taxes paid by you in connection with your purchase and sale of the Securities should be excluded in computing the "total purchase price" and the "total sales price."

12. Brokers' confirmations or other documentation of your transactions in E*TRADE Securities should be attached to your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

# PART III - SCHEDULE OF TRANSACTIONS IN E*TRADE COMMON STOCK

4

**A. BEGINNING HOLDINGS:** Number of shares of E*TRADE common stock held at the close of trading on **April 18, 2006.**
If none, write "zero" or "0".

Shares

**B. PURCHASES/ACQUISITIONS:** Purchases/acquisitions of E*TRADE common stock (between April 19, 2006, and November 9, 2007, inclusive). (Must be documented.)

| Trade Date<br>List Chronologically<br>(Month/Day/Year) | Number of Shares<br>Purchased or Otherwise<br>Acquired | Price Per Share | Total Purchase Price<br>(Excluding taxes, fees,<br>other commissions) | Complete only if purchase<br>was result of option exercise<br>or assignment. Enter "E" if<br>Exercised or "A" if Assigned |
|---|---|---|---|---|
| / / | | | . | |
| / / | | | . | |
| / / | | | . | |
| / / | | | . | |

**C. PURCHASES/ACQUISITIONS:** Number of shares of E*TRADE common stock purchased or otherwise acquired between **November 10, 2007 and February 7, 2008.** (If none, write "zero" or "0").

Shares

**D. SALES:** Sales of E*TRADE common stock (between **April 19, 2006, and February 7, 2008,** inclusive). (Must be documented.)

| Trade Date<br>List Chronologically<br>(Month/Day/Year) | Number of Shares<br>Sold | Price Per Share | Total Sale Price<br>(Excluding taxes, fees,<br>other commissions) | Complete only if sale was<br>result of option exercise<br>or assignment. Enter "E" if<br>Exercised or "A" if Assigned |
|---|---|---|---|---|
| / / | | | . | |
| / / | | | . | |
| / / | | | . | |
| / / | | | . | |

**E. ENDING HOLDINGS:** Number of shares of E*TRADE common stock held at the close of trading on **February 7, 2008.**
If none, write "zero" or "0". (Must be documented.)

Shares

IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU **MUST** PHOTOCOPY THIS PAGE AND CHECK THIS BOX [ ]   IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL **NOT** BE REVIEWED

# PART IV - SCHEDULE OF TRANSACTIONS IN E*TRADE CALL OPTIONS

5

**A.  BEGINNING HOLDINGS:** At the close of trading on **April 18, 2006** I owned the following call option contracts:

| Number of Contracts | Expiration Month and Year & Strike Price of Options (i.e. 05/07 $40) | Purchase Price Per Contract | Amount Paid (excluding commissions, taxes, and fees) | Insert an "E" if Exercised or an "X" if Expired | Exercise Date (Month/Day/Year) |
|---|---|---|---|---|---|

**B.  PURCHASES/ACQUISITIONS:** I made the following purchases/acquisitions of call option contracts between **April 19, 2006** and **November 9, 2007,** inclusive (Must be documented):

| Number of Contracts | Expiration Month and Year & Strike Price of Options (i.e. 05/07 $40) | Purchase Price Per Contract | Amount Paid (excluding commissions, taxes, and fees) | Insert an "E" if Exercised or an "X" if Expired | Exercise Date (Month/Day/Year) |
|---|---|---|---|---|---|
| Date of Purchase (List Chronologically) (Month/Day/Year) | | | | | |

**C.  SALES:** I made the following sales, regardless of when they occurred, of the above call option contracts which call option contracts were purchased or otherwise acquired between **April 19, 2006** and **November 9, 2007**, inclusive (Must be documented):

| Number of Contracts | Expiration Month and Year & Strike Price of Options (i.e. 05/07 $40) | Sale Price Per Contract | Amount Received (excluding commissions, taxes, and fees) |
|---|---|---|---|
| Date of Sale (List Chronologically) (Month/Day/Year) | | | |

IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU **MUST** PHOTOCOPY THIS PAGE AND CHECK THIS BOX   IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL **NOT** BE REVIEWED

# PART V - SCHEDULE OF TRANSACTIONS IN E*TRADE PUT OPTIONS

**A.  BEGINNING HOLDINGS:** At the close of trading on **April 18, 2006**, I was obligated on the following put option contracts:

| Number of Contracts | Expiration Month and Year & Strike Price of Options (i.e. 05/07 $40) | Sale Price Per Contract | Amount Received (excluding commissions, taxes, and fees) | Insert an "A" if Assigned or an "X" if Expired | Assign Date (Month/Day/Year) |
|---|---|---|---|---|---|

