USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9-11-12

RECEIVED
2012 SEP 11  P 3: 17
PRO SE OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
LARRY FREUDENBERG, Individually and
On Behalf of All Others Similarly Situated,

       Plaintiff

-against-

E*TRADE FINANCIAL CORPORATION,
MITCHELL H. CAPLAN, ROBERT J.
SIMMONS and DENNIS E. WEBB,

       Defendants
-----------------------------------------------------------X

Civil Action No.

07 Civ. 8538 (JPO) (MHD)

## OBJECTIONS TO THE PROPOSED SETTLEMENT AND PROOF OF MEMBERSHIP IN CLASS

Objector, Paul Liles, hereby provides information needed to demonstrate his membership in the settlement class and objects to the proposed settlement; and says:

### PROOF OF MEMBERSHIP IN THE SETTLEMENT CLASS

I, Paul Liles, am a member of the settlement class having received the Notice dated July 3, 2012. Attached hereto and incorporated by reference is a list of my schedule of transactions of E*TRADE securities during the Settlement Class Period, April 19, 2006 through and including November 9, 2007. On April 21, 2006 I purchased 23 shares of E TRADE FINANCIAL CORP at the price of $27.5187 per share. My address and telephone number are 1305 Wakefield Lane, Birmingham, Alabama 35243; (205) 870-8210.

### OBJECTIONS

1. It is my contention that Lead Counsel for Plaintiff and the settling defendant violated the notice requirements of the Private Securities Litigation Reform Act of 1995, Pub. L. 104-67, 109 Stat. 737 ( hereinafter PSLRA) by failing to provide a "Statement of Potential

Outcome of Case" that comports with the PSLRA in the Notice provided to myself and class members.

2. The Notice, on page 2, has a section entitled "Statement of Potential Outcome of Case". It provides:

> Plaintiffs and Defendants disagree on the potential liability of Defendants and they do not agree on the average amount of damages per share, if any, that would be recoverable if Plaintiffs were to have prevailed at trial on each claim alleged. Defendants deny that they are liable in any respect or that Plaintiffs suffered any injury. The issues on which the parties disagree include: (1) whether any Defendant engaged in any conduct subject to challenge under the federal securities laws; (2) the amounts by which E*TRADE securities were allegedly artificially inflated (if at all) during the Settlement Class Period (as defined above); (3) the effect of various market forces influencing the trading price of E*TRADE securities at various times during the Settlement Class Period; (4) the extent to which the various matters that Plaintiffs alleged were materially false or misleading influenced (if at all) the trading price of E*TRADE securities during the Settlement Class Period; (5) the extent to which the various allegedly adverse material facts that Plaintiffs alleged were omitted influenced (if at all) the trading price of E*TRADE securities during the Settlement Class Period; (6) whether the statements made or facts allegedly omitted were material, false, misleading, or otherwise actionable under the securities laws; and (7) whether, even if liability could be proven, total damages would be greater than $0.

3. The PSLRA, which governs the notice in the instant case, explicitly requires that any proposed or final settlement that is provided to the class shall include both of the following:

    1) a statement of the amount of distribution under the settlement in the aggregate and on an average per share basis (15 U.S.C. §78u-4(a)(7)(A)); and,

    2) a separate and distinct Statement of the Potential Outcome of the Case (15 U.S.C. §78u-4(a)(7)(B)(i)(ii) and (iii)).

4. The Statement of the Potential Outcome of the Case provides, in the alternative, in sections (i) and (ii) that if the settling parties agree on the average amount of damages, then they only have to include a statement concerning "the average amount of such potential damages per

2

share." 15 U.S.C. §78u-4(a)(7)(B)(I); or, if the parties disagree on the average amount of damages per share that would be recoverable if the plaintiff prevailed on each claim alleged under the PSLRA, then the notice must include "a statement from each settling party concerning the issue or issues on which the parties disagree." 15 U.S.C. §78u-4(a)(7)(B)(ii).

