UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LARRY FREUDENBERG, Individually and
On Behalf of All Others Similarly Situated,

            Plaintiff,

    - against -

E*TRADE FINANCIAL CORPORATION,
MITCHELL H. CAPLAN, ROBERT J.
SIMMONS and DENNIS E. WEBB,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Civil Action No.

07 Civ. 8538 (JPO) (MHD)

## **DEFENDANTS' RESPONSE IN SUPPORT OF THE SETTLEMENT AGREEMENT**

E*TRADE Financial Corporation, Mitchell H. Caplan, Robert J. Simmons, and Dennis E. Webb (collectively, "Defendants") respectfully submit this response in support of the stipulation of settlement in the above-captioned case (the "Settlement"):

1.    Defendants have reviewed the objections to the Settlement submitted by Eldon R. Ventris (dated September 4, 2012), Chris Andrews (the "Andrews Objection," dated September 5, 2012[1]), Paul Liles (dated September 6, 2012), and Leon I. Behar (dated September 10, 2012). Defendants submit this response in connection with the Andrews Objection, as none of the other objections raises issues pertaining to Defendants or their counsel.[2]

---

[1] In addition, Defendants reviewed the subsequent submission from Mr. Andrews styled as a "Supplement to existing objection," dated September 10, 2012.

[2] To the extent that Mr. Liles argues that the notice of the settlement provided by the parties was technically deficient, Defendants agree with Plaintiffs that Mr. Liles lacks standing and that his argument is incorrect as a matter of law. (See Plaintiffs' Memorandum in Response to Objections and in Further Support of (1) Plaintiffs' Motion for Final Approval of Class Notice and Final Certification of the Class for Purposes of Settlement, (2) Plaintiffs' Motion for Final Approval of the Proposed Settlement and the Proposed Plan of Allocation, and (3) Plaintiffs' Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses ("Pls. Mem.") at 13-15, 18-23.)

2. Defendants join Plaintiffs' response to the Andrews Objection (see Pls. Mem. at 26-47) and agree that the Andrews Objection fails to establish any reason why the Settlement should not receive final approval by the Court.

3. The Settlement was the result of arms-length negotiations conducted in good faith over the course of several months. The negotiations included multiple mediation sessions that were conducted under the supervision of the Honorable Layn R. Phillips (Ret.). (See Declaration of the Honorable Layn R. Phillips (Ret.), dated October 2, 2012.) Even after an agreement-in-principle was reached, the parties conducted additional discovery and continued negotiating the particulars of the stipulation before agreeing upon the terms of the Settlement that was filed with the Court.

4. At all points during the litigation and the settlement negotiations, Defendants' counsel behaved appropriately and acted in Defendants' best interests. The vague, conclusory allegations in the Andrews Objection that the parties' counsel purportedly colluded or engaged in self-dealing or other supposed wrongdoing during the settlement process (see, e.g., Andrews Objection at 7, 10, 22, 38-39, 54-55, 74) are entirely unfounded and without a basis in law or fact. To the contrary, counsel for Defendants advocated their clients' interests vigorously and negotiated a settlement agreement that yielded the best result for their clients under these circumstances.

Dated: New York, New York
October 4, 2012

DAVIS POLK & WARDWELL LLP

By: */s/ Amelia T.R. Starr*
    Amelia T.R. Starr

Amelia T.R. Starr
Dennis E. Glazer

450 Lexington Avenue
New York, New York  10017
(212) 450-4000

*Attorneys for Defendants E*TRADE Financial Corporation, Mitchell H. Caplan, Robert J. Simmons, and Dennis E. Webb*

3