```
-----------------------------------------------------------------x
LARRY FREUDENBERG, Individually and         :
On Behalf of All Others Similarly Situated, :
                                            :  Civil Action No.
                    Plaintiff,              :
                                            :  07 Civ. 8538 (JPO) (MHD)
        -against-                           :
                                            :
E*TRADE FINANCIAL CORPORATION,              :
MITCHELL H. CAPLAN, ROBERT J.               :
SIMMONS and DENNIS E. WEBB,                 :
                                            :
                    Defendants.             :
                                            :
-----------------------------------------------------------------x
```

## ELDON VENTRIS' MOTION AND MEMORANDUM OF LAW IN SUPPORT OF ATTORNEY'S FEES AND REIMBURSEMENT OF EXPENSES

### INTRODUCTION

Class member, Eldon Ventris (hereafter "Objector") hereby brings this Motion for an award of attorneys' fees and reimbursement of expenses as a result of the benefit that he established for the Class, **namely the benefit in the amount of $155,386.06** pursuant to Rule 23(h) of the Federal Rules of Civil Procedure. This amount was saved by the Class because class counsel agreed to take the $554,950.23 from the $79 million Settlement Fund before the attorneys' fees. The Court granted attorneys' fees equal to 28%. Thus, 28% of $554,950.23 equals $155,386.06.

On August 10, 2012, class counsel petitioned the Court for a thirty three and one third percent (33 1/3%) of the $79 million settlement fund plus reimbursement of expenses in the amount of $554,950.23. At that time, counsel was requesting to receive the $26,333,333.33 fee first and then to be reimbursed for their expenses. Counsel for Objector, Brian M. Felgoise, (hereafter "Felgoise") spent substantial time identifying the issues and conducted extensive

research and convinced class counsel to take their fee after reimbursement of expenses were deducted from the settlement, thereby saving the class $155,386.06.

In this case the Objector's actions alone resulted in having attorneys seek the fee from the Net Settlement Fund, thus creating a benefit to the class. Accordingly, counsel for the Objector should be awarded attorneys' fees and reimbursement of expenses.

Counsel for Objector is requesting this Court award $34,854.24 for a legal fee and reimbursement of expenses. This amount requested is reasonable and considerably less than the 28% of $155,386.06 benefit, which is equal to $43,508.10.

## SUMMARY OF FACTS

As the Court is keenly aware this matter was Preliminarily Approved for Settlement on June 12, 2012. The Court's Preliminary Approval included approval of the terms of the Notice and the scheduling of the Fairness Hearing, which took place on October 11, 2012.

The Notice of Settlement stated that plaintiffs' counsel will request that the Court award attorneys' fees not to exceed thirty three and one third percent (33 1/3%) of the $79 million settlement fund. Class counsel ultimately filed a request for attorneys' fees of thirty three and one third (33 1/3%) of the $79 million settlement fund, or $26,333,333.33 on August 10, 2012. In addition to the legal fee, class counsel requested $554,950.23 for reimbursement of expenses.

Felgoise was requested by a class member to investigate the settlement. Felgoise conducted extensive research into the litigation and the relevant case law in the Second Circuit and other federal circuits pertaining to fee awards and determined that the amount of attorney's fees should be from the net settlement fund. Before the objection was filed, Felgoise contacted co-lead plaintiffs' counsel, David A.P. Brower, to discuss the issues uncovered by Felgoise's research. Felgoise and Brower discussed this matter numerous times. Ultimately, Felgoise was able to convince class counsel to request their attorneys' fees from the Net Settlement Fund. Accordingly, class counsel did change their filings to request the fee from the Net Settlement

Fund. (See Supplemental Declaration of David A.P. Brower in Response to Objector at ¶59-¶63 attached hereto as "Exhibit A".) Thus, class counsel changed the Proposed Final Judgment and Order of Dismissal seeking attorneys' fees from the Net Settlement Fund due to the Ventris Objection.

