UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LARRY FREUDENBERG, Individually and  :
On Behalf of All Others Similarly Situated,  :
                                                  :   Civil Action No.
              Plaintiff,  :
                                                  :   07 Civ. 8538 (JPO) (MHD)
      - against -  :
                                    :
E*TRADE FINANCIAL CORPORATION,  :
MITCHELL H. CAPLAN, ROBERT J.  :
SIMMONS and DENNIS E. WEBB,  :
                                  :
              Defendants.  :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES TO COUNSEL FOR OBJECTOR LEON I. BEHAR**

**BROWER PIVEN**
 **A Professional Corporation**
David A.P. Brower
Brian C. Kerr
475 Park Avenue South, 33d Floor
New York, NY 10016
T: (212) 501-9000
F: (212) 501-0300

*Lead Counsel for Plaintiffs*

**LEVI & KORSINSKY, LLP**
Eduard Korsinsky
Shannon L. Hopkins
30 Broad Street, 15th Floor
New York, NY 10004
T: (212) 363-7500
F: (212) 363-7171

*Co-Lead Counsel for Plaintiffs*

# **TABLE OF CONTENTS**

PAGE

I.      INTRODUCTION ................................................................ 1

II.     BACKGROUND ................................................................ 1

III.    SUMMARY OF THE ARGUMENT ...................................... 4

IV.     ARGUMENT ...................................................................... 6

        A.     Mr. Behar's Fee Motion Is Untimely And Must Be Denied ...................... 6

        B.     Mr. Behar Is A Pro Se Objector Ineligible for Fees or Expenses ................ 7

        C.     Mr. Behar's Frivolous Objections Provided No Benefit to the Class
               Class ....................................................................... 11

               1.  Mr. Behar's Frivolous Objections Had No Role in the Court's Decision .. 12

        D.     The Amount of Mr. Behar's Request Is Completely Unreasonable ............. 20

V.      CONCLUSION ................................................................... 24

Court-appointed Lead Plaintiffs and Plaintiffs' Counsel[1] respectfully submit this memorandum of law in opposition to the motion for an award of attorneys' fees and reimbursement of expenses to the alleged counsel for objector Leon I. Behar ("Behar Fee Motion").

## I.  INTRODUCTION

As demonstrated below, Mr. Behar, his law firm, Leon I. Behar P.C., and Mr. Behar's associate, Daniel Kuznicki cannot recover attorneys' fees because: (1) the Behar Fee Motion is untimely and defective under FED. R. CIV. P. 23(h) and 54(d)(2)(B) and it is, therefore, barred as a matter of law; (2) Mr. Behar, his firm and its employees are barred from recovering attorneys' fees by virtue of Mr. Behar's legal status as a *pro se* objector; (3) the Behar Fee Motion seeks to be paid for arguments that the Court expressly rejected and which did not otherwise benefit the Class; and (4) the Behar Fee Motion seeks excessive and unreasonable compensation based on suspicious, non-compensable time entries, and improper enhancements for which it can not be paid.

## II.  BACKGROUND

On October 22, 2012, this Court entered its final judgment dismissing the action with prejudice and awarding Plaintiffs' Counsel attorneys' fees amounting to approximately 28% of the balance of the Settlement Fund after reimbursement of litigation expenses ("Final Judgment"). Dkt. No. 154. In awarding attorneys' fees and expenses, this Court rejected every argument made by Mr. Behar as well as the other objectors to Plaintiffs' Counsel's request for attorneys' fees and reimbursement of expenses as lacking factual or legal merit, and instead found "the amount of attorneys' fees awarded herein are fair and reasonable based on: (a) the

---

[1] Defined terms are the same as in the Stipulation of Settlement ("Stipulation"), dated May 17, 2012.

work performed and costs incurred by Plaintiffs' Counsel; (b) the complexity of the case; (c) the risks undertaken by Plaintiffs' Counsel and the contingent nature of their employment; (d) the quality of the work performed by Plaintiffs' Counsel in this Action and their standing and experience in prosecuting similar class action securities litigation; (e) awards to successful plaintiffs' counsel in other, similar litigation; (f) the benefits achieved for Settlement Class Members." Final Judgment at 6-7. In the same Order, the Court rejected every argument made by Mr. Behar as well as the other objectors to the Settlement and Plan of Allocation as lacking factual or legal merit, and approved the Settlement and Plan of Allocation in their entirety. *See id.*

On November 15, 2012, Mr. Behar filed a notice of appeal from this Court's Final Judgment on a plethora of grounds (none of which Mr. Behar had raised in his original, timely filed written objection), including:

1. The settlement was not fair, adequate and reasonable, and violated Fed. R. Civ. Proc. Rule 23 and should have been denied.

2. The settlement violated Fed. R. Civ. Proc. Rule 23 as it failed the serve the interests of the putative class. The interests of the class were not adequately represented and were compromised in favor of class counsel

3. The settlement was grossly inadequate in light of the strength of the case presented by the plaintiffs.

4. The attorneys' fee award was unreasonable. The attorneys' fees award was grossly disproportionate to the benefit secured on behalf of the class.

5. The District Court should have compelled disclosure of any/all of the settlement discussions that occurred in the early stages of the dispute.

6. The district court failed to allow objectors to develop on the record facts going to the propriety of the settlement.

7. The District Court failed to adequately consider the Grinnell factors. The Court merely listed the factors and, without any analysis or application of facts, found them satisfied.

8. Class counsel conducted inadequate discovery; the depositions of defendants were tainted by class counsel's conflict of interest.

9. As a result of various peculiarities identified in the settlement proposal, and issues identified in the various declarations in support of the settlement, Class Counsel's proposed settlement emerged highly suspect and demanded exacting scrutiny prior to obtaining approval.

*Freudenberg v. E*TRADE Financial Corp.*, Mr. Behar's Civil Appeal Pre-Argument Statement (Form C), Case No. 12-4636 (2d Cir. Nov. 29, 2012) (a copy of which is attached to the accompanying Declaration of Brian C. Kerr ("Kerr Decl.") as Exhibit A).

