UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LARRY FREUDENBERG, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>-against-<br><br>E*TRADE FINANCIAL CORPORATION, MITCHELL H. CAPLAN, ROBERT J. SIMMONS and DENNIS E. WEBB<br><br>　　　　　　　　　　Defendants. | Civil Action No.<br><br>07 Civ. 8538 (JPO) (MHD) |



JAN 0 3 2013

## [~~PROPOSED~~] ORDER PURSUANT TO FED. R. CIV. P. 23(e)(5)

**WHEREAS**, on September 10, 2012, Leon I. Behar ("Behar") filed the "Objection of Leon I. Behar to Motions for Final Approval of the Proposed Settlement and Attorneys' Fees and Request to Attend Settlement Hearing and Address the Court" in the above-captioned action (the "Action") (Dkt. No. 141);

**WHEREAS**, Paul Liles ("Liles") filed the "Objections to the Proposed Settlement and Proof of Membership in the Class," dated September 10, 2012, in the Action (Dkt. No. 143), and the "Objector Paul Liles's Supplemental Objections to the Proposed Settlement," dated October 8, 2012, in the Action (Dkt. No. 156);

**WHEREAS**, this Court overruled the Behar and Liles objections in its Final Judgment and Order of Dismissal in the Action ("Final Judgment"), dated October 22, 2012 (Dkt. No. 154);

**WHEREAS**, Behar filed a Notice of Appeal, dated November 15, 2012, in the United States Court of Appeals for the Second Circuit ("Second Circuit"), Second Circuit Dkt. No. 12-4636) (Dkt. No. 163);

1

**WHEREAS**, Liles filed a Notice of Appeal, dated November 20, 2012 (Dkt. No. 176), which has not yet been docketed by the Second Circuit;

**WHEREAS**, Plaintiffs and Plaintiffs' Counsel in the Action, on the one hand, and Liles and Behar, on the other hand, have reached an agreement for the resolution of the appeals pending before the Second Circuit, and all other matters or disputes between the parties ("Agreement").

**NOW, THEREFORE**, the Court, pursuant to Fed. R. Civ. P. 23(e)(5), hereby **ORDERS** that:

1. Objector-Appellant Paul Liles will, to the extent he has not done so before entry of this Order, dismiss his appeal, with prejudice, by executing and delivering to Plaintiffs' Counsel stipulations and/or agreements in the forms required by Fed. R. App. P. 42(a) and (b) ("Liles Stipulations"), which Objector-Appellant Liles understands Plaintiffs' Counsel will file, as appropriate, with this Court and/or the Second Circuit;

2. Upon delivery of the Liles Stipulations signed by Objector-Appellant Paul Liles to Plaintiffs' Counsel, Liles waives the right to withdraw the dismissal of his appeal for any reason and waives the right to take any appeal of any ruling by this Court in the Action;

3. Plaintiffs' Counsel shall pay, and shall deliver a check, no later than three (3) business days after the dismissal with prejudice by the applicable court(s) of both of the appeals filed by Objector-Appellant Leon I. Behar and Objector-Appellant Paul Liles in the Action, payable to the order of the Firm of Leon I. Behar, P.C. in the total sum of $65,000.00 for both fees and expenses in the Action to be paid from Plaintiffs' Counsel's prior award of attorneys' fees from this Court, and upon payment of such fees and/or expenses to Leon I. Behar, P.C., Objector-Appellant Leon I. Behar, Leon I. Behar P.C., and Objector-Appellant Paul Liles shall

be deemed to release any further claim(s) for fees or expenses in connection with the Action;

4.  Objector-Appellant Leon I. Behar will, no later than one (1) business day after entry of this Order, sign and file or sign and assist in the filing with the Second Circuit a stipulation or any other necessary papers to effectuate the dismissal with prejudice of his appeal in the Action under Fed. R. App. P. 42(b) or any other applicable law, rule or regulation required to effectuate the dismissal with prejudice of his appeal in the Action ("Behar Stipulation"); and

5.  Upon delivery of a copy of the Behar Stipulation signed by Objector-Appellant Leon I. Behar to Plaintiffs' Counsel, Objector-Appellant Leon I. Behar waives the right to withdraw the dismissal of his appeal for any reason and waives the right to take any appeal of any ruling by this Court in the Action.

Without affecting the finality of this Order in any way, and as set forth in the Final Judgment, this Court hereby reserves and retains continuing jurisdiction over: (a) implementation and enforcement of any award or distribution from the Settlement Fund or Net Settlement Fund; (b) disposition of the Settlement Fund or Net Settlement Fund; (c) determining supplemental applications for payment of attorneys' fees and/or expenses incurred by Plaintiffs' Counsel in connection with preserving, administering, and distributing the Net Settlement Fund; (d) payment of taxes by the Settlement Fund; (e) all parties hereto for the purpose of construing, enforcing, and administering the Stipulation and the Agreement between Plaintiffs' Counsel and the Objector-Appellants; and (f) any other matters related to finalizing the Settlement and distribution of the proceeds of the Settlement.

Dated: January 2, 2013

                                            HONORABLE J. PAUL OETKEN
                                            UNITED STATES DISTRICT JUDGE