UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LARRY FREUDENBERG, Individually and
On Behalf of All Others Similarly Situated,

                Plaintiff,

         - against -

E*TRADE FINANCIAL CORPORATION,
MITCHELL H. CAPLAN, ROBERT J.
SIMMONS and DENNIS E. WEBB,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Civil Action No.

07 Civ. 8538 (JPO) (MHD)

MAR 1 9 2015

**ELECTRONICALLY FILED**

## ORDER DIRECTING DISTRIBUTION OF CLASS SETTLEMENT FUND

**WHEREAS**, on October 22, 2012, this Court entered the Final Judgment and Order of Dismissal approving the terms of the Stipulation of Settlement, dated May 17, 2012 (the "Stipulation") and the Plan of Allocation; and

**WHEREAS**, this Court has directed the parties to consummate the terms of the Stipulation and the Plan of Allocation; and

**WHEREAS**, this Court has retained jurisdiction of this Action for the purpose of considering any further application or matter which may arise in connection with the administration and execution of the Settlement and the processing of Proofs of Claim and the distribution of the Net Settlement Fund to the Authorized Claimants.

**NOW, THEREFORE**, upon reading and filing the Affidavit of Stephen J. Cirami In Support of Motion for Distribution of Class Settlement Fund ("Cirami Affidavit"), dated December 31, 2014 of The Garden City Group, Inc. ("GCG"), the Claims Administrator, the Declaration of Brian C. Kerr, dated January 29, 2015, the memorandum of law, and upon all

prior proceedings heretofore had herein and after due deliberation, it is hereby

**ORDERED**, that the administrative determinations of the Claims Administrator accepting the claims as indicated on the computer printout of timely and accepted claims submitted with and identified in Exhibit A attached hereto (which was attached as Exhibit C-1 to the Cirami Affidavit), be and the same hereby are approved, and said claims are hereby accepted;

**ORDERED**, that the administrative determinations of the Claims Administrator accepting the claims as indicated on the computer printout of late (submitted after October 31, 2012 but before December 30, 2014), but accepted claims submitted with and identified in Exhibit B attached hereto (which was attached as Exhibit C-2 to the Cirami Affidavit), be and the same hereby are approved, and said claims are hereby accepted;

**ORDERED**, that the administrative determinations of the Claims Administrator rejecting the claims as indicated on the computer printout of rejected claims submitted with and identified in Exhibit C attached hereto (which was attached as Exhibit C-3 to the Cirami Affidavit) are hereby approved, and said claims are hereby rejected; and it is further

**ORDERED**, that GCG be paid the sum of $1,031,580.68 from the Settlement Fund for its fees and the balance of its expenses incurred and to be incurred in connection with services performed and to be performed with respect to the administration of the Settlement Fund; and it is further

**ORDERED**, that the Settlement Fund after deducting the payments previously allowed and set forth herein (the "Net Settlement Fund") shall be distributed to the eligible claimants whose claims are listed on the computer printout submitted as Exhibits A and B, which are attached hereto (which were attached as Exhibits C-1 and C-2 to the Cirami Affidavit) in proportion to the Recognized Claim allocable to each such eligible claimant; and it is further

**ORDERED** that Lead Counsel shall receive $47,717.50 as an additional award of attorneys' fees for administrating the Settlement Fund; and it is further

**ORDERED**, that the payments to be distributed to the accepted claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT CASHED WITHIN [90] DAYS AFTER ISSUE." Lead Counsel and the Claims Administrator are authorized to take appropriate action to locate and or contact any eligible claimant who has not cashed his, her or its distribution within said time; and it is further

**ORDERED**, that the costs of such services to locate and reissue payments to such claimants shall be payable from the unclaimed/uncashed monies remaining in the Net Settlement Fund; and it is further

**ORDERED**, that, as provided in the Plan of Allocation previously approved by the Court, if any funds remain in the Net Settlement Fund by reason of uncashed distributions or otherwise, then after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund one (1) year after the initial distribution of such funds may, if practicable, be redistributed to Settlement Class Members who have cashed their initial distribution of such fund and who would receive at least $10.00 from such re-distribution, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such re-distribution. If after six (6) months after such re-distribution, or one year after initial distribution if there is no re-distribution, any funds shall remain in the Net Settlement Fund, then such balance shall be contributed to non-sectarian, not-for-profit, 501(c)(3) organizations serving the public interest designated by Lead Counsel and approved by the Court; and it is further

3

**ORDERED**, that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund are released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they are to receive payment from the Net Settlement Fund are barred from making any further claim against the Net Settlement Fund or the released persons beyond the amount allocated to them pursuant to this Order, and it is further

**ORDERED**, that the Claims Administrator is hereby authorized to discard paper or hard copies of the Proof of Claim forms and supporting documents not less than one year after the initial distribution of the Net Settlement Fund to the eligible claimants and electronic or magnetic media data not less than three years after the initial distribution of the Net Settlement Fund to the eligible claimants; and it is further

**ORDERED**, that this Court retain jurisdiction over any further application or matter which may arise in connection with this action; and it is further

**ORDERED**, that no claim submitted on or after December 30, 2014 may be accepted for any reason whatsoever.

Dated: March 19, 2015

**SO ORDERED:**

_____
The Honorable J. Paul Oetken
United States District Judge