**B.  SALES (WRITING) OF PUT OPTIONS:** I wrote (sold) put option contracts between **April 19, 2006** and **November 9, 2007**, inclusive, as follows (Must be documented):

| Date of Writing (Sale) (List Chronologically) (Month/Day/Year) | Number of Contracts | Expiration Month and Year & Strike Price of Options (i.e. 05/07 $40) | Sale Price Per Contract | Amount Received (excluding commissions, taxes, and fees) | Insert an "A" if Assigned or an "X" if Expired | Assign Date (Month/Day/Year) |
|---|---|---|---|---|---|---|
| / | | | | | | |
| / | | | | | | |
| / | | | | | | |
| / | | | | | | |

**C.  COVERING TRANSACTIONS (REPURCHASES):** I made the following repurchases, regardless of when they occurred, of the above put option contracts that I wrote (sold) on or before **November 9, 2007**, inclusive (Must be documented):

| Date of Repurchase (List Chronologically) (Month/Day/Year) | Number of Contracts | Expiration Month and Year & Strike Price of Options (i.e. 05/07 $40) | Price Paid Per Contract | Aggregate Cost (excluding commissions, taxes, and fees) |
|---|---|---|---|---|
| / | | | | |
| / | | | | |
| / | | | | |
| / | | | | |

IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU **MUST** PHOTOCOPY THIS PAGE AND CHECK THIS BOX ☐    IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL **NOT** BE REVIEWED

6

# PART VI - SCHEDULE OF TRANSACTIONS IN OTHER E*TRADE SECURITIES

7

**A. TYPE OF SECURITY:**
If you purchased or otherwise acquired more than one type of security **other than common stock, call options, or put options,** photocopy this page for each additional type of other security.

**B. BEGINNING HOLDINGS:** Number of other E*TRADE securities held at the close of trading on **April 18, 2006.** If none, write "zero" or "0".

**C. PURCHASES/ACQUISITIONS:** Purchases/acquisitions of other E*TRADE securities (between **April 19, 2006,** and **November 9, 2007,** inclusive).
(Must be documented.)

| Trade Date<br>List Chronologically<br>(Month/Day/Year) | Number of Securities<br>Purchased or Otherwise<br>Acquired | Price Per Security | Total Purchase Price<br>(Excluding taxes, fees,<br>other commissions) |
|---|---|---|---|
| / | | . | . |
| / | | . | . |
| / | | . | . |

**D. SALES:** Sales of other E*TRADE securities (between **April 19, 2006,** and **November 9, 2007,** inclusive). (Must be documented.)

| Trade Date<br>List Chronologically<br>(Month/Day/Year) | Number of Securities<br>Sold | Price Per Security | Total Sale Price<br>(Excluding taxes, fees,<br>other commissions) |
|---|---|---|---|
| / | | . | . |
| / | | . | . |
| / | | . | . |

**E. ENDING HOLDINGS:** Number of other E*TRADE securities held at the close of trading on **November 9, 2007.** If none, write "zero" or "0". (Must be documented.)

YOU MAY BE REQUIRED TO PROVIDE ADDITIONAL SUBSTANTIATING DOCUMENTATION TO VALIDATE YOUR CLAIM. YOU WILL BE CONTACTED IF SUCH INFORMATION IS REQUIRED.

IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU **MUST** PHOTOCOPY THIS PAGE AND CHECK THIS BOX   IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL **NOT** BE REVIEWED



8

## PART VII - SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

By submitting this Proof of Claim Form and Release, I/we, and every Settlement Class member I/we represent, submit to the jurisdiction of the United States District Court for the Southern District of New York for purposes of this Action and the Settlement of the Action, as reflected in the Stipulation of Settlement (the "Stipulation" or the "Settlement"). I/We further agree to be bound by the orders of the Court, agree that this Proof of Claim Form, my/our status or the status of the Settlement Class member I/we represent as a Claimant and the allowable amount of this claim will be subject to review and further inquiry, and that I/we will furnish such additional documentation with respect to this Proof of Claim as may be required.