5.  In context, remembering that this subsection of the PSLRA is entitled "Statement of the Potential Outcome of the Case," 15 U.S.C. §78u-4(a)(7)(B)(ii) clearly requires the settling parties to disclose in the notice what each believes to be "the average amount of such potential damages per share." Any other reading of the statutory language, "a statement from each settling party concerning the issue or issues on which the parties disagree", would be either out of context or disingenuous.

6.  Furthermore, 15 U.S.C. §78u-4(a)(7)(B)(iii) clarifies clauses (i) and (ii) by providing: "A statement made in accordance with clause (i) or (ii) concerning the amount of damages shall not be admissible in any Federal or State judicial action or administrative proceeding, other than an action or proceeding arising out of such statement."

7.  In this matter, the statement on page 2 is a joint statement concerning seven issues of proof that would arise at trial. It is not "a statement from each settling party concerning the issue or issues on which the parties disagree" because under 15 U.S.C. §78u -4(a)(7)(B)(ii) the issue or issues on which the parties disagree concerns "the average amount of such potential damages per share."

8.  An exemplar of a proper paragraph pursuant to 15 U.S.C. §78u-4(a)(7)(B)(ii) would be:

> Plaintiffs and Defendants do not agree on the average amount of damages per share that would be recoverable even if Plaintiffs were to prevail on the claims asserted against Defendants. Plaintiffs believe that the average amount of

damages per share that would be recoverable if Plaintiffs prevailed on each claim alleged is $1.1283. Plaintiffs disagree with Defendants in this regard because the economic model used by Defendants to determine the amounts by which E*TRADE securities were artificially inflated during the class period is not generally accepted and grossly undervalues the damage per share experienced by class members; and the extent to which the various allegedly adverse material facts that Plaintiffs alleged were omitted influenced (if at all) the prices of E*TRADE publicly traded securities at various times during the Class Period.

10. In light of both class counsel's failure to follow the notice requirements of the PSLRA with regard to the Notice to absent class members; and, the size of the settlement fund, I maintain that the proposed attorney's fee of 33.33% of the $79,000,000 fund is both unreasonable and excessive.

11. I hereby adopt all other meritorious and timely filed objections that are not inconsistent with these objections

WHEREFORE, Paul Liles respectfully requests that this Court to sustain these Objections and enter such Orders as are necessary and just to adjudicate these Objections including but not limited to: this Court not approving the proposed settlement because of the improper notice to the class; and requiring class counsel and the settling defendants to craft a new notice that complies with the PSLRA and then to re-notice the class; and granting such other relief that this court deems necessary or proper so as to alleviate the inherent unfairness, inadequacy and unreasonableness of the proposed Settlement.

Respectfully submitted,

_____
Paul Liles, Esq., *Pro se*

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 5th day of September, 2012, the original Objections to the Proposed Settlement and Proof of Membership in Class was mailed to the Clerk of the Court, United States District Court, Southern District of New York, Daniel Patrick Moynihan U.S. Courthouse, 500 Pearl Street, New York, NY 10007 and true and correct copies were mailed to Lead Counsel for Plaintiffs, Brower Piven, A Professional Corporation, David A.P. Bower, 488 Madison Avenue, Eighth Floor, New York, NY 10022 and to Counsel for Defendants, Davis Polk & Wardwell LLP, Amelia T.R. Starr, 450 Lexington Avenue, New York, NY 10017, such that all recipients would receive the Objections to the Proposed Settlement and Proof of Membership in Class by September 10, 2012.

_____
Paul Liles, Esq., *Pro se*



Merrill Lynch
Office Serving Your Account
P O BOX 12006
BIRMINGHAM AL 35202
(205) 326-9500

**TOTAL MERRILL**

PAUL A LILES AND
ANNE W LILES TIC
2917 VIRGINIA RD
BIRMINGHAM AL 35223

Account Number: ▓▓▓▓▓▓

** Not Mailed **

# TRADE CONFIRMATION        Date: April 21, 2006

We confirm the following transaction(s) subject to the agreement below.