### Order

This Court issued an Order dated October 20, 2012 approving the Settlement, awarding 28% percent from the Net Settlement Fund to the attorneys. As a result of the change, the objection filed by Mr. Ventris benefitted the class in the amount of $155,386.06.

### Lodestar and Expenses

The lodestar of the Felgoise Law Firm, representing the Objector Ventris is $34,106.25.

Detailed analysis of the lodestar is contained in the Declaration of Brian M. Felgoise. Also, the expenses incurred are detailed in the Declaration of Felgoise. Total expenses incurred are $747.99. A breakdown of the expenses are contained in the Felgoise Declaration.

### ARGUMENT

I.  **THIS HONORABLE COURT SHOULD AWARD $38,854.24 FOR ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES TO COUNSEL FOR THE OBJECTOR VENTRIS FOR THE BENEFIT RECEIVED BY THE CLASS**

   A.  **Counsel for Objector Eldon Ventris Were Directly Responsible For Benefitting the Class And Should be Awarded A Fee and Reimbursement of Expenses**

The Supreme Court set forth the standard to receive attorneys' fees in the common fund doctrine. The common fund doctrine provides that a litigant or a lawyer who recovers a common fund benefit of persons other than himself or his client is entitled to a reasonable attorney fee from the fund as a whole. *Boeing v. Van Gemert*, 444 U.S. 472, 62 L.Ed. 676, 100 S. Ct. 745 (1980).

3

Counsel for Objector Ventris are responsible for deriving a benefit of $155,386.06 for the class and thus are entitled to be compensated for their time and expenses in prosecuting the Objection. Based on the benefit afforded to the Class, counsel for Objector Ventris request $34,854.24, representing their lodestar with no multiplier plus costs – a modest sum given the benefit derived for the Class. Again, 28% of $155,386.06 is equal to $43,508.10.

The Second Circuit held in *White v. Auerbach*, 550 F. 2d 822, 828 (2d Cir. 1974), that objectors are entitled to compensation for attorneys' fees and expenses where a proper showing has been made that the settlement was improved as a result of their efforts. Like the objection in *White v. Auerbach*, here the Ventris Objection did increase the amount of money the Class would be receiving by $155,386.06. (See *In Paul, Morris, Garst, et al. v. The Franklin Life Insurance Company*, 1999 U.S. LEXIS 22666 (U.S.D.C. Ala. 1999), the District Court awarded objector's counsel attorneys' fees in the amount of $600,000.00. In that case, the objection resulted in a First Amendment to the Stipulation of the Settlement which enhanced the relief to the Class Members. Accordingly, the District Court approved the attorneys' fees to Frank Tomlinson, Esquire in the amount of $600,000 based on objector's submission to the Court.)

The purpose of the common fund doctrine is to fairly and adequately compensate counsel for services rendered and to prevent the unjust enrichment of persons who benefit from a lawsuit without shouldering its costs. (See *Maley v. Del Global Techs. Corp.*, 186 F.Supp. 2d 358, 369 (S.D.N.Y. 2002). Objectors are entitled to compensation for attorneys' fees and expenses if the settlement was improved as a result of their efforts. *In re Prudential Ins. Co. of Am. Sales Pracs. Litig.*, 273 F. Supp. 2d 563 (D.N.J. 2003) (citing *In re Domestic Air Transp. Antitrust Litig.*, 148 F.R.D. 297, 358 (N.D. Ga. 1993); *In re Westinghouse Sec. Litig.*, 219 F. Supp. 2d 657, 660 (W.D. Pa. 2002)).

Here, counsel for Objector Ventris did create a $155,386.06 benefit for the class and should be awarded a fee of $34,106.25 and reimbursement of expenses in the amount of $747.99.

Throughout the settlement process, Objector's efforts have sought to cast a greater light and effect improvements in the proposed settlements on behalf of all members of the Class. Based on those efforts, Objector is entitled to an award of reasonable attorneys' fees and reimbursement of expenses for those efforts which benefitted the Class in a concrete way. Courts have routinely awarded unsuccessful objectors' attorneys' fees in connection with efforts to bring defects in proposed class action settlement to the attention of the Court, and Objector's efforts have resulted in the enhanced position of Class members' rights.