On November 21, 2012, nearly a week after he filed his notice of appeal and a month after the Final Judgment was entered, Mr. Behar moved this Court for an award of attorneys' fees and expenses of $48,670.00 purportedly incurred by his "counsel" allegedly for "materially improving and clarifying the terms of the Settlement."[2] Memorandum of Law in Support of the Behar Fee Motion ("Behar Mem."), at 3. In fact, all of the arguments posited by Mr. Behar's "counsel," an employee of his own law firm, The Law Offices of Leon I Behar, P.C., on behalf of Mr. Behar, in Mr. Behar's written objection filed in accordance with the Court's directions in its Preliminary Approval Order, dated June 12, 2012, at ¶16 (Dkt. No. 129), and the Notice of Proposed Settlement of Class Action at §XIV (Kerr Decl. at Ex. B), as well as the untimely arguments he sought to make during the final Fairness Hearing before this Court on October 11, 2012 ("Fairness hearing") were expressly rejected by the Court, *see* Final Judgment at ¶¶7, 9, 11; *see also* Transcript of Proceedings of the Fairness Hearing, at 76:3-8 (Kerr Decl. at Ex. C). Indeed, as Plaintiffs' Counsel's Memorandum in Response to the Objections, Dkt. No. 150, and responses to Mr. Behar's arguments in Court at the Fairness Hearing made clear, Mr. Behar's arguments, as well as those of the other objectors, were not only lacking in factual or legal merit, but were factually false and legally frivolous. Mr. Behar nevertheless insists he has somehow

---

[2] The Leon I. Behar, P.C. firm's claimed hourly billings are $24,325.00. Shockingly, however, it seeks a 2 multiplier purportedly to compensate it for the contingent risk of Mr. Behar's meritless objection.

benefited the Class even though his meritless appeal will likely delay – at great financial cost to the Class and Plaintiffs' Counsel – the distribution of the Settlement proceeds for potentially two years or more.

### III. SUMMARY OF THE ARGUMENT

Mr. Behar's Fee Motion should be denied for four main reasons.

**First**, Mr. Behar's motion is untimely. FED. R. CIV. P. 23(h), which governs requests for attorneys' fees in class actions, provides that a court may only award attorneys' fees and non-taxable costs in a certified class action if such motions are made in accordance with FED. R. CIV. P. 54(d)(2). In its Preliminary Approval Order, this Court certified the Class in this Action, and that certification was confirmed in the Final Judgment. In turn, FED. R. CIV. P. 54(d)(2)(B) unambiguously provides that "[u]nless a statute or a order of the court provides otherwise, . . . the [attorneys' fee] motion **must** be made within 14 days of the entry of judgment. FED. R. CIV. P. 54(d)(2)(B) (emphasis added). Mr. Behar's Fee Motion was filed 30 days after the entry of the applicable Final Judgment here – more than two weeks after the statutory deadline for any such motion. It should therefore be rejected on that basis alone.

**Second**, Mr. Behar – as well as Mr. Behar's own firm and its employees – are prohibited from receiving attorneys' fees for representing Mr. Behar as an objector because the law treats such parties as *pro se* litigants and *pro se* litigants cannot recover attorneys' fees representing themselves. *See, e.g.*, *Burka v. United States HHS*, 142 F.3d 1286, 1291 (D.C. Cir. 1998). Thus, despite Mr. Behar's transparent effort to create the appearance of independent representation by having his associate do the talking for him, he remains a *pro se* objector and, therefore, even if his objection was proper and successful (neither of which is the case), Mr. Behar, Leon I. Behar, P.C., and Mr. Kuznicki can still never be paid attorneys' fees for their efforts challenging any aspect of the Settlement, Plan of Allocation or request for attorneys' fees in this Action. *See, e.g.,*

*In re Texaco Inc . S'holder Derivative Litig.*, 123 F. Supp. 2d 169 (S.D.N.Y. 2000), *aff'd*, No. 01-7005, 2002 U.S. App. LEXIS 1641 (2d Cir. Jan. 29, 2002).

**Third**, even if the Fee Motion was timely and even if Mr. Behar's *pro se* status did not bar him and his firm from recovering attorneys' fees, in order for Mr. Behar to be entitled to such a payment, he would have to demonstrate his objection had a direct and tangible financial benefit to the Class. Here, Mr. Behar's request rests upon the facially absurd contention he somehow benefited the class even though every single one of his objections was found to be "without factual or legal merits" by this Court, which "overrule[d] them in their entirety." Final Judgment at ¶¶7, 9, 11. Indeed, as discussed more fully below and addressed in Plaintiffs' Response to the Objections, at 20, Mr. Behar's only objection to Plaintiffs' Counsel's fee application was entirely derivative of his factually erroneous and clearly meritless argument about how the Plan of Allocation operated, which the Court overruled in open court before even addressing the amount of attorneys' fees the Court, in its discretion, decided to award. *See* Trans. at 76:6-8.

**Finally**, even if Mr. Behar's Fee Motion were timely, he was not *pro se*, and his objection could be causally linked to some benefit derived from it by the Class, the amount of his request is not only grossly excessive, but Leon I. Behar P.C. has failed to offer legitimate factual support for his firm's claimed hours and much of the information he has provided is either highly suspect or facially unsupportable. Indeed, it is, at best, ironic that Mr. Behar's firm has the temerity to seek a two times multiplier for its alleged (and, as demonstrated below, highly inflated) hours for rendering no benefit to the Class while Plaintiffs' Counsel sought only a 1.59 multiplier of their time for recovering $79 million for the Class after more than four years of hard-fought litigation.

Accordingly, Mr. Behar's Fee Motion should be denied in its entirety.

## IV. ARGUMENT

### A.      Mr. Behar's Fee Motion is Untimely and Must Be Denied

FED. R. CIV. P. 23(h)(1) states that a claim for attorney's fees "must be made by motion under Rule 54(d)(2)," which in turn requires that any motion for attorney's fees "must be filed no later than 14 days after entry of judgment." *See* FED. R. CIV. P. 54(d)(2)(B)(i). There is no question that this Court entered the Final Judgment in this Action on October 22, 2012. Therefore, Mr. Behar was required to file any request for attorneys' fees and non-taxable costs no later than November 5, 2012 (which is the date that counsel for objector Eldon Ventris timely filed their motion for attorneys' fees). There is also no question that Mr. Behar received notice of the entry of the applicable judgment on that date because he has been registered for e-filing since at least September 26, 2012 when he filed a notice of appearance. *See* Dkt. No. 140. As the Behar Fee Motion was filed on November 21, 2012, well beyond the deadline for doing so, denial is appropriate. *See In re Texaco,* 123 F. Supp. 2d at 172; *Ipxl Holdings, L.L.C. v. Amazon.com, Inc.*, 430 F.3d 1377, 1384-86 (Fed. Cir. 2005).

Mr. Behar also never sought an extension of the deadline under FED. R. CIV. P. 54(d)(2)(B)(i), nor is there any statute involved in this Action or related to the Behar Fee Motion that would allow the FED. R. CIV. P. 54(d)(2)(B)(i) deadline to be altered or extended.[3] Since Behar's delay was not authorized "by statute or order of the court" before the deadline set by FED. R. CIV. P. 54, his only recourse is a FED. R. CIV. P. 6(b) motion showing of excusable neglect. However, Mr. Behar has filed no such motion and points to no facts that even suggest excusable neglect. It is clear Mr. Behar has not done so because he has no cognizable excuse. The Behar Fee Motion should thus be denied for its failure to comply with FED. R. CIV. P.