## PART VIII - RELEASE

By signing this Proof of Claim Form and Release, and in consideration of the establishment of the Settlement Fund, as of the Effective Date thereof, the undersigned claimant ("Claimant"), hereby releases, relinquishes, and discharges any and all claims, debts, demands, rights, liabilities, and causes of action of every nature and description whatsoever (including, but not limited to, any claims for damages, restitution, rescission, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or unliquidated, at law or in equity, matured or unmatured, including, without limitation, claims arising under Sections 10(b) or 20(a) of the Securities Exchange Act of 1934 and claims for control person liability, whether class or individual in nature, including both known claims and Unknown Claims (as defined below), whether or not concealed or hidden that (i) have been asserted in this Action or in the Complaint by the Plaintiffs against any of the Released Persons (as defined in the Stipulation), or (ii) could have been asserted in the Action or any other forum by the Plaintiffs or any Settlement Class Member (or any person who inherited or otherwise acquired E*TRADE securities from a Settlement Class Member) against any of the Released Persons that arise out of, or are based upon or related in any way to: (a) such Settlement Class Member's purchase, acquisition, disposition, sale or retention of, or other transaction in, E*TRADE securities during the Settlement Class Period, or (b) the allegations, transactions, facts, matters or occurrences, representations or omissions involved in the Action, or set forth or referred to in the Complaint, including without limitation, claims that arise out of or relate to any disclosures, Securities and Exchange Commission filings, press releases, registration statements, offering memoranda, or other public statements by or on behalf of E*TRADE during the Settlement Class Period (collectively the "Released Claims"). Released Claims do not include the claims being prosecuted in a derivative capacity on behalf of E*TRADE in Rubery, et al. v. Caplan, et al., Civil Action No. 07 Civ 8612, or any claims to enforce the terms of the Settlement or the Stipulation.

"Unknown Claims" shall mean any claims that Plaintiffs or any Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons that, if known by him, her, or it, would or might have affected his, her, or its settlement with and release of the Released Persons, or would or might have affected his, her, or its decisions with respect to this Settlement. Plaintiffs and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs upon the Effective Date shall expressly, fully, finally, and forever settle and release and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs acknowledge, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the inclusion of Unknown Claims in the definition of Released Claims was separately bargained for and a key element of the Settlement of which this release is a material and essential part. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiffs shall expressly waive and relinquish, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived and relinquished, the provisions, rights, and benefits of California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Plaintiffs shall expressly waive and relinquish, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived and relinquished, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542.



9

## PART IX - CERTIFICATION

Under penalty of perjury, I (we) hereby certify and represent that I (we) have included information about all of my (our) transactions in E*TRADE securities that occurred during the Settlement Class Period as well as the number of shares of E*TRADE securities held by me (us) at the close of trading on February 7, 2008.  By executing this certification, I (we) acknowledge and agree to be bound by the Release set forth above.

Executed this _____ day of _____ in _____.
　　　　　　　　　　　　　(Month) (Year)　　　　　　　　　　　(City, State, Country)


_____　　　　　_____
Signature of Claimant　　　　　　　　　　　　　　　　　Date


_____
Print your name here


_____　　　　　_____
Signature of joint claimant, if any　　　　　　　　　　　Date


_____
Print your name here

***If the Claimant is other than an individual, or is not the person completing this form, the following also must be provided:***


_____　　　　　_____
Signature of person signing on behalf of claimant　　　Date


_____
Print your name here


_____
Capacity of person signing on behalf of claimant, if other than
an individual, e.g., executor, president, custodian, etc.

---

REMINDER CHECKLIST

---

1.   Please sign the Proof of Claim and Release.

2.   If this claim is made on behalf of joint claimants, then both must sign.

3.   Please remember to attach supporting documents. (Supporting documents include trade confirmations, official monthly, quarterly or annual brokerage statements or contracts that were entered into between you and the provider).

4.   DO NOT SEND ORIGINALS OF ANY SUPPORTING DOCUMENTS.

5.   If you aggregated accounts, be sure to include supporting documents for all accounts.

6.   Keep a copy of your Claim Form and all documentation submitted for your records.

7.   The Claims Administrator will acknowledge receipt of your Claim Form by regular or electronic mail, within 60 days. Your claim is not deemed filed until you receive an acknowledgment postcard or e-mail. If you do not receive an acknowledgment postcard or e-mail within 60 days, please call the Claims Administrator toll free at **1 (800) 903-8296.**

8.   If you move, you must send us your new address. Otherwise, any funds allocated to your claim are subject to forfeiture.