**BOUGHT** **E TRADE FINANCIAL CORP**

| Quantity | 23 | Price | 27.518700 | Amount | 632.93 | Trade Date | 04/21/06 |
|---|---|---|---|---|---|---|---|
| Processing Fee | | | | | | Settle Date | 04/26/06 |
| Transaction Fee | | | | | | ML Symbol | ET |
| Accrued Interest/Dividends | | | | | | Security # | 255D0 |
| | | | | | | Cusip # | 269246104 |
| **NET AMOUNT** | | | | | 632.93 | FA # | 1215 |

EXECUTED 100PC NYSE   PRICE SHOWN IS AN AVERAGE PRICE. DETAILS REGARDING ACTUAL PRICES, REMUNERATION AND THE CAPACITY IN WHICH ML ACTED ARE   AVAILABLE UPON REQUEST.   ML ACTED AS AGENT

SEE ABOVE FOR TRANSACTION   DETAILS

**BOUGHT** ▓▓▓▓▓▓▓▓▓▓

| Quantity | 2 | Price | 448.200200 | Amount | 896.40 | Trade Date | 04/21/06 |
|---|---|---|---|---|---|---|---|
| Processing Fee | | | | | | Settle Date | 04/26/06 |
| Transaction Fee | | | | | | ML Symbol | ▓▓▓ |
| Accrued Interest/Dividends | | | | | | Security # | 31842 |
| | | | | | | Cusip # | 38259P508 |
| **NET AMOUNT** | | | | | 896.40 | FA # | 1215 |

EXECUTED 100PC OTC WE MAKE A MARKET IN THIS ISSUE  PRICE SHOWN IS AN AVERAGE PRICE. DETAILS REGARDING ACTUAL   PRICES, REMUNERATION AND THE CAPACITY IN WHICH ML ACTED ARE   AVAILABLE UPON REQUEST.   ML ACTED AS AGENT

SEE ABOVE FOR TRANSACTION   DETAILS

**BOUGHT** ▓▓▓▓▓▓▓▓▓▓▓▓▓

| Quantity | 10 | Price | 82.640000 | Amount | 826.40 | Trade Date | 04/21/06 |
|---|---|---|---|---|---|---|---|
| Processing Fee | | | | | | Settle Date | 04/26/06 |
| Transaction Fee | | | | | | ML Symbol | ▓▓▓ |
| Accrued Interest/Dividends | | | | | | Security # | 34824 |
| | | | | | | Cusip # | 406216101 |
| **NET AMOUNT** | | | | | 826.40 | FA # | 1215 |

EXECUTED 100PC NYSE   PRICE SHOWN IS AN AVERAGE PRICE. DETAILS REGARDING ACTUAL PRICES, REMUNERATION AND THE CAPACITY IN WHICH ML ACTED ARE   AVAILABLE UPON REQUEST.   ML ACTED AS AGENT

SEE ABOVE FOR TRANSACTION   DETAILS

**TOTAL MERRILL**

## TRADE DETAILS (continued)

**BOUGHT** ▓▓▓▓▓▓▓▓▓▓▓▓▓

| | | | | |
|---|---|---|---|---|
| Quantity | 6 | Price | 63.680500 | Amount | 382.08 |
| Processing Fee | | | | |
| Transaction Fee | | | | |
| Accrued Interest/Dividends | | | | |

| | |
|---|---|
| Trade Date | 04/21/06 |
| Settle Date | 04/25/06 |
| ML Symbol | ▓▓▓ |
| Security # | 77504 |
| Cusip # | 913017109 |

**NET AMOUNT**  382.08   FA #   1215

EXECUTED 100PC NYSE AS OF 04/20   PRICE SHOWN IS AN AVERAGE PRICE. DETAILS REGARDING ACTUAL   PRICES, REMUNERATION AND THE CAPACITY IN WHICH ML ACTED ARE AVAILABLE UPON REQUEST.   ML ACTED AS AGENT