Under these circumstances, the facts of this case and the controlling law support an award of $34,854.24 to Counsel for Objector Ventris as a legal fee and reimbursement of expenses.

## **CONCLUSION**

For all of the reasons set forth herein, Objector respectfully submits that the counsel for Objector Ventris should be entitled to $34,854.24 which serves as a legal fee and reimbursement of expenses for the benefit that the class derived.

Respectfully submitted,

/s/ Stephen M. Sohmer
Stephen M. Sohmer, Esq. (I.D. No. SS5127)
The Sohmer Law Firm
1018 Broad St., Suite 101
Bloomfield, NJ 07003
ssohmer@sohmerstark.com
(973) 337-6894

Brian M. Felgoise, Esq.
FELGOISE LAW FIRM
261 Old York Road, Suite 518
Jenkintown, PA 19046
(215) 886-1900

Dated: November 2, 2012

*Attorneys for Objector, Eldon Ventris*

# Exhibit A

...

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- x
:
LARRY FREUDENBERG, Individually and :
On Behalf of All Others Similarly Situated, :
: Civil Action No.
Plaintiff, :
: 07 Civ. 8538 (JPO) (MHD)
- against - :
:
E*TRADE FINANCIAL CORPORATION, :
MITCHELL H. CAPLAN, ROBERT J. :
SIMMONS and DENNIS E. WEBB, :
:
Defendants. :
:
---------------------------------------- x

**SUPPLEMENTAL DECLARATION OF DAVID A.P. BROWER IN RESPONSE TO OBJECTIONS AND IN FURTHER SUPPORT OF PLAINTIFFS' MOTIONS FOR FINAL CERTIFICATION OF SETTLEMENT CLASS, FINAL APPROVAL OF CLASS NOTICE, FINAL APPROVAL OF THE PROPOSED SETTLEMENT, FINAL APPROVAL OF THE PROPOSED PLAN OF ALLOCATION AND PLAINTIFFS' COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND <u>REIMBURSEMENT OF LITIGATION EXPENSES</u>**

David A.P. Brower hereby declares under penalty of perjury as follows:

1. I am a Managing Director of the law firm of Brower Piven, A Professional Corporation ("Brower Piven"). We were appointed Lead Counsel in this Action for Plaintiffs and the proposed Settlement Class (together with Co-Lead Counsel Levi & Korsinsky, LLP, referred to herein as "Plaintiffs' Counsel").[1]

---

[1] Capitalized terms not otherwise defined have the meaning set forth in the parties' Stipulation of Settlement dated May 17, 2012 ("Stipulation"). The Stipulation is attached as Exhibit 1 to the Declaration of Brian C. Kerr dated May 17, 2012 in support of Plaintiffs' Motion for: (1) Preliminary Approval of Settlement; (2) Certification of the Class for Purposes of Settlement; (3) Approval of Notice to the Class; and (4) Scheduling of a Final Approval Hearing. Unless otherwise indicated, the definitions used in the Stipulation are the same as those used herein.

### Eldon Ventris Objection

59. Counsel for Objector Eldon Ventris sent a letter/objection to Plaintiffs' Counsel on September 4, 2012 concerning the Fee and Expense Application.

60. Plaintiffs' Counsel informed Mr. Ventris' counsel on September 6, 2012 that, subject to receipt of Mr. Ventris' account statements showing his purchases and sales of E*TRADE securities during the Settlement Class Period (April 19, 2006 through November 9, 2007, inclusive), Plaintiffs' Counsel would treat his September 4 letter as a timely written objection by Mr. Ventris in accordance with paragraph 16 of the Preliminary Approval Order. Plaintiffs' Counsel also informed Mr. Ventris's counsel that we would submit his September 4 letter/objection to the Court, which was done as part of Plaintiffs' Notice of Timely Filed Objections.