---

[3] The Behar Fee Motion also fails to cite any statute, rule or ground for entitlement to payment of attorneys' fees, which is a separate requirement of a motion for attorneys' fees, *see* FED. R. CIV. P. 54(d)(2)(B)(ii). This too renders the Behar Fee Motion defective.

54(d)(2). *In re Texaco Inc*., 123 F. Supp. 2d at 172; *Ipxl Holdings, L.L. C*, 430 F.3d at 1384-86; *see also Bailey v. County of Riverside*, 414 F.3d 1023 (9th Cir. 2005); *Allen v. Murph*, 194 F.3d 722, 723-24 (6th Cir. 1999).

**B.      Mr. Behar is a *Pro Se* Objector Ineligible for Fees or Expenses**

It is axiomatic that even a successful *pro se* litigant can never recover attorneys' fees for his or her services. *Kay v. Ehrler*, 499 U.S. 432, 435, 438 (1991). This is because, by definition, there is no attorney representing that party. *See United States DOJ v. Hudson*, 626 F.3d 36, 38 (2d Cir. 2010) (denying fees to pro se litigant "because an 'attorney' is 'one who is designated to transact business for another' or is 'a legal agent'" and a *pro se* litigant "cannot have acted as an agent for himself"); *Hawkins v. 1115 Legal Serv. Care*, 163 F.3d 684, 694-95 (2d Cir. 1998) (holding that attorney's fees are unavailable for a *pro se* litigant); *Kuzma v. U.S. Postal Serv.*, 725 F.2d 16, 17 (2d Cir. 1984) (*per curiam*) (holding that attorney's fees are unavailable for a *pro se* litigant).

The Supreme Court has further held this principle applies with equal force to a fee request by a *pro se* litigant, even if the *pro se* litigant is also an attorney. In *Kay*, the Supreme Court, noting that there was no dispute that a *pro se* litigant cannot recover attorneys' fees for his efforts, directly rejected the proposition that a *pro se* litigant who is also an attorney may recover attorneys' fees for his efforts pursuing his claim, reasoning that:

> A rule that authorizes awards of counsel fees to *pro se* litigants – even if limited to those who are members of the bar – would create a disincentive to employ counsel whenever such a plaintiff considered himself competent to litigate on his own behalf. The statutory policy of furthering the successful prosecution of meritorious claims is better served by a rule that creates an incentive to retain counsel in every such case.

*Kay*, 499 U.S. at 438; *see also Pietroangelo v. U.S. Army*, 568 F.3d 341 (2d Cir. 2009) (denying fees to *pro se* attorney); *Zucker v. Westinghouse Elec. Corp.*, 374 F.3d 221, 228-29 (3d Cir. 2004) (holding that a shareholder-objector who represents himself as a *pro se* lawyer is not

entitled to attorney's fees under the common fund doctrine); *In re Currency Conversion Fee Antitrust Litig.*, 263 F.R.D. 110, 132 n.6 (S.D.N.Y. 2009) ("However, *pro se* objectors are not entitled to attorney's fees, even if they are an attorney."); *see also McKinnie v. JP Morgan Chase Bank, N.A.*, 678 F. Supp. 2d 806, 817-18 (E.D. Wis. 2009) (holding that a *pro se* objector is not entitled to attorneys' fees because he is a *pro se* litigant).[4]

It is also clear the *Kay* rule that *pro se* litigants who are also attorneys cannot recover attorneys' fees for their services applies in both the fee-shifting and equitable fee award contexts in this Circuit. *In re Texaco Inc.*, 123 F. Supp. 2d at 173 ("There is authority in many types of cases for the position that a *pro se* litigant who is also an attorney should not be awarded attorney's fees."). For instance, in *Texaco*, which was affirmed by the Second Circuit, 2002 U.S. App. LEXIS 1641, involved an equitable fee request based on a common fund like this case. There the underlying shareholder action was settled by an agreement of Texaco to adopt certain corporate policies in the future and for plaintiffs' counsel to receive for this benefit up to $1.4 million in legal fees. 123 F. Supp. 2d at 171. A *pro se* objector appealed the approval of the settlement and award of attorneys' fees, alleging that because the settlement had no value, the award of attorneys' fees should be reversed. The Second Circuit agreed, resulting in the reversal

---

[4] *See also Jackson v. County of Rockland*, 450 Fed. Appx. 15, 19 (2d Cir. 2011) ("The Supreme Court has spoken clearly that a *pro se* litigant, whether or not he is a lawyer, may not receive attorney's fees. . . .") (citing *Kay*); *Hawkins v. 1115 Legal Serv. Care*, 163 F.3d 684, 694-95 (2d Cir. 1998) (same); *SEC v. Price Waterhouse*, 41 F.3d 805, 808 (2d Cir. 1994) (same); *Stern v. Regency Towers, LLC*, 2012 U.S. Dist. LEXIS 113237 (S.D.N.Y. Aug. 10, 2012) (same); *Peterson v. City of New York*, 2012 U.S. Dist. LEXIS 2658 (S.D.N.Y. Jan. 9, 2012) (same); *Brandon v. O'Mara*, 2011 U.S. Dist. LEXIS 112314 (S.D.N.Y. Sept. 28, 2011) (same); *Huurman v. Foster*, 2010 U.S. Dist. LEXIS 61454 (S.D.N.Y. June 21, 2010) (same); *Shaw Family Archives, LTD. v. CMG Worldwide, Inc.*, 589 F. Supp. 2d 331, 337 (S.D.N.Y. 2008) (same); *Flaherty v. Filardi*, 2008 U.S. Dist. LEXIS 69115 (S.D.N.Y. Sept. 12, 2008) (same); *Access 4 All, Inc. v. HI 57 Hotel, LLC*, 2006 U.S. Dist. LEXIS 2695 (S.D.N.Y. Jan. 18, 2006) (same); *Menton v. Experian Corp.*, 02 Civ. 4687(NRB), 2003 U.S. Dist. LEXIS 3325 (S.D.N.Y. Mar. 6, 2003) (same); *In re Austrian & German Bank Holocaust Litig.*, 2003 U.S. Dist. LEXIS 2440 (S.D.N.Y. Feb. 20, 2003) (same); *BD v. DeBuono*, 193 F.R.D. 117 (S.D.N.Y. 2000) (same).

of an award of $1 million in fees and disbursements to plaintiffs' attorneys. On remand, the objector then applied for attorneys' fees for his time successfully defeating plaintiffs' counsel's attorneys' fee award. Though the objector's application was also untimely (like Mr. Behar's), Judge Brieant explained that, even if timely, the attorney-objector would nevertheless be barred from collecting attorney's fees, because:

> The right to proceed *pro se* in civil actions is guaranteed by 28 U.S.C. §1654. It is well-established, however, that this right to proceed *pro se* does not encompass the right to proceed *pro se* on behalf of the interests of another. *Pridgen v. Andresen,* 113 F.3d 391, 393 (2d Cir. 1997); *Cheung v. Youth Orchestra Found. of Buffalo, Inc.,* 906 F.2d 59, 61 (2d Cir. 1990); *Jones v. Niagara Frontier Transp. Authority,* 722 F.2d 20, 22 (2d Cir. 1983); *Phillips v. Tobin,* 548 F.2d 408, 411–12 (2d Cir.1976). In fact, such a position is self-contradictory because "appearance *pro se* denotes appearance for one's *self.*" *Pridgen,* 113 F.3d at 393.
>
> In this case, [the objector] Rand's legal services for which he seeks to be reimbursed were rendered in the context of his *pro se* Objection to Texaco paying any part of Plaintiffs' legal fees and expenses incurred during the derivative suit. As Mr. Rand states in his declaration dated October 29, 2000 ("Rand Declaration"), "The grounds for the Objection were that the settlement did not constitute a substantial benefit to Texaco shareholders." Rand Declaration at ¶ 8. Because his representation during this stage of the derivative suit entailed interests other than those of Mr. Rand alone, *i.e.,* the interests of the other Texaco shareholders, the action is not validly undertaken by Mr. Rand *pro se* to the extent he seeks to enforce the rights of others. Consequently, he is not entitled to receive attorney's fees for that representation.

*Id.* at 172.

Thus, there is no question Mr. Behar can never be awarded any attorneys' fees in this Action, irrespective of his failure or success as an objector.

Further, Mr. Behar's attempt to mask his *pro se* status by having his own law firm (i.e., Leon I. Behar P.C.). and his employee-associate (Mr. Kuznicki)[5] appear for him does not allow Mr. Behar, Leon I. Behar P.C or Mr. Kuznicki to side-step the bar to awards of attorneys' fees to *pro se* objectors. The courts in the Second Circuit routinely reject fee requests by attorneys who

---

[5] According to Mr. Behar's law firm website, Mr. Kuznicki is a fourth-year associate at the firm. *Available at* http://www.leonibeharpc.com/attorneys.html#Daniel_Kuznicki. Associates are mere employees of law firms and their professional efforts are required to be expended for the benefit of their employer – i.e., the owner of Leon I. Behar, P.C., Mr. Behar.

appear through their own law firms on grounds they are proceeding *pro se*. *See, e.g., S.N. v. Pittsford Cent. Sch. Dist.*, 448 F.3d 601 (2d Cir. 2006) (attorney-parent representing child in IDEA action appeared through his law firm but was denied fees and expenses); *Menton,* 2003 U.S. Dist. LEXIS 3325, at *11 (attorney representing himself in FCRA action appeared through his law firm but was denied fees). It is simply irrelevant that Mr. Behar had an associate from his own firm do the work on his objection. For instance, in *Burka*, 142 F.3d 1286, the Court of Appeals for the District of Columbia Circuit not only affirmed rejection of a *pro se* attorneys' application for attorneys' fees for his time spent successfully litigating his claim, but affirmed the District Court's denial of the claim for attorneys' fees for the services of the other lawyers who worked on the case because those co-counsel worked in the same firm and under the direction of the pro se attorney-litigant. *See id.* at 1291-92. The Court of Appeals noted, consistent with the reasoning of *Kay*, an award of fees presupposes "a genuine attorney-client relationship" that "does not exist . . . where the counsel are simply colleagues at the litigant's law firm working under the litigant's direction." *Id.* at 1291. Thus, [o]nly "[outside] counsel can serve as an 'independent third party in framing the theory of the case, evaluating alternative methods of presenting the evidence, cross-examining hostile witnesses, formulating legal arguments, and in making sure that reason, rather than emotion, dictates the proper tactical response to unforeseen developments in the courtroom.'" *Id.* (quoting *Kay*, 499 U.S. 432). Accordingly, in *Burka*, the Circuit Court made clear that not only is a *pro se* lawyer-litigant himself barred from recovering attorneys' fees for his services, but attorneys at the same firm who work under the direction of the *pro se* attorney-litigant are also barred from recovering fees.

The denial of attorneys' fees to Mr. Behar's firm or his associate is even more compelling here than in *Burka*. In *Burka*, it was not clear that the other attorneys at the *pro se* lawyer's firm were his direct employee-subordinates. Here, by contrast, Mr. Kuznicki is indisputably Mr.

10

Behar's employee-subordinate and, as a managing partner at Leon I. Behar P.C., Mr. Behar has an ethical obligation pursuant to DR 1-104 of the New York Lawyer's Code of Professional Responsibility to supervise the work of all lawyers at his firm, including his associates like Mr. Kuznicki. Therefore, Mr. Behar was required to "control[] the legal strategy and presentation" of his objection, and his associate was required to "work[] under his direction." *Burka,* 142 F.3d at 129; *see also United States DOJ,* 626 F.3d at 39-40 (attorney representing himself in IRS proceeding appeared through his law firm but was denied fees and expenses because "he paid no out-of-pocket expenses and incurred no obligation for the services of an attorney and therefore is not entitled to attorneys' fees"). Thus, any pretense that Mr. Behar was represented by "independent" counsel is not only factually absurd, but to not have supervised Mr. Kuznicki would violate his ethical obligations. These facts foreclose any award of attorneys' fees to Mr. Behar, Leon I. Behar P.C. or Mr. Kuznicki.

### C.    Mr. Behar's Frivolous Objections Provided No Benefit to the Class

For an objector to be entitled to recover attorneys' fees or expenses, the burden is upon the objector to demonstrate he or she contributed some substantial benefit to the class. "'In the absence of a showing that objectors substantially enhanced the benefits to the class under the settlement . . . they are not entitled to fees.'" *In re Currency Conversion Fee Antitrust Litig.,* 263 F.R.D. 110, 132 (S.D.N.Y. 2009) (citation omitted); *In re Prudential Sec. Ltd. P'shps. Litig.,* 911 F. Supp. 135, 141 (S.D.N.Y. 1996) ("Neither the case law nor equity requires compensation where the benefit contributed is incidental, or of a minimal or de minimis value to the class.") (citing *Class Plaintiffs v. Jaffe & Schlesinger, P.A.,* 19 F.3d 1306, 1309 (9th Cir. 1994)). Here, Mr. Behar's objection contributed nothing that benefitted the Class but instead compelled Plaintiffs' Counsel to incur additional time and expense to file more briefs and further declarations to show Mr. Behar's factual and mathematical errors that could have easily been

avoided had Mr. Behar (or Mr. Kuznicki) bothered reading the Plan of Allocation set forth in the Notice and/or Mr. Hammerslaugh's initial declaration. *See* Dkt. Nos. 150 & 151.