9.   **Do not use highlighter on the Claim Form or supporting documentation.**

THIS PROOF OF CLAIM MUST BE POSTMARKED NO LATER THAN
OCTOBER 31, 2012 AND MUST BE MAILED TO:

E*TRADE Securities Class Action
Claims Administrator
c/o The Garden City Group, Inc.
P.O. Box 9888
Dublin, OH 43017-5788

# EXHIBIT B

**Shannon Baraff**

| | |
|---|---|
| **From:** | sfhubs@prnewswire.com |
| **Sent:** | Monday, July 09, 2012 6:01 AM |
| **To:** | GCGBuyers; Shannon Baraff |
| **Subject:** | PR Newswire: Press Release Clear Time Confirmation for Brower Piven, A Professional Corporation. ID#704217-1-1 |

## PR NEWSWIRE EDITORIAL

Hello

Here's the clear time* confirmation for your news release:

Release headline: Brower Piven, A Professional Corporation Provides Notice of Proposed Settlement of E*TRADE Financial Corporation Securities Class Action
Word Count: 865
Product Summary:
US1
ReleaseWatch
Complimentary Press Release Optimization
IRW
PR Newswire's Editorial Order Number: 704217-1-1

Release clear time: 09-Jul-2012 09:00:00 AM

*Clear time represents the time your news release was distributed to the newsline you selected. Releases distributed publicly in the US can be located online in order of release time at: http://www.prnewswire.com/news-releases-list/

Thank you for choosing PR Newswire!

*****************************************************************
Engage opportunity everywhere it exists. Learn how content is currency in today's communications landscape. Download our FREE white papers:
http://promotions.prnewswire.com/Clear-Time-Confirmation-Email-WP.html

For more information on how PR Newswire can help support your communications initiatives, please visit:
http://www.prnewswire.com/products-services/

To contact PR Newswire directly, please call 888-776-0942 or e-mail information@prnewswire.com.

**Angelo Cigna**

**Subject:**          RE: PR Newswire: Press Release Clear Time Confirmation for Brower Piven, A
                      Professional Corporation. ID#704217-2-1

**From:** sfhubs@prnewswire.com [mailto:sfhubs@prnewswire.com]
**Sent:** Monday, July 16, 2012 09:00 AM
**To:** GCGBuyers; Shannon Baraff
**Subject:** PR Newswire: Press Release Clear Time Confirmation for Brower Piven, A Professional Corporation. ID#704217-2-1

## PR NEWSWIRE EDITORIAL

Hello

Here's the clear time* confirmation for your news release:

Release headline: Brower Piven, A Professional Corporation Provides Notice of Proposed Settlement of E*TRADE
Financial Corporation Securities Class Action
Word Count: 865
Product Summary:
US1
ReleaseWatch
Complimentary Press Release Optimization
IRW
PR Newswire's Editorial Order Number: 704217-2-1

Release clear time: 16-Jul-2012 09:00:00 AM

*Clear time represents the time your news release was distributed to the newsline you selected. Releases distributed
publicly in the US can be located online in order of release time at: http://www.prnewswire.com/news-releases-list/

Thank you for choosing PR Newswire!

*****************************************************************
Engage opportunity everywhere it exists. Learn how content is currency in today's communications landscape. Download
our FREE white papers:
http://promotions.prnewswire.com/Clear-Time-Confirmation-Email-WP.html

For more information on how PR Newswire can help support your communications initiatives, please visit:
http://www.prnewswire.com/products-services/

To contact PR Newswire directly, please call 888-776-0942 or e-mail information@prnewswire.com.

1

**Shannon Baraff**

| | |
|---|---|
| **From:** | sfhubs@prnewswire.com |
| **Sent:** | Monday, July 23, 2012 6:01 AM |
| **To:** | GCGBuyers; Shannon Baraff |
| **Subject:** | PR Newswire: Press Release Clear Time Confirmation for Brower Piven, A Professional Corporation. ID#704217-3-1 |

## PR NEWSWIRE EDITORIAL

Hello

Here's the clear time* confirmation for your news release:

Release headline: Brower Piven, A Professional Corporation Provides Notice of Proposed Settlement of E*TRADE Financial Corporation Securities Class Action
Word Count: 865
Product Summary:
US1
ReleaseWatch
Complimentary Press Release Optimization
IRW
PR Newswire's Editorial Order Number: 704217-3-1

Release clear time: 23-Jul-2012 09:00:00 AM

*Clear time represents the time your news release was distributed to the newsline you selected. Releases distributed publicly in the US can be located online in order of release time at: http://www.prnewswire.com/news-releases-list/

Thank you for choosing PR Newswire!

*******************************************************************
Engage opportunity everywhere it exists. Learn how content is currency in today's communications landscape. Download our FREE white papers:
http://promotions.prnewswire.com/Clear-Time-Confirmation-Email-WP.html

For more information on how PR Newswire can help support your communications initiatives, please visit:
http://www.prnewswire.com/products-services/

To contact PR Newswire directly, please call 888-776-0942 or e-mail information@prnewswire.com.