SEE ABOVE FOR TRANSACTION   DETAILS

---

**SOLD** ▓▓▓▓▓▓▓▓▓▓▓▓▓

| | | | | |
|---|---|---|---|---|
| Quantity | 13 | Price | 67.527200 | Amount | 877.85 |
| Processing Fee | | | | |
| Transaction Fee | | | | 0.03 |
| Accrued Interest/Dividends | | | | |

| | |
|---|---|
| Trade Date | 04/21/06 |
| Settle Date | 04/26/06 |
| ML Symbol | ▓▓▓ |
| Security # | 04491 |
| Cusip # | 031162100 |

**NET AMOUNT**  877.82   FA #   1215

EXECUTED 100PC OTC WE MAKE A MARKET IN THIS ISSUE  PRICE SHOWN IS AN AVERAGE PRICE. DETAILS REGARDING ACTUAL   PRICES, REMUNERATION AND THE CAPACITY IN WHICH ML ACTED ARE   AVAILABLE UPON REQUEST.   ML ACTED AS AGENT

SEE ABOVE FOR TRANSACTION   DETAILS

---

**SOLD** ▓▓▓▓▓▓▓▓▓▓▓▓▓

| | | | | |
|---|---|---|---|---|
| Quantity | 9 | Price | 37.149800 | Amount | 334.35 |
| Processing Fee | | | | |
| Transaction Fee | | | | 0.02 |
| Accrued Interest/Dividends | | | | |

| | |
|---|---|
| Trade Date | 04/21/06 |
| Settle Date | 04/25/06 |
| ML Symbol | ▓▓▓ |
| Security # | 256T9 |
| Cusip # | 278642103 |

**NET AMOUNT**  334.33   FA #   1215

EXECUTED 100PC OTC WE MAKE A MARKET IN THIS ISSUE  AS OF 04/20   PRICE SHOWN IS AN AVERAGE PRICE. DETAILS REGARDING ACTUAL   PRICES, REMUNERATION AND THE CAPACITY IN WHICH ML ACTED ARE   AVAILABLE UPON REQUEST.   ML ACTED AS AGENT

SEE ABOVE FOR TRANSACTION   DETAILS

---

**SOLD** ▓▓▓▓▓▓▓▓▓▓▓▓▓

| | | | | |
|---|---|---|---|---|
| Quantity | 10 | Price | 35.044700 | Amount | 350.45 |
| Processing Fee | | | | |
| Transaction Fee | | | | 0.02 |
| Accrued Interest/Dividends | | | | |

| | |
|---|---|
| Trade Date | 04/21/06 |
| Settle Date | 04/26/06 |
| ML Symbol | ▓▓▓ |
| Security # | 256T9 |
| Cusip # | 278642103 |

**NET AMOUNT**  350.43   FA #   1215

EXECUTED 100PC OTC WE MAKE A MARKET IN THIS ISSUE  PRICE SHOWN IS AN AVERAGE PRICE. DETAILS REGARDING ACTUAL   PRICES, REMUNERATION AND THE CAPACITY IN WHICH ML ACTED ARE   AVAILABLE UPON REQUEST.   ML ACTED AS AGENT

SEE ABOVE FOR TRANSACTION   DETAILS



**TOTAL MERRILL**

Payment for securities or other investment purchased, and delivery of securities or other investments instruments sold, are due on SETTLEMENT DATE unless otherwise indicated by a DATE DUE. Delivery on or before settlement date will avoid premium charges. Please preserve this confirmation for income tax purposes. If submitting payment or correspondence please write your account number, shown on the bottom of this page, and forward to "Merrill Lynch Office Serving your Account", shown on top right of page 1. If you have moved or plan to move, notify your Financial Advisor of your new address.