61. Between September 4 and October 2, Plaintiffs' Counsel and Mr. Ventris' counsel had several telephone discussions regarding the objection and Plaintiffs' Counsel's views of the objection. Ultimately, those discussions led to Plaintiffs' Counsel agreeing to modify the structure of their fee and expense request to resolve Mr. Ventris' objection.

62. On October 2, 2012, Plaintiffs' Counsel responded to Mr. Ventris's objection, advising his counsel that Plaintiffs' Counsel had agreed to alter the structure of the Fee and Expense Application (a true and correct copy of that email is attached as Exhibit AA hereto):

> The following is a response to our discussions and your September 4, 2012 letter/objection concerning Plaintiffs' Counsel's application for an award of attorneys' fees and reimbursement of expenses in the E*TRADE securities class action.
>
> At the outset, we note that we do not agree with your position. In fact, virtually every court in the Second Circuit (including many decisions cited in our instant motion papers) have made the award of attorneys' fees as a percentage of the common fund, *plus* reimbursement of litigation expenses. That said, we recognize, while outside the norm, some courts have, indeed, awarded

20

reimbursement of expenses first and then attorneys' fees as a percentage of the remaining, net common fund where the percentage of the recovery method was used to make such an award. Given that fact, after considering your letter and the several discussions we have had concerning this issue, and to resolve your client's objection and save the Court and the parties the time and expense that litigating this issue might entail, we agree to advise the Court in due course that we will be altering the structure of our attorneys' fee and expense request to ask for our expenses reimbursed first and then award Plaintiffs' Counsel one-third (33.33%) of the remaining Settlement Amount in attorneys' fees. It is our understanding that this proposal is agreeable to you and your client and that neither of you have any further objection to the Settlement, Plan of Allocation or request for an award of attorneys' fees or expenses as reflected in the papers Plaintiffs and Plaintiffs' Counsel have previously filed with the Court. <u>Please confirm that is correct.</u>

As to procedure, as you know, we have submitted your objection to the Court and will inform the Court of this change in the structure of our fee request to resolve that objection when we filed our reply/response papers which are due on Thursday, October 4, 2012. Also, as you know, resolution of your client's objection will need to be approved by the Court. See Fed. R. Civ. P. 23(e)(5) ("Any class member may object to the proposal if it requires court approval under this subdivision (e); *the objection may be withdrawn only with the court's approval.*") (emphasis added), which will be requested at the final fairness hearing on October 11, 2012.

If there are any questions or problems with the foregoing, please call. Otherwise, please confirm the foregoing is agreeable with you and your client and we will proceed accordingly.

63. Mr. Ventris's counsel responded later that day (a true and correct copy of his email is attached as Exhibit BB hereto): "That's fine. That is what we spoke about."

64. I note that the most significant reasons that Plaintiffs' Counsel agreed to Mr. Ventris' suggestion were three-fold: first, because the Net Settlement Fund cannot be distributed until the amount of attorneys' fees and expenses are fixed, and since there is no dispositive law regarding whether a fee should be awarded first, and then expenses, or that expenses should be awarded first, and then fees from the remainder, it was possible that litigating this issue might delay distribution of the Net Settlement Fund to claiming Settlement Class Members; second, after Plaintiffs' Counsel submitted their fee and expense application, this Court's decision in *Butt*

21

*v. Megabus Northeast LLC*, 11-cv-3993 (JPO), 2012 U.S. Dist. LEXIS 137683 (S.D.N.Y. Sept. 25, 2012) was rendered where the Court awarded one-third of the settlement fund on an all-in basis, and Mr. Ventris' suggested structure was more consistent with this Court's approach in that recent case; and third, Plaintiffs' Counsel saw no reason to burden the Court with a potentially lengthy dispute that was easily resolved (at Plaintiffs' Counsel's cost) and benefited the Settlement Class at the same time.

64. Accordingly, the Proposed Judgment being submitted to the Court herewith has adjusted Plaintiffs' Counsel attorneys' fee and expense request to comply with the structure Plaintiffs' Counsel agreed to with Mr. Ventris.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 4th day of October, 2012 at New York, NY.

_____
David A.P. Brower