Attorneys' fees are typically only awarded to objectors for successful arguments. *See, e.g., Wininger v. SI Mgmt., L.P.,* 301 F.3d 1115, 1119, 1125-26 (9th Cir. 2002) (holding that district court correctly allowed objectors' attorneys' fees **only** for time expended on meritorious arguments by excluding "over half of [objector's counsel's] claimed hours [that] were expended in unsuccessful efforts unrelated to their success challenging Plaintiffs' counsels' fee request and, thus, [objectors' counsel] were entitled to no fees for those hours."); *Veritas Software Corp. Sec. Litig.,* No. 03–0283, 2006 U.S. Dist. LEXIS 10116, at *16-*17 (N.D. Cal. Feb. 24, 2006) *aff'd,* 496 F.3d 962 (9th Cir. 2007) (stating that although objectors' motion for attorneys' fees was dismissed on procedural grounds, court would not have awarded fees to objections that were overruled and did not result in benefit to the class). Thus, "[i]n determining the amount of fees awarded to objectors' counsel who obtained a benefit to the class, the court considers the relationship between the fee award and the degree of success and, in its discretion, may reduce or increase the fee award." *McGinnis v. Kentucky Fried Chicken of Cal.,* 51 F.3d 805, 810 (9th Cir. 1994). Here, as the Fairness Hearing transcript and the Court's Final Judgment make clear, all of Mr. Behar's arguments were **unsuccessful**, making it inappropriate to award him or his firm a fee of any amount.

### 1.   Mr. Behar's Frivolous Objections Had No Role in the Court's Decision

Mr. Behar claims an entitlement to attorneys' fees because his objection "materially improve[ed] and clarif[ied] the terms of the Settlement." Behar Mem. at 3. He bases this claim on the dubious assertion his objection was "individually responsible" for transforming the Settlement Hearing into an "adversarial proceeding," and for this Court's decision to lower

Plaintiffs' Counsel's fee from 33-1/3% to 28%. Behar Mem. at 5. But Mr. Behar's grandiose claims are clearly belied by the fact the Court *twice* held his objections were "without factual or legal merits" and *twice* "overrule[d] them in their entirety." Final Judgment at 5 (settlement objections); *id.* at 6 (fee objections).[6] Aside from rejecting his objection to fees in its Final Judgment, the Court did not attribute its ruling in any way, shape, or form to Mr. Behar's objection or arguments. Indeed, the theme of Mr. Behar's fee request is that the Court was without its own knowledge, reasoning, and judgment, and that without his objection, the Court would not have skirted its obligations under FED. R. CIV. P. 23(e) and Second Circuit law requiring it to independently scrutinize the fairness, reasonableness and adequacy of the proposed Settlement and Plan of Allocation, and would have granted Plaintiffs' Counsel whatever they requested without applying its own analysis to those requests. Such conclusions are baseless and rebutted by the record.

In that regard, Mr. Behar's arguments closely resemble the type of failed fee request by objectors in *In re UnitedHealth Group PSLRA Litig.*, 643 F. Supp. 2d 1107 (D. Minn. 2009). There, as here, the objectors based their request for fees on the arrogant assertion they were solely responsible for the court's decision to reduce the plaintiffs' counsel's fee. *Id.* at 1109. The court strenuously disagreed in terms that are strikingly applicable here:

> These objectors have contributed nothing. Instead, in a pleading which may charitably be described as disingenuous, Objectors' Counsel argue they assisted the Court in finding class counsel's fee request unreasonable. They claim their efforts convinced the Court to reduce class counsel's fee from $110 million to $64.8 million. They have the temerity to suggest they are the ones who saved the class $45 million in attorney fees, entitling them to a six-figure fee of their own.

---

[6] Similarly, even if there were some indication Mr. Behar's objection benefited the Class, it would be absurd for him to suggest he was somehow "individually responsible" for the result. While Mr. Behar was the only objector held to have standing, the Court also expressly considered and rejected the legal and factual merits of "objectors Liles, Behar, and Andrews" to both approval of the Settlement and the award of fees to Plaintiffs' Counsel. *Id.* at 5, 6.

*Id.*; *see also In re Currency Conversion Fee*, 263 F.R.D. at 132 ("The objectors in this case did little to aid this Court. While there were modifications to the notice program, these modifications were entirely on the Court's initiative and devised by the Special Master and the parties."); *In re Cell Therapeutics, Inc.*, No. C10-414 MJP, slip op. (W.D. Wash. Oct. 30, 2012) ("The Court does not agree that [the objector] attorneys' arguments impacted the reduction of counsel fees. The Court was well aware of the case law cited and arguments made and results achieved.") (Kerr Decl. at Ex. D); *In re HP Inkjet Printer Litig.*, No. 5:05-3580, 2011 U.S. Dist. LEXIS 65199, at *5-*6 (N.D. Cal. June 20, 2011) (denying fees because "[t]he Court reduced the fee award to class counsel not because of any argument advanced by the objectors but because it concluded that the amount of attorneys' fees sought by class counsel was disproportionate to the benefit [] to the class."); *Adkisson v. Koch Indus., Inc.*, No. S-CJ-99-192 (Dist. Ct., Seminole County, Okl. Jan. 26, 2009), *aff'd*, No. 106,841 (Okl. Civ. App. July 7, 2010) ("Counsel for Objectors/Appellants . . . for some reason believe that they influenced the court's decision [to reduce attorneys' fees]. They did not. The court made the decision on its own. . . .") (Kerr Decl. at Ex. E).

Here, Mr. Behar's timely, but factually erroneous and legally unsupported written objections were largely based on his apparent complete misunderstanding of the difference between the estimate of the number of all Class members eligible to share in the Settlement and the estimate of the number of those Class members who were likely to file claims, and that irrespective of those estimates, the entire Net Settlement Fund (i.e., the Settlement Fund with interest after payment of all fees, expenses and taxes) would be distributed to claiming Class members *pro rata,* and that no money would be returned to Defendants. *See* Pls.' Response to Objections at § III.D (Dkt. No. 150); Brower Decl. ¶¶16-17 (Dkt. No. 152); Hammerslough Decl. ¶¶37-38 (Dkt. No. 138, Ex. C); Hammerslough Suppl. Decl. ¶¶8-9 (Dkt. No. 151, Ex. M).