Account Number: **524-11734**     Date:  04/21/2006     Page 3 of 4

**IT IS AGREED BETWEEN MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED (MERRILL LYNCH) AND YOU THAT:**

1) All transactions are subject to the constitution, rules, customs, usages and rulings of the exchange or market, and its clearing house, if any, where executed, and if not executed on an exchange, those of the NASD, as well as applicable federal and state laws and regulations.
2) This confirmation shall be deemed conclusive if not objected to within 10 days.
3) All purchase transactions for your account require payment on settlement date. All sales transactions are made based upon your representation that you have actual or potential possession and will make timely delivery, unless the security sold is held in your account. Late delivery may result in additional charges for premium payment on securities borrowed. We reserve the right to close transactions without further notice when, in our judgment, margins on deposit with us are below our requirements.
4) We will hold for your account all securities bought and proceeds of securities sold unless you instruct us otherwise.
5) Until all your obligations of any kind to Merrill Lynch are discharged, we may without notice to you (i) pledge or hypothecate any securities or other property purchased, deposited or held for your account as collateral, including circumstances under which such securities or other property may be commingled with those of other clients and (ii) lend securities or other property owned by you or deliver the same on others' contracts of sale without Merrill Lynch having in our possession and control for delivery a like amount of similar securities or other property.
6) If securities loaned for a short sale for your account are no longer available, we reserve the right to decide, by random selection, which position will be subject to a buy-in.
7) It is your responsibility to cancel any open order for your account. You should be particularly mindful of this when entering a substitution order.
8) Except for certain custodian accounts, we hold all bonds and preferred securities in bulk segregation. In the event of a call, the securities to be called will be selected at random; the probability of your holdings being selected will be in proportion to all such securities held with us.
9) Municipal bonds may have call features that could affect the yield; we will provide complete information on request.
10) If this transaction involves a debt security subject to redemption, such security may be redeemed in whole or in part before maturity. Such a redemption could affect the yield represented. Complete information will be provided upon written request.
11) When a security is quoted ex-dividend or ex-interest, all buy, sell stop and sell stop limit orders will be reduced on the ex-date by the value of the payment unless otherwise specified. When a security is ex-rights or ex-distribution, such orders will be reduced without exception. All sell, buy stop and buy stop limit orders will not be reduced.
12) We trade for our own account in various securities as a market maker, specialist, dealer, block positioner or arbitrageur, and thus, at any given time, may have a long or short position in a security you are trading.
13) Where a foreign currency is indicated in the security description or where you choose to convert from the currency in which the security or payment thereon is denominated, information provided with respect to principal, interest, dividend and/or yield is subject to fluctuation in applicable exchange rates and costs. Any foreign currency conversion may have been conducted through Merrill Lynch or one of our affiliates, which may have profited in connection with such conversion.
14) Transactions executed in overseas markets may have been conducted through an affiliate of Merrill Lynch.
15) For agency transactions, and upon request, the name of the other party to transaction (where applicable) and the time of trade will be provided.
16) For reported securities, unless otherwise indicated "price" is the reported price.
17) Merrill Lynch bears no responsibility or liability with respect to independent research selected by the Independent Consultant under the Global Research Settlement. Clients assume full responsibility for any trading decisions they make based upon such independent research ratings or reports.
18) Unless otherwise agreed with you in writing, this agreement will apply to any successor of Merrill Lynch, whether by merger, consolidation or other means, and we may transfer your account to any such successor.

SALES CHG PD and SALES CHG % represent the total commissions, and the percentage of commissions, respectively, paid on the purchase of a mutual fund containing front-end sales charges. Purchases at certain dollar thresholds, and other criteria, may qualify purchases for lower sales charges. Please see the fund's prospectus for additional information.

Transaction Fee - Fee assessed on brokerage firms by applicable exchange/market and paid to Securities and Exchange Commission; such fee is passed on to you.



9/11/12
Docketing

Clerk of the Court
U.S. District Court
Southern District of NY
500 Pearl Street
New York, NY 10007



USLaw
SDNY

RECEIVED
PRO SE OFFICE
2012 SEP 11  P 3: 17

58 South Service Road
Suite 200
Melville, NY  11747