Based on his failure to simply read the Notice, the Stipulation and/or the submissions in support of the Settlement and the Plan of Allocation, Mr. Behar performed some meaningless calculations that led him to make the absurd argument that under the Plan of Allocation, the "expected settlement distribution will be approximately $22,012,800" and that the Plan "would fail to distribute over $45,000,000 of the Settlement Fund," Behar Obj. at 8-9 (Dkt. No. 141), which Mr. Behar apparently imagined would simply vanish into thin air. In fact, as Plaintiffs' Counsel made clear, over $52 million would be distributed to Class members if the Court allowed Plaintiffs' Counsel full request for attorneys' fees and expenses. *See* Pls.' Response to Objections at 18-20 (Dkt. No. 150).

Then, building on his erroneous arguments about the total amount of the Settlement Fund that would be distributed to Class members, Mr. Behar argued that Plaintiffs' Counsel was seeking "a fee of approximately 120% of the expected settlement distribution." Behar Obj. at 9 (Dkt. No. 141). Mr. Behar's 120% calculation was, of course, based on his incorrect lopping off of $45 million of the Class recovery. Of course, the percentage requested was actually 33 1/3%, and the Class would receive the rest of the $79 million. Plaintiffs' Counsel demonstrated Mr. Behar's assumptions and calculations were completely wrong, rendering his objections meritless. *See* Pls.' Response to Objections at § III.D (Dkt. No. 150); Brower Decl. ¶¶16-17 (Dkt. No. 152); Hammerslough Decl. ¶¶37-38 (Dkt. No. 138, Ex. C); Hammerslough Suppl. Decl. ¶¶8-9 (Dkt. No. 151, Ex. M).

Impliedly acknowledging the flaws in his written objections, Mr. Behar abandoned them when he appeared before the Court on October 11, 2012. At the Fairness Hearing, he sought "to incorporate [the other objectors'] objections into our own," Tr. 34:14-18, even though most of those equally frivolous and unsupported objections were either withdrawn, made by objectors who failed to appear at the hearing, and/or made by objectors who lacked standing to proffer any

15

objections. Tr. at 15:23-24, 52:11-13, 76:1-3; *see also* Final Judgment at ¶¶7, 9, 11.[7] This shift, however, violated the terms of the Preliminary Approval Order, and the Notice, which required objectors to submit "written objections and copies of all papers and briefs any such Person wishes to submit in support of any such objection. . . no later than [September 10, 2012]." Dkt. No. 129 and Ex. A-1. By adopting arguments that were not part of his written objection, Mr. Behar flouted the Court's express order that: "Any Person who does not make his, her, or its objection in the manner provided in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, unless otherwise ordered by the Court."[8] *Id.* Additionally, by attempting to adopt the other objectors' arguments and making new arguments for the first time at the Fairness Hearing, Mr. Behar contemptuously sought to render the Court's objection procedures and September 10, 2012 objection deadline a nullity. *See In re WorldCom, Inc. Sec. Litig.*, 388 F. Supp. 2d 319, 341 (S.D.N.Y. 2005) ("To the extent that Berger objects to the Release imposed pursuant to the Citigroup  Settlement, her objection is untimely and has been waived."); *see also Milano v. Interstate Battery Sys. of Am.*, No. 10-CV-2125, 2012 U.S. Dist. LEXIS 93201, at *6 (N.D. Cal. July 5, 2012) (striking objection that "did not comply with the preliminary approval order entered by the Court"); *Californians for Disability Rights, Inc. v. Cal. DOT*, No. C 06-5125, 2010 U.S. Dist. LEXIS 62837, at *26 (N.D. Cal. June 2, 2010) ("Park's objection, filed on March 31, 2001, is untimely and need not be considered."); *Hill v. Merrill Gardens LLC*, No. 1:04-CV-248, 2005 U.S. Dist. LEXIS 38558, at *20 (N.D. Ind. Oct. 6,

---

[7] Indeed, Mr. Kuznicki and Mr. Andrews expressly disclaimed any association or involvement with each other's objections during the Fairness Hearing. *See* Trans. at 54:5-25.

[8] The Notice similarly stated "Only Settlement Class Members who have submitted written objections in this manner will be entitled to be heard at the Settlement Hearing, unless the Court orders otherwise." Notice at 13 (Dkt. No. 129, Ex. A-1).

2005) ("Because she did not present a written objection to the Court in a timely manner, she waived her opportunity to object."). Thus, while the Court generously permitted Mr. Kuznicki to make a wide range of (albeit factually and legally meritless) argument, Mr. Behar's only proper and timely objection were those mathematically erroneous arguments he raised in his written objection. Mr. Behar's blatant failure to comply with the Preliminary Approval Order (which also incorporated the Notice) simply confirmed that Mr. Behar recognized that his timely filed written objections that he abandoned lacked any merit.

Furthermore, by abandoning the basis of his written objection and, therefore, the basis for his objection to Plaintiffs' Counsel's fee request, Mr. Behar was left solely with his new argument, raised for the first time during the Fairness Hearing, that any request by successful class counsel for an award of attorneys' fees, *ipso facto*, creates a conflict of interest, *see* Trans. at 37 & 47, and that Plaintiffs' Counsel's fee request was, in his opinion, just too high. Mr. Behar's former argument at the Fairness Hearing is simply contrary to over a hundred years of unbroken federal court precedent holding that successful plaintiffs' counsel are entitled to recover reasonable attorneys' fees from a common fund that they have recovered on behalf of a class, *see, e.g., Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980) (and cases cited therein); *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 47 (2d Cir. 2000), and Mr. Behar's latter argument was "nothing more than a standard request for more compensation to the Class Members" that "failed to provide any new insights to the Court on this issue." *Parker v. Time Warner Entm't Co.*, L.P., 631 F. Supp. 2d 242, 279 (E.D.N.Y. 2009); *see also In re Currency Conversion Fee*, 263 F.R.D. at 132; ("As for fees, the objections were so general and repetitive that they were of no assistance to an area with which this Court is intimately familiar."); *In re Excess Value Ins. Coverage Litig.*, 598 F. Supp. 2d 380, 393 (S.D.N.Y. 2005) ("Fundamentally, the Court needed little or no assistance from the Objectors in determining that Class Counsel's

fee application should be . . . tailored to the actual benefit received by the Class."); *In re Anchor Sec. Litig.*, No. 88 Civ. 3024 (CPS), 1991 U.S. Dist. LEXIS 4573, 1991 WL 53651 (E.D.N.Y. Apr. 8, 1991) (denying fees to objectors' counsel because they "did not assist [the court] in framing the issues for the settlement . . . 'enhance' or 'improve' the recovery itself or its structure,' or 'affect[] the outcome as to fees").

Adding to the lack of *bona fides* to Behar's objections is the fact that this is not his first foray into objecting to a securities class action settlement or having his objections soundly overruled. *See In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 457 (S.D.N.Y. 2004) ("None of [Behar's] objections is substantial."). Indeed, courts have become increasingly concerned about a phenomenon in class action litigation referred to as objector "blackmail." Fitzpatrick, Brian T., "The End of Objector Blackmail?," 62 Vand. L. Rev. 1623 (Nov. 2009). Objector blackmail is often seen as something of a "tax" that class action lawyers must pay in order to settle class action litigation. As one commentator has stated, class action objectors are "the least popular parties in the history of civil procedure." *See also* Brunet, Edward, "Class Action Objectors: Extortionist Free Riders or Fairness Guarantors," 2003 U. Chi. Legal F. 403, 438-42 (providing a summary of several scholarly and judicial commentaries on objector "blackmail"). District court judges have also routinely complained of objectors, like Mr. Behar, "who seek out class actions to simply extract a fee by lodging generic, unhelpful protests" (*Shaw v. Toshiba Am. Info. Sys., Inc.*, 91 F. Supp. 2d 942, 973-74 & n.18 (E.D. Tex. 2000)), and who "maraud proposed settlements – not to assess their merits – but in order to extort the parties . . . into ransoming a settlement that could otherwise be undermined by a time-consuming appeals process." *Snell v. Allianz Life Ins. Co.*, No. 97-2784 (RLE), 2000 U.S. Dist. LEXIS 13611, at *31 (D. Minn. Sept. 8, 2000); *see also, e.g.*, *Varacallo v. Mass. Mut. Life Ins. Co.*, 226 F.R.D. 207, 240 (D.N.J. 2005) (noting that "federal courts are increasingly weary of professional

objectors" (citing *O'Keefe v. Mercedes-Benz USA, LLC*, 214 F.R.D. 266, 295 n.26 (E.D. Pa. 2003))); *In re Holocaust Victim Assets Litig.*, 311 F. Supp. 2d 363, 365 (E.D.N.Y. 2004) (characterizing notice of appeal as "an unsuccessful attempt to extort a significant cash award from the settlement fund"); *In re Compact Disc Minimum Advertised Price Antitrust Litig.*, 216 F.R.D. 197, 218 n.52 (D. Me. 2003) (complaining of "professional objectors" in class action litigation); *O'Keefe*, 214 F.R.D. at 295 n.26 (noting that "some of the objections were obviously canned objections filed by professional objectors who seek out class actions to simply extract a fee by lodging generic, unhelpful protests" (quoting *Shaw*, 91 F. Supp. 2d at 973)).

Unfortunately for Mr. Behar (and his colleagues at Leon I. Behar P.C.), the law does not reward the type of conduct he and his employees have engaged in here. Rather, an "award is not warranted where, as here, the Objection contained arguments counterproductive to the resolution of the litigation." *In re AOL Time Warner ERISA Litig.*, No. 02 Cv. 8853, 2007 U.S. Dist. LEXIS 99769, at *10 (S.D.N.Y. Nov. 28, 2007).

An objector needs to do more than throw as much mud as s/he can against the wall in hopes of something sticking to be credited with a benefit to the Class. Otherwise, for instance, in every class action, all an objector would have to do is complain that plaintiff's counsel is requesting too much in attorneys' fees, and if the court reduces counsel's fee request, the objector's counsel will be entitled to a payment even though the Court had no need for the objection to reach its decision or it added nothing to the mix of information already before the Court. *See, e.g., In re Currency Conversion Fee*, 263 F.R.D. at 132; *In re Excess Value Ins. Coverage*, 598 F. Supp. 2d 380 at 393; *In re Prudential Sec. Ltd. P'shps.*, 911 F. Supp. at 141. Here, Mr. Behar's legally and factually meritless arguments played no role in transforming the Fairness Hearing into an adversarial proceeding; far from clarifying the terms of the Settlement, Behar's written objection was "motivated entirely by self-interest and of no utility to the Class,"

*In re Currency Conversion Fee*, 263 F.R.D. at 132; actually obfuscated and confused the issues; and his factually false, unfounded and unsupported objections did nothing more than waste the time of the Court and the parties.

### D.    The Amount of Mr. Behar's Request is Completely Unreasonable

Even if the Behar Fee Motion were timely, even if Mr. Behar were not a *pro se* objector, and even assuming *arguendo* he had provided the requisite substantial benefit to the Class, the amount of his fee request is scandalous and would ***still*** warrant its denial. It is well established that, as the "party seeking fees," Mr. Behar bears "the burden of establishing entitlement to an award." *Savoie v. Merchants Bank*, 166 F.3d 456, 463 (2d Cir. 1999) (internal quotation omitted)). As the Supreme Court has said, "where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Here, Mr. Behar requests not only his astronomical lodestar of $24,325.00, but also a risk multiplier of 2, bringing his total fee request to $48,650.00. But both the requested lodestar and fee multiplier are completely unreasonable.

Further, upon even a cursory examination of the time records submitted, Mr. Behar's firm's alleged lodestar is highly suspect. Mr. Kuznicki claims, for example, that he spent 2.5 hours "[r]eview[ing] Defendants Deposition Transcripts." Kuznicki Decl., Ex. A. Yet Defendants' deposition transcripts in this Action were all designated confidential pursuant to a Court-ordered Protective Order,[9] were never requested by Mr. Behar, and were not provided to him by Plaintiffs, Defendants or their respective counsel. Thus, it was not possible for Mr. Kuznicki to have reviewed those transcripts at all. Additionally, Mr. Kuznicki billed 8.1 hours following the Fairness Hearing even though the Court had already rejected Mr. Behar's

---

[9] Indeed, objector Chris Andrews specifically identified the confidentiality of these deposition transcripts in his own objection to the Settlement. *See* Andrews Obj., attached as Ex. 3 to Notice of Timely Filed Objections (Dkt. No. 144).

objections as well as his request to "make an additional submission" as untimely.  Tr. at 75:5-12.
It is far more likely this time was spent researching, preparing, and filing the instant Behar Fee
Motion. Mr. Kuznicki also claims he spent 1.8 hours reviewing "Ventris Motion and Supporting
Docs." Kuznicki Decl., Ex. A. But since Mr. Behar did not timely submit anything in response to
the very brief Ventris motion, Dkt. No. 155, this time too was likely spent studying the Ventris
Motion as a form for the Behar Fee Motion. It is well established in this Circuit, however, that
litigants in common fund cases like this one cannot claim compensation for time spent preparing
and litigating their applications for attorneys' fees. *E.g., Peter Fabrics, Inc. v. S.S. "Hermes"*,
765 F.2d 306, 316 n.5 (2d Cir. 1985) ("[C]ourts have refused to award fees for services in
connection with the fee application" in common fund cases "on the theory that the attorney's
services benefitted the plaintiff class while services performed in connection with the fee
application confer no such benefit."); *Detroit v. Grinnell Corp.*, 560 F.2d 1093, 1103 (2d Cir.
1977) (same).[10]

If the aforementioned improper time (*i.e.*, 12.4 hours) and the time spent attending the
fairness hearing (*i.e.* 3.5 hours) are subtracted from his total time (*i.e.*, 69.5 hours), the Leon I.
Behar P.C. firm's alleged lodestar drops to $18,760 (*i.e.*, 53.6 hours @ $350/hours). When these
remaining hours are divided by the entire ten pages of Behar's written objection (which,
incidentally, contained no legal citations), the Behar Fee Motion seeks $1,876 per page for
fourth-year associate Mr. Kuznicki's time. Given that written work product lacked any accurate
or cognizable arguments, the amount sought in the Behar Fee Motion is truly unconscionable.

---

[10] The rule against awarding attorney's fees for time spent preparing fee applications in common
fund cases such as this one is in contrast to the rule in statutory fee-shifting cases where such
awards are allowed under the theory it encourages "attorneys to represent indigent clients and to
act as private attorneys general in vindicating congressional policies, often in a situation where a
lawyer's application to a court is the only available method for obtaining payment." *Peter
Fabrics, Inc. v. S.S. "Hermes"*, 765 F.2d at 316 (citation and quotation omitted).

Further, nothing in the record suggests that Mr. Kuznicki's time can be reasonably or plausibly tied to a tangible benefit to the Class and, therefore, even if it was compensable (which due to Mr. Behar's *pro se* status, it is not), it must be reduced to only those hours spent on arguments or research that the Court concludes actually contributed to a benefit to the Class. *See, e.g.*, *Wininger,* 301 F.3d at 1119, 1125-26; *Veritas Software Corp.,* 2006 U.S. Dist. LEXIS 10116, at *16-*17. Unfortunately, the Behar Fee Motion fails to provide breakdowns sufficient to determine what part of Mr. Kuznicki's time was spent on his unsuccessful arguments, which he cannot be paid for, and what part was spent on arguments, *if any*, that he claims benefited the Class. Therefore, the Behar Fee Motion also fails to provide the necessary information for the Court to make the fee decision with respect to his compensable time, *if any*, relating to Mr. Behar's objection. *See, e.g., Wininger*, 301 F.3d at 1126 (affirming district court's refusal to award objectors' counsel fees for unsuccessful arguments and remanding for greater detail regarding the number of hours spent by objector's counsel because "[i]f anything, the district court should have reduced the number of hours further" as "the burden to submit detailed records justifying hours reasonably expended falls upon the claiming attorneys" and "[t]he district court should have required greater specificity or reduced the hours further by those the firm had not proved to have been reasonably expended."). Accordingly, the Court should not award any fees due to the Behar Fee Motion's failure to support its request with the required detail.

Finally, aside from Mr. Kuznicki's time for the work he purportedly performed for Mr. Behar being facially exorbitant, insufficiently documented, and improperly unallocated, Mr. Behar's request for a two-times multiplier on that time is, if possible, even more unreasonable.[11]

---

[11] Mr. Behar's requested multiplier of 2 is particularly unreasonable given that Plaintiffs' Counsel requested a multiplier of 1.6 and received a multiplier of approximately 1.33 for actually recovering $79 million for the Class. *See Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 816 (N.D. Oh. 2010) ("It would be unfair to apply a 2.2 multiplier to Objector Greenberg's

22

Mr. Behar cites no cases in which such an enhancement was awarded to an objector. Indeed, courts in and out of this District routinely reject such requests as unreasonable. *See, e.g.*, *In re AOL Time Warner*, 2007 U.S. Dist. LEXIS 99769, at *11 n.4 (finding the objector had "failed to demonstrate," *inter alia*, "that a multiplier is warranted"); *In re UnitedHealth Group*, 643 F. Supp. 2d at 1109 (rejecting objector's request for a multiplier of 2.5 because it is "preposterous that any legitimate lawyer would charge $74,500 to prepare an eight-page submission, and submit it tardy to boot"); *Lonardo v. Travelers Indem.* Co., 706 F. Supp. 2d 766, 816 (N.D. Oh. 2010) ("[A] multiplier [of 2.2] is not necessary or appropriate given Objector Greenberg and Mr. Frank's very limited role in this litigation. . . ."). Here, Behar offers no justification for a multiplier beyond his vague assertion that an enhancement is justified in "light of the substantial benefit afforded the class by virtue of the Behar Objection, the inherent uncertainty of compensation in this matter, and the desirability of objections that serve the class." Behar Mem. at 7. Such a generic and conclusory statement is plainly insufficient. *See In re Bolar Pharm. Co., Inc. Sec. Litig.*, 966 F.2d 731, 732 (2d Cir. 1992) (remanding case when district court "made no findings and gave no rationale at all as to why a . . . multiplier was used").

---

lodestar based on a strained *Ramey* [the Sixth Circuit's version of the *Grinnell*] factor analysis when the Court has already applied only a 1.3 multiplier to Class Counsel's decidedly strong *Ramey* factor analysis.").

## V. CONCLUSION

For all of the reasons set forth above, Plaintiffs respectfully request that the Court deny the Behar Fee Motion in its entirety.

Dated: December 5, 2012

**BROWER PIVEN**
**A PROFESSIONAL CORPORATION**

*/s/ David A.P. Brower*
David A.P. Brower
Brian C. Kerr
475 Park Avenue South, 33d Floor
New York, NY 10016
T: (212) 501-9000
F: (212) 501-0300

*Lead Counsel for Plaintiffs*

**LEVI & KORSINSKY, LLP**
Eduard Korsinsky
Shannon L. Hopkins
30 Broad Street, 15th Floor
New York, NY 10004
T: (212) 363-7500
F: (212) 363-7171

*Co-Lead Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2012, I served true and correct copies of the foregoing Plaintiffs' Memorandum of Law in Opposition to the Motion for an Award of Attorneys' Fees and Reimbursement of Expenses to Counsel for Objector Leon I. Behar by causing copies to be sent as follows:

By the ECF System and By Electronic Mail

Dennis Glazer
Amelia T.R. Starr
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017

*Attorneys for Defendants*

By Electronic and Regular Mail

Objector Paul Liles
1304 Wakefield Lane
Birmingham, AL 35243

Objector Leon I. Behar
347 Fifth Avenue, Suite 1506
New York, NY 10016

Objector Chris Andrews
23610 Hazen Road
Southfield, MI 48033-2507

Brian Felgoise, Esq.
Felgoise Law Firm
The Pavilion, Suite 518
261 Old York Road, PO Box 706
Jenkintown, PA 19046

*Counsel for Objector Eldon R. Ventris*

*/s/ David A. P. Brower*
David A.P